**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARCELINO ANDRADE, BERENICE JACINTO, AMERICA GARCIA, ORALIA PALACIOS, MIGUEL RUBIO, ISMAEL ANDRADE, JOSE HERNANDEZ, LUCIA PORTILLO, RENE CORDOBA, and FRANCISCO MEDINA, on behalf of themselves and all other persons similarly situated, known and unknown, )))))))))) | Case No. `FILED: AUGUST 27, 2008` `08CV4912` Hon. `JUDGE MANNING` `MAGISTRATE JUDGE DENLOW` `AO` |

MARCELINO ANDRADE, BERENICE
JACINTO, AMERICA GARCIA, ORALIA
PALACIOS, MIGUEL RUBIO, ISMAEL
ANDRADE, JOSE HERNANDEZ, LUCIA
PORTILLO, RENE CORDOBA, and
FRANCISCO MEDINA, on behalf of
themselves and all other persons similarly
situated, known and unknown,

                Plaintiffs,

    v.

IDEAL STAFFING SOLUTIONS, INC., UAL,
INC., ALITALIA AIRLINES, SINGAPORE
AIRLINES, GATE GOURMET, INC., AIR
MENZIES INTERNATIONAL (USA), INC.,
SWISSPORT CARGO SERVICES, INC.,
APEX PLASTIC FINISHING COMPANY, JD
NORMAN INDUSTRIES, INC. and DIEGO
DEASTIS, individually,

                Defendants.

Case No. `FILED: AUGUST 27, 2008`
           `08CV4912`
Hon.   `JUDGE MANNING`
       `MAGISTRATE JUDGE DENLOW`

       `AO`

## DEFENDANT UAL, INC.'S NOTICE OF REMOVAL

    Defendant UAL, Inc., by its attorneys and pursuant to 28 U.S.C. §§ 1441(a), (b), (c) and

1446, hereby removes this action from the Circuit Court of Cook County, Illinois to the United

States District Court for the Northern District of Illinois, Eastern Division.  This action may be

removed because this Court has original jurisdiction over the Complaint pursuant to 28 U.S.C.

§§ 1331 and 1367(a).  In support of removal, UAL, Inc. states as follows:

### PROCEDURAL REQUIREMENTS

    1.      On July 17, 2008, Plaintiffs Marcelino Andrade, Berenice Jacinto, America

Garcia, Oralia Palacios, Miguel Rubio, Ismael Andrade, Jose Hernandez, Lucia Portillo, Rene

Cordoba, and Francisco Medina ("Plaintiffs") filed a complaint against Defendants Ideal Staffing

Solutions, Inc., UAL, Inc., Alitalia Airlines, Singapore Airlines, Gate Gourmet, Inc., Air Menzies International (USA), Inc., Swissport Cargo Services, Inc., Apex Plastic Finishing Company, JD Norman Industries, Inc. and Diego Deastis ("Defendants") in the Circuit Court of Cook County, Illinois (the "Complaint").

2.      Plaintiffs allege, on behalf of themselves and others similarly situated, that they are low-wage workers who were hired by a temporary staffing agency to work at eight different client companies located at or near O'Hare International Airport.  (Compl. ¶ 1).  Plaintiffs allege that they were not paid for overtime and other earned wages.  (Compl. ¶ 1).

3.      Plaintiffs' Complaint asserts that the Defendants violated the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 15/1 *et seq.* ("IWPCA"), the Illinois Day and Temporary Labor Services Act, 820 ILCS 115/1 *et seq.* ("IDTLSA"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  Plaintiffs' Complaint asserts eleven causes of action: failure to pay overtime wages in violation of the IMWL (Count I), failure to pay overtime wages in violation of the IDTLSA Count II), failure to pay state-mandated minimum wages in violation of the IMWL (Count III), failure to pay state-mandated minimum wages in violation of the IDTLSA (Count IV), failure to pay wages for all time worked in violation of the IWPCA (Count V), failure to pay wages for all time worked in violation of the IDTLSA (Count VI), failure to pay wages in violation of the IDTLSA (Count VII), failure to provide Employment Notices in violation of the IDTLSA (Count VIII), failure to provide Wage Payment and Notices in violation of the IDTLSA (Count IX), failure to pay minimum wages in violation of the FLSA (Count X), and failure to pay overtime wages in violation of the FLSA (Count XI).

4.    On July 31, 2008, Defendant Gate Gourmet, Inc. was served with the Summons and Complaint.  Copies of the Summons and Complaint, which constitute all process, pleadings and orders served upon Defendant Gate Gourmet, Inc., are attached hereto as Exhibit A.

5.    On August 4, 2008, Defendant UAL, Inc. was served with the Summons and Complaint.    Copies of the Summons and Complaint, which constitute all process, pleadings and orders served upon Defendant UAL, Inc., are attached hereto as Exhibit B.

6.    The docket of the Circuit Court of Cook County for case number 2008-CH-25610 does not show that any other defendants have been served with Summons and Complaint, and UAL, Inc. is not aware of service of the Summons and Complaint on any other named defendants.

7.    Other defendants have received copies of the Summons and Complaint.  It is unclear whether these defendants have been properly served with the Summons and Complaint.

8.    On July 28, 2008, Defendant Apex Plastic Finishing Company received copies of the Summons and Complaint.  Copies of the Summons and Complaint, which constitute all process, pleadings and orders received by Defendant Apex Plastic Finishing Company, are attached hereto as Exhibit C.

9.    On July 29, 2008, Defendant JD Norman Industries, Inc. received copies of the Summons and Complaint.  Copies of the Summons and Complaint, which constitute all process, pleadings and orders received by Defendant JD Norman Industries, Inc., are attached hereto as Exhibit D.

10.    On July 29, 2008, Defendant Aeroground Inc. d/b/a Menzies Aviation improperly named as Air Menzies received copies of the Summons and Complaint.  Copies of the Summons

and Complaint, which constitute all documents received by Defendant Aeroground Inc. d/b/a Menzies Aviation improperly named as Air Menzies, are attached hereto as Exhibit E.

11.    On August 6, 2008, Defendant Swissport Cargo Services, Inc. received copies of the Summons and Complaint.  Copies of the Summons and Complaint, which constitute all process, pleadings and orders received by Defendant Swissport Cargo Services, Inc., are attached hereto as Exhibit F.

12.    On August 26, 2008, Defendant Alitalia Airlines, Inc. received, from counsel for a co-defendant in this case, a copy of the Complaint.

13.    All defendants who have been served in this case have, by signature of their counsel on this Notice of Removal, consented to removal.

14.    Although the consent of defendants who have not been properly served is not required, all defendants who have received copies of the Summons and Complaint have also, by signature of their counsel on this Notice of Removal, consented to removal.

15.    UAL, Inc.'s Notice of Removal is timely pursuant to 28 U.S.C. § 1446, because it is filed within 30 days of the date on which UAL, Inc. was served and/or the date on which any Defendant was served with the Summons and Complaint.

16.    Written notice of the filing of this Notice of Removal and supporting papers have been given to Plaintiffs and copies of these papers have been served on Plaintiffs and filed with the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

17.    Venue is proper in this District under 28 U.S.C. § 1391.

**STATUTORY GROUNDS FOR REMOVAL**

18.    The federal removal statute provides:

(a)    Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

> defendants, to the district court of the United States for the district and
> division embracing the place where such action is pending. . . .
>
> (b)    Any civil action of which the district courts have original jurisdiction
> founded on the claim or right arising under the Constitution, treaties, or
> laws of the United States shall be removable without regard to the
> citizenship or residence of the parties . . .

28 U.S.C. § 1441(a) & (b).

19.    Federal district courts have "original jurisdiction" for all civil actions "arising

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Likewise, the

FLSA provides that "[a]n action to recover the liability prescribed in [the FLSA] may be

maintained against any employer (including a public agency) in any Federal or State court of

competent jurisdiction by any one or more employees . . ." 29 U.S.C. § 216(b).

20.    Thus, UAL, Inc. may remove this action pursuant to 28 U.S.C. § 1441(b) because

Plaintiffs' Counts X and XI explicitly arise under the FLSA.

21.    The state law claims asserted in the Complaint are integrally related to Plaintiffs'

federal claims and thus form a part of the same case or controversy.   Accordingly, this Court has

supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a).

22.    Accordingly, original federal question jurisdiction is vested in this Court with

respect to Plaintiff's entire Complaint by 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

## CONCLUSION

WHEREFORE, Defendant UAL, Inc. respectfully requests that Plaintiffs' claims be removed to federal court pursuant to 28 U.S.C. §§ 1331 and 1367(a).

Respectfully submitted,

Dated: August 27, 2008

_____

Sari M. Alamuddin
Alison B. Willard
Ticole T. Miller
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois 60601
(312) 324-1000

*Attorneys for Defendant UAL, Inc.*

6

Dated: August 27, 2008

Consented to by,

_____
Dennis P.W. Johnson
Uma Chandrasekaran
Pugh, Jones, Johnson & Quandt, P.C.
180 N. Lasalle Street
34th Floor
Chicago, IL  60601
Phone - 312-768-7884
Fax - 312-768-7801

Pamela J. Moore*
Rob Gallo*
McCarter & English, LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103
(860) 275-6722 - Direct Dial
(860) 724-3397 - Fax
*Pro hac vice motions to be filed.

*Attorneys for Defendant Gate Gourmet, Inc.*

Consented to by,

Dated: August 27, 2008

_____
Hugh McBreen
McBreen & Kopko
20 North Wacker Drive
Chicago, Illinois 60606
Phone: (312) 332-6405
Fax: (312) 332-2657

*Attorneys for Defendant Aeroground Inc. d/b/a Menzies Aviation improperly named as Air Menzies*

7

Consented to by,

Dated: August 27, 2008

_____

Dennis P.W. Johnson
Uma Chandrasekaran
Pugh, Jones, Johnson & Quandt, P.C.
180 N. Lasalle Street
34th Floor
Chicago, IL  60601
Phone - 312-768-7884
Fax - 312-768-7801

Pamela J. Moore*
Rob Gallo*
McCarter & English, LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103
(860) 275-6722 - Direct Dial
(860) 724-3397 - Fax
*_Pro hac vice_ motions to be filed.

_Attorneys for Defendant Gate Gourmet, Inc._

Consented to by,

Dated: August 27, 2008

_____
Hugh McBreen
McBreen & Kopko
20 North Wacker Drive
Chicago, Illinois 60606
Phone: (312) 332-6405
Fax: (312) 332-2657

_Attorneys for Defendant Aeroground Inc. d/b/a_
_Menzies Aviation improperly named as Air_
_Menzies_

7

Consented to by,

Dated: August 27, 2008

James A. McKenna
Jackson Lewis
320 West Ohio Street
Suite 500
Chicago, Illinois 60654
Phone: (312) 787-4949
Fax:  (312) 787-4995

*Attorneys for Defendant Swissport Cargo
Services, Inc.*

Consented to by,

Dated: August 27, 2008

John J. Skawski
Acosta & Skawsi, P.C.
400 S. County Farm Road
Suite 310
Wheaton, Illinois 60187
Phone: (630) 871-6161
Fax: (630) 871-0084

*Attorneys for Defendant Apex Plastic Finishing
Company*

8

Consented to by,

Dated:  August 27, 2008

_____

John J. Skawski
Acosta & Skawsi, P.C.
400 S. County Farm Road
Suite 310
Wheaton, Illinois 60187
Phone: (630) 871-6161
Fax: (630) 871-0084

*Attorneys for Defendant Apex Plastic Finishing
Company*

Consented to by,

Dated:  August 27, 2008

_____

Lauren Blair
Pedersen & Houpt
161 North Clark Street
Suite 3100
Chicago, Illinois 60601
Phone:  (312) 261-2233
Fax:  (312) 261-1233

*Attorneys for Defendant JD Norman
Industries, Inc.*

Consented to by,

Dated: August 27, 2008

_Lauren Blair_

Lauren Blair
Pedersen & Houpt
161 North Clark Street
Suite 3100
Chicago, Illinois 60601
Phone: (312) 261-2233
Fax: (312) 261-1233

*Attorneys for Defendant JD Norman
Industries, Inc.*

9

Consented to by,

Dated: August 27, 2008

*Eugene Massamillo* (RJG)

Eugene Massamillo
Kaplan, von Ohlen & Massamillo, LLC
555 5th Avenue, 15th Floor
New York, New York 10017
Phone:  (212) 991-5915
Fax: 212 922-0530

*Attorneys for Defendant Alitalia Airlines*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she served a true and correct copy of

the foregoing Defendant UAL, Inc.'s Notice of Removal on the following counsel for the

indicated parties, via federal express on this 27th day of August, 2008:

John E. Untereker
Christopher J. Williams
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, Illinois 60602
*Attorneys for Plaintiffs*

Dennis P.W. Johnson
Uma Chandrasekaran
Pugh, Jones, Johnson & Quandt, P.C.
180 N. Lasalle Street
34th Floor
Chicago, IL  60601
Phone - 312-768-7884
Fax - 312-768-7801

Pamela J. Moore
Rob Gallo
McCarter & English, LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103
Phone:  (860) 275-6700
Fax:  (860) 724-3397
*Attorneys for Defendant Gate Gourmet, Inc.*

Hugh McBreen
McBreen & Kopko
20 North Wacker Drive
Chicago, Illinois 60606
Phone: (312) 332-6405
Fax: (312) 332-2657
*Attorneys for Defendant Aeroground Inc. d/b/a Menzies
Aviation improperly named as Air Menzies*

James A. McKenna
Jackson Lewis
320 West Ohio Street
Suite 500
Chicago, Illinois 60654

Phone: (312) 787-4949
Fax:  (312) 787-4995
*Attorneys for Defendant Swissport Cargo Services, Inc.*

John J. Skawski
Acosta & Skawsi, P.C.
400 S. County Farm Road
Suite 310
Wheaton, Illinois 60187
Phone: (630) 871-6161
Fax: (630) 871-0084
*Attorneys for Defendant Apex Plastic Finishing Company*

Lauren Blair
Pedersen & Houpt
161 North Clark Street
Suite 3100
Chicago, Illinois 60601
Phone:  (312) 261-2233
Fax:  (312) 261-1233
*Attorneys for Defendant JD Norman Industries, Inc.*

Eugene Massamillo
Kaplan, von Ohlen & Massamillo, LLC
555 5th Avenue, 15th Floor
New York, New York 10017
Phone:  (212) 991-5915
Fax 212 922-0530
*Attorneys for Defendant Alitalia Airlines*

By:     _____

Alison B. Willard

DB1/62077690.1

12

JUDGE MANNING

MAGISTRATE JUDGE DENLOW

# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
07/31/2008
CT Log Number 513696021

TO:      Kevin Forjette, Attorney
         Gate Gourmet, Inc.
         11710 Plaza America Drive, Suite 800
         Reston, VA 20190

RE:      **Process Served in Illinois**

FOR:     Gate Gourmet, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marcelino Andrade, et al., on behalf of themselves and all other persons similarly situated, etc., Pltfs. vs. Ideal Staffing Solutions, Inc., et al. including Gate Gourmet, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Complaint, Exhibits |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL Case # 08CH25610 |
| **NATURE OF ACTION:** | Employee Litigation - Violations of Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act and the Illinois Day and Temporary Labor Services Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/31/2008 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | John E. Untereker Working Hands Legal Clinic 77 W. Washington St. Suite 1402 Chicago, IL 60602 312-795-9115 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/31/2008, Expected Purge Date: 08/05/2008 Image SOP - Page(s): 47 Email Notification, Teresa Rawson trawson@gategourmet.com Email Notification, Kevin Forjette kforjette@gategourmet.com Email Notification, Kim Browning kbrowning@gategourmet.com Email Notification, Ferhana Ali FAli@gategourmet.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / TL

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (                    ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, <u>Chancery</u> DIVISION

(Name all parties)
Marcelino Andrade et al.

v.

Ideal Staffing Solutions, Inc. et al.

No. <u>08 CH 25610</u>

Gate Gourmet, Inc.
c/o Reg. Agent CT Corp System
280 S. LaSalle St., Suite 814
Chicago, IL 60604

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room <u>802</u>, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: <u>44534</u>

Name: <u>John E. Untereker/Working Hands Legal Clinic</u>

Atty. for: <u>Plaintiffs</u>

Address: <u>77 W. Washington St., Suite 1402</u>

City/State/Zip: <u>Chicago, IL 60602</u>

Telephone: <u>(312)-795-9115</u>

Service by Facsimile Transmission will be accepted at: _____

WITNESS, JUL 22 2008

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, <u>Chancery</u> DIVISION

(Name all parties)

Marcelino Andrade et al.

v.

Ideal Staffing Solutions, Inc. et al.

No. <u>08 CH 25610</u>

Gate Gourmet, Inc.
c/o Reg. Agent CT Corp System
280 S. LaSalle St., Suite 814
Chicago, IL 60604

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room <u>802</u>, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: <u>44534</u>

Name: <u>John E. Untereker/Working Hands Legal Clinic</u>

Atty. for: <u>Plaintiffs</u>

Address: <u>77 W. Washington St., Suite 1402</u>

City/State/Zip: <u>Chicago, IL 60602</u>

Telephone: <u>(312)-795-9115</u>

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

JUL 22 2008

**DOROTHY BROWN**
CLERK OF Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

MARCELINO ANDRADE, BERENICE JACINTO,       )
AMERICA GARCIA, ORALIA PALACIOS, MIGUEL     )
RUBIO, ISMAEL ANDRADE, JOSE HERNANDEZ,      )
LUCIA PORTILLO, RENE CORDOBA, and           )
FRANCISCO MEDINA, on behalf of themselves and )
all other persons similarly situated, known and unknown, )
                                            )
              Plaintiffs,                   )
                                            )                Case No.
        v.                                  )
                                            )
IDEAL STAFFING SOLUTIONS, INC., UAL, INC.,   )
ALITALIA AIRLINES, SINGAPORE AIRLINES, GATE )    08CH25610
GOURMET, INC., AIR MENZIES INTERNATIONAL    )
(USA), INC., SWISSPORT CARGO SERVICES, INC.,  )
APEX PLASTIC FINISHING COMPANY, JD          )
NORMAN INDUSTRIES, INC. and DIEGO DEASTIS,   )
individually,                               )
              Defendants.                   )

## COMPLAINT

Plaintiffs Marcelino Andrade, America Garcia, Berenice Jacinto, Oralia Palacios, Miguel

Rubio, Ismael Andrade, Jose Hernandez, Lucia Portillo, Rene Cordoba, and Francisco Medina,

on behalf of themselves and other similarly situated employees, known and unknown, through

their attorneys, for their Complaint against Defendants Ideal Staffing Solutions, Inc. ("Ideal"),

UAL, Inc. ("United"), Alitalia Airlines ("Alitalia"), Singapore Airlines ("Singapore"), Gate

Gourmet, Inc. ("Gate Gourmet"), Air Menzies International(USA), Inc. ("Menzies"), Swissport

Cargo Services, Inc. ("Swissport"), APEX Plastic Finishing Company ("APEX"), JD Norman

Industries, Inc. ("JD Norman"), and Diego Deastis ("Deastis"), individually, (collectively

"Defendants"), state as follows:

## I.   INTRODUCTION

1.      Plaintiffs are low-wage workers who were hired by a temporary staffing agency, Ideal, to work at eight different client companies located at or near O'Hare International Airport, including United, Alitalia, Singapore Airlines, Gate Gourmet, Menzies, and Swissport. Plaintiffs make a claim for unpaid overtime and other earned wages on behalf of themselves and a class of similarly situated employees. Plaintiffs and the class seek recovery of their owed wages from Ideal and Ideal's client companies jointly in that all benefited from the illegal schemes used to deny Plaintiffs and the class their earned wages thereby reducing labor costs. Plaintiffs also seek recovery for Defendants' violation of protections specifically guaranteed to day laborers by Illinois law.

## II.   NATURE OF PLAINTIFFS' CLAIMS

2.      This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Day and Temporary Labor Services Act, 820 ILCS 115/1 *et seq.* ("IDTLSA"), for: 1) Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees in violation of the IMWL and the IDTLSA; 2) all Defendants' failure to pay minimum wages to Plaintiffs and other similarly situated employees in violation of the IMWL and IDTLSA; 3) all Defendants' failure to pay all earned wages to Plaintiffs and other similarly situated employees in violation of the IWPCA and the IDTLSA; 4) Defendant Ideal's failure to compensate Plaintiffs Berenice Jacinto, Lucia Portillo and similarly situated employees for a minimum of four (4) hours on days when they were contracted to work, but were not utilized as required by the IDTLSA; 5) Defendant Ideal's failure to provide Plaintiffs and

similarly situated employees with Employment Notices as required by the IDTLSA; 6) Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA. Plaintiffs bring this lawsuit as a class action, under Illinois Code of Civil Procedure 735 ILCS 5/2-801 *et seq.*, seeking damages and other equitable relief under the IMWL, the IWPCA and the IDTLSA on behalf of Plaintiffs and all other similarly situated employees of Defendants.  Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto also bring individual claims under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay federally mandated minimum wages and overtime wages.

3.     The "IMWL Class Period" for the IMWL overtime and minimum wage claims is designated as the period beginning July 17, 2005 based on the limitations period of the IMWL. The "IWPCA Class Period" for the IWPCA claim is designated as the period beginning July 17, 2003 based on the limitations period of the IWPCA. The "IDTLSA Class Period" for the IDTLSA claims is designated as the period beginning January 1, 2006, the effective date of the IDTLSA, to the present, based upon Plaintiffs' allegations that the violations of the IDTLSA, as described more fully below, have been ongoing since that time.

## III.    JURISDICTION

4.     Jurisdiction in this Court is proper pursuant to 735 ILCS 5/2-209(a)(1) because Defendants committed the violations of the IMWL, the IWPCA and the IDTLSA complained of herein in Illinois and, pursuant to 735 ILCS 5/2-209(b)(4), because Defendants conduct and transact business from and within the state of Illinois.

**IV.  VENUE**

5.      Venue is proper in this judicial district pursuant to 735 ILCS 5/2-101 in that Plaintiffs and other members of the Class performed work for Defendants within Cook County, Illinois, a substantial number of the acts complained of herein occurred within Cook County, Illinois, and Defendants have maintained offices and transacted business during the Class Period within Cook County, Illinois.

**V.  PARTIES**

    **A.  Plaintiffs**

6.      At all relevant times, Plaintiff Marcelino Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

7.      At all relevant times, Plaintiff America Garcia has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman and APEX.

8.      At all relevant times, Plaintiff Berenice Jacinto has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX and Gate Gourmet.

9.    At all relevant times, Plaintiff Oralia Palacios has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman.

10.    At all relevant times, Plaintiff Miguel Rubio has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies.

11.    At all relevant times, Plaintiff Ismael Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

12.    At all relevant times, Plaintiff Jose Hernandez has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

13.    At all relevant times, Plaintiff Lucia Portillo has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the

IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX.

14.    At all relevant times, Plaintiff Rene Cordoba has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

15.    At all relevant times, Plaintiff Francisco Medina has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including United and Swissport.

**B.    Defendants**

16.    Defendant Ideal is an Illinois corporation doing business in Illinois. Defendant Ideal is day and temporary service agency located in Illinois.

17.    Defendant Ideal is or has been Plaintiffs' "employer" as that term is defined by the IDTLSA, the IMWL, the IWPCA, and the FLSA.

18.    Since January 1, 2006, Defendant Ideal has been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients pursuant to contracts between itself and third party clients.

19.    Since January 1, 2006, Defendant Ideal has been "a day and temporary labor service agency" as defined by the IDTLSA. 820 ILCS 175/5.

20.     Defendant Deastis is a principal officer of Ideal Staffing Solutions, Inc., and involved in the day-to-day business operations of Ideal. Among other things, Defendant Deastis has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

21.     Defendant Deastis is an "employer" as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

22.     Defendant Deastis resides in this judicial district.

23.     Defendant United is a foreign corporation and does business within the State of Illinois.

24.     Since July 17, 2003, Defendant United has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

25.     Since January 1, 2006, Defendant United has contracted with Ideal in order to obtain day or temporary laborers.

26.     Since January 1, 2006, Defendant United has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

27.     Defendant Alitalia is a foreign corporation and does business within the State of Illinois.

28.     Since July 17, 2003, Defendant Alitalia has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

29.     Since January 1, 2006, Defendant Alitalia has contracted with Ideal in order to obtain day or temporary laborers.

30.    Since January 1, 2006, Defendant Alitalia has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

31.    Defendant Singapore is a foreign corporation and does business within the State of Illinois.

32.    Since July 17, 2003, Defendant Singapore has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

33.    Since January 1, 2006, Defendant Singapore has contracted with Ideal in order to obtain day or temporary laborers.

34.    Since January 1, 2006, Defendant Singapore has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

35.    Defendant Gate Gourmet is a foreign corporation and does business within the State of Illinois.

36.    Since July 17, 2003, Defendant Gate Gourmet has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

37.    Since January 1, 2006, Defendant Gate Gourmet has contracted with Ideal in order to obtain day or temporary laborers.

38.    Since January 1, 2006, Defendant Gate Gourmet has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

39.    Defendant Menzies is a foreign corporation and does business within the State of Illinois.

40.    Since July 17, 2003, Defendant Menzies has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

41. Since January 1, 2006, Defendant Menzies has contracted with Ideal in order to obtain day or temporary laborers.

42. Since January 1, 2006, Defendant Menzies has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

43. Defendant Swissport is a foreign corporation and does business within the State of Illinois.

44. Since July 17, 2003, Defendant Swissport has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

45. Since January 1, 2006, Defendant Swissport has contracted with Ideal in order to obtain day or temporary laborers.

46. Since January 1, 2006, Defendant Swissport has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

47. Defendant APEX is incorporated under the laws of Illinois and does business within the State of Illinois.

48. Since July 17, 2003, Defendant APEX has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

49. Since January 1, 2006, Defendant APEX has contracted with Ideal in order to obtain day or temporary laborers.

50. Since January 1, 2006, Defendant APEX has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

51. Defendant JD Norman is incorporated under the laws of Illinois and does business within the State of Illinois.

52.     Since July 17, 2003, Defendant JD Norman has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

53.     Since January 1, 2006, Defendant JD Norman has contracted with Ideal in order to obtain day or temporary laborers.

54.     Since January 1, 2006, Defendant JD Norman has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

## VI.     FACTUAL BACKGROUND

55.     Plaintiffs and other day and temporary laborers have worked for Defendant Ideal at one of its Illinois branch offices in one or more individual work weeks since July 17, 2003.

56.     Defendant Ideal operates, and at all times during the Class Periods, has done business in Cook County and elsewhere within Illinois.

57.     Defendants United, Alitalia, Singapore, Gate Gourmet, Menzies, Swissport, APEX, and JD Norman operate, and at all times during the Class Periods, have done business in Cook County and elsewhere within Illinois.

58.     Since July 17, 2005, Defendant Ideal has failed to pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto and other Class Members at the rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours in a single work week in violation of the IMWL. For example:

   a. In one scheme, Defendant Ideal and Gate Gourmet denied Plaintiff Ismael Andrade, Berenice Jacinto and other class members their earned overtime pay by "splitting" their weekly compensation between multiple paychecks so that no individual paycheck identified employees as having worked more than forty (40) hours in an individual work week. For example, see Exhibit A, attached hereto, showing Defendant Ideal issued Plaintiff Ismael Andrade two paychecks for the work he performed in the work week ending June 24, 2007, one check (#24444) compensating him for 40 hours of work at his regular rate of pay and the other check (#24445) compensating him for an additional 7 hours of work at his regular rate of

pay, or a total of 47 hours all paid at Plaintiff Ismael Andrade's regular rate of pay.

b.  For example, see Exhibit B, attached hereto, showing Defendant Ideal issued Plaintiff Berenice Jacinto two paychecks for the work she performed in the work week ending April 1, 2007 at Gate Gourmet, one check (#23162) compensating her for 40 hours of work at her regular rate of pay and the other check (#23163) compensating her for an additional 17.15 hours of work at her regular rate of pay, or a total of 57.15 hours all paid at Plaintiff Berenice Jacinto's regular rate of pay.

c.  In another scheme, Defendant Ideal, Menzies, and Alitalia denied Plaintiffs Ismael Andrade, Jose Hernandez, and other class members their earned overtime pay by paying them for all hours worked, including time worked over forty (40) hours in individual work weeks, with one check, however at their "straight-time" hourly rate of pay. For example, see Exhibit C, attached hereto, showing Defendant Ideal compensated Plaintiff Ismael Andrade for sixty-four (64) hours for the work he performed in the work week ending September 2, 2007 at his regular rate of pay. Plaintiff Ismael Andrade was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

d.  For example, see Exhibit D, attached hereto, showing Defendant Ideal compensated Plaintiff Jose Hernandez for forty-six (46) hours for the work he performed in the work week ending October 28, 2007 at his regular rate of pay. Plaintiff Jose Hernandez was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

59.  Since July 17, 2005, Defendants have failed to pay Plaintiffs and other Class Members for all time they worked, which caused their hourly wage rate to fall below the state-mandated minimum wage rate in violation of the IMWL and FLSA. For example:

a.  Defendants Ideal, Swissport, and Alitalia also failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Alitalia's failure to compensate Plaintiff Marcelino Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

b.  Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure

to compensate Plaintiff Marcelino Andrade for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

c.  Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Berenice Jacinto for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

d.  Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure to compensate Plaintiff Oralia Palacios for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

e.  Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and Menzies 's failure to compensate Plaintiff Miguel Rubio for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

f.  Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Lucia Portillo for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

g.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Ismael Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

h.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Jose Hernandez for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

i.  Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff Rene Cordoba for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Singapore's failure to compensate Plaintiff Rene Cordoba for all time he

worked resulted in payment of less than the state and federal mandated minimum wages.

j.  Defendants Ideal and United also failed to pay Plaintiff Francisco Medina for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and United's failure to compensate Plaintiff Francisco Medina for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

60.   Since July 17, 2003, all Defendants have failed to pay Plaintiffs and other class members for all time worked at the rate agreed to by the parties in violation of the IWPCA. For example:

a.  Defendants Ideal, Swissport, and Alitalia failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

b.  Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

c.  Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

d.  Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

e.  Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

f.  Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

g.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

h.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

  i. Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff Rene Cordoba for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

  j. Defendants Ideal and United also failed to pay Plaintiff Francisco Medina for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

61. Since January 1, 2006, Defendant Ideal has failed to provide Plaintiffs and other Class Members an "Employment Notice" at the time of dispatch to third party clients in the form of a statement containing the following items on a form approved by the Illinois Department of Labor:

  a. the name of the day or temporary laborer;

  b. the name and nature of the work to be performed;

  c. the wages offered;

  d. the name and address of the destination of each day and temporary laborer;

  e. terms of transportation; and

  f. whether a meal or equipment, or both, are provided, either by the day and temporary labor service agency or the third party client, and the cost of the meal and equipment, if any.

62. Since January 1, 2006, Defendant Ideal has likewise failed to provide Plaintiffs and other Class Members with a proper Wage Payment and Notice at the time of payment of wages in the form of an itemized statement, on the day or temporary laborers' pay stub or on a form approved by the Illinois Department of Labor, containing the total number of hours worked by the day or temporary laborer at each third party client each day during the pay period. As an example, see Exhibits B and C attached hereto.

63.    Since January 1, 2006, Defendant Ideal and APEX has likewise failed to compensate Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members and other Class Members for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g).  For example, Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were contracted by Defendant Ideal to work on December 7, 2007 at Defendant APEX, however they were not utilized.  Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were not paid their agreed upon rate of pay for the statutorily provided four (4) hours.

64.    Defendant Ideal's failure to provide Plaintiffs and other Class Members with the required Employment Notice (820 ILCS 175/10) and Wage Payment and Notice (820 ILCS 175/30), and Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members with four (4) hours of pay for contracted time not utilized (820 ILCS 175/30(g)) denied Plaintiffs and other Class Members certain information related to their employment which the Illinois legislature has determined is critical to protect the rights of day or temporary laborers. Such at-risk workers are particularly vulnerable to abuse of their labor rights, including unpaid wages, failure to pay for all hours worked, minimum wage and overtime violations, and unlawful deduction from pay for meals, transportation, equipment and other items. 820 ILCS 175/2.

## VII.    CLASS ACTION ALLEGATIONS

65.    Plaintiffs bring this action, on behalf of themselves and all other similarly situated persons, as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801.

66.    The Class that Plaintiffs seek to represent in regard to the IMWL overtime and minimum wage claims is composed of and defined as all persons who have been employed by Defendant Ideal as day or temporary laborers since July 17, 2005. The Class that Plaintiffs seek to represent in regard to the IWPCA claim is composed of and defined as all persons who have

been employed by Defendant Ideal as day or temporary laborers since July 17, 2003. The Class

that Plaintiffs seek to represent in regard to the IDTLSA claims is composed of and defined as all

persons who have been employed by Defendant Ideal as day or temporary laborers since January

1, 2006.

67.     This action has been brought and may properly be maintained as a class action

under 735 ILCS 5/2-801 because:

   a. The class is so numerous that joinder of all members is impracticable. While the
      precise number of Class Members has not been determined at this time, Plaintiffs
      are informed and believe that Defendant Ideal has employed thousands of persons
      as day or temporary laborers in Illinois during the IMWL and IWPCA Class
      Periods and thousands of persons as day or temporary laborers in Illinois during
      the IDTLSA Class period.

   b. There are questions of fact or law common to the class, which common questions
      predominate over any questions affecting only individual members. These
      common questions of law and fact include, without limitation:

      i.   Whether Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet
           failed to pay day or temporary laborers overtime wages for all time
           worked over forty (40) hours in individual work weeks during the IMWL
           Class Period;

      ii.  Whether Defendants failed to pay day or temporary laborers the Illinois
           mandated-minimum wages for all time worked in individual work weeks
           during the IMWL Class Period;

      iii. Whether Defendants failed to pay day or temporary laborers all earned
           wages at the rate agreed to by the parties for all time worked in individual
           work weeks during the IWPCA Class Period;

      iv.  Whether Defendant Ideal failed to provide day or temporary laborers with
           Employment Notice as required by 820 ILCS 175/10;

      v.   Whether Defendant Ideal failed to provide day or temporary laborers with
           Wage Payment and Notice as required by 820 ILCS 175/30;

      vi.  Whether Defendants Ideal and APEX failed to provide day or temporary
           laborers with the minimum four (4) hours of compensation when
           contracted to work and not utilized as required by 820 ILCS 175/30(g);

c.  Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

d.  The class action is an appropriate method for the fair and efficient adjudication of the controversy. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because Plaintiffs and the class seek injunctive relief that will affect all class members in a common way. Furthermore, those class members still employed by Defendant Ideal may be reluctant to raise individual claims for fear of retaliation.

## COUNT I
### Violation of the Illinois Minimum Wage Law-Overtime Wages
**(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 67 as though set forth herein.

68.  This count arises from the violation of the IMWL for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

69.  Since July 17, 2005, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks. See paragraph 58, *supra*.

70.  Since July 17, 2005, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks. The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of,

Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

71.    Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

72.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees overtime wages at the rate of one and one half time their regular rate for all time they worked in excess of forty (40) hours in individual work weeks. See paragraph 58, *supra.*

73.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class violated the maximum hour provisions of the IMWL.

74.    Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto represent all current and former employees of Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet who have not been paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks since July 17, 2005, through and including the present.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class pray for a judgment against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IMWL;

C.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Day and Temporary Labor Services Act-Overtime Wages
**(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 74 as though set forth herein.

75.    This count arises from the violation of the IDTLSA for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

76.    Since January 1, 2006, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks. See paragraph 58, *supra*.

77.    Since January 1, 2006, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks. The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of, Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

78.    Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

79.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated

employees overtime wages at the rate of one and one half time their regular rate for all time they worked in excess of forty (40) hours in individual work weeks. See paragraph 58, *supra.*

80.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class violated the IDTLSA.

81.    Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto represent all current and former employees of Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet who have not been paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks since January 1, 2006.

82.    Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an equal amount of their unpaid wages as liquidated damages since January 1, 2006.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class pray for a judgment against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment for liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

C.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

D.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 82 as though set forth herein.

83.   This count arises from the violation of the IMWL for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

84.   During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

85.   Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

86.   Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

87.   Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the minimum wage provisions of the IMWL.

88.   Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages in the three (3) years prior to Plaintiffs filing their lawsuit, through and including the present.

89.   Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for the three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.   That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IMWL;

C.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.    Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Day and Temporary Labor Services Act – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 89 as though set forth herein.

90.    This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

91.    During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

92.    Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

93.    Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

94.    Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the IDTLSA.

95.    Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages since January 1, 2006.

96.    Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an equal amount of their unpaid wages as liquidated damages since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment for liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

C.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

D.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act–
### Unpaid Wages, Non Issuance of Final Checks
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 96 as though set forth herein.

97.    This count arises from the violation of the IWPCA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

98.    During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during that individual work week as described in paragraph 60, *supra.*

99.    Since July 17, 2003, other class members were similarly not compensated for all time worked in certain work weeks. The specific dates and locations at which Plaintiffs and other similarly situated employees of Defendants were not compensated for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendants and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

100.    Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

101.    Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA.

102.    Plaintiffs represent all current and former employees of Defendants' who have not been paid for all time worked at the rate agreed to by the parties in the five (5) years prior to Plaintiffs filing their lawsuit, through and including the present.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due, as provided by the IWPCA;

C.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

D.    An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Illinois Day and Temporary Labor Services Act –
### Unpaid Wages-Non-Issuance of Final Checks
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 102 as though set forth herein.

103.    This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

104.    During the course of their employment with Defendants, Plaintiffs were not compensated for all time they worked in certain work weeks. See paragraph 60, *supra.*

105.    Other class members were similarly not compensated for all time worked in certain work weeks.

106.    Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

107.    Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA, a wage and hour violation as incorporated into the IDTLSA. 820 ILCS 175/95(a)(1). Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an amount equal to their earned wages as liquidated damages since January 1, 2006.

108.    Plaintiffs represent all current and former employees of Defendants who have not been paid for all time worked at the rate agreed to by the parties since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IDTLSA;

C.    That the Court award Plaintiffs and Class Members liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

D.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.　　Such other and further relief as this Court deems appropriate and just.

## COUNT VII
### Violation of the Illinois Day and Temporary Labor Services Act-
### Unpaid Wages-Statutory Minimum Pay of four (4) hours for a contracted work day
### (Plaintiffs Berenice Jacinto and Lucia Portillo on their own behalf and on behalf of a class
### against Defendants Ideal Staffing and APEX Only)

Plaintiffs incorporate and reallege paragraphs 1 through 108 as though set forth herein.

109.　　This count arises from the violation of the IDTLSA for Defendants Ideal's and APEX's failure to pay Plaintiffs Berenice Jacinto and Lucia Portillo and the class that they represent for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g).

110.　　Plaintiffs Berenice Jacinto and Lucia Portillo and the class they represent were contracted by Defendants Ideal to work on December 7, 2007 at Defendant APEX, and were not utilized, or paid the statutorily provided four (4) hours of pay for a contracted day. See paragraph 64, *supra*.

111.　　Pursuant to 820 ILCS 175/30(g), Plaintiffs Berenice Jacinto, Lucia Portillo and the class members are entitled to be paid for the statutory minimum of four (4) hours of pay when contracted to work, but not utilized.

112.　　Defendants Ideal and APEX's failure to pay Plaintiffs Berenice Jacinto, Lucia Portillo and the class members for the statutorily provided four (4) hours of pay for a contracted day violated the IDTLSA, 820 ILCS 175/30(g).

113.　　Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs Berenice Jacinto, Lucia Portillo and members of the class are entitled to recover their four (4) hours of pay and an equal amount in liquidated damages from January 1, 2006.

114.　　Plaintiffs Berenice Jacinto and Lucia Portillo represent all current and former employees of Defendants Ideal and Defendant APEX who have not been paid the statutorily provided four (4) hours of pay for a day of contracted work without being utilized.

WHEREFORE, Plaintiffs Berenice Jacinto and Lucia Portillo and the class pray for a judgment against Defendant Ideal and Defendant APEX, as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IDTLSA;

C.    That the Court award Plaintiffs Berenice Jacinto and Lucia Portillo and Class Members liquidated damages in an amount equal to the amount of unpaid wages found due for December 7, 2007 pursuant to 820 ILCS 175/95(a)(1);

D.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.    A determination of the rights of the parties and a direction to Defendants Ideal and APEX to account for all hours worked and wages paid to the class members during the temporality of the class;

F.    Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### Violation of the Illinois Day and Temporary Labor Services Act-Employment Notices
### (Plaintiffs on their own behalf and on behalf of a class against Defendant Ideal Only)

Plaintiffs incorporate and reallege paragraphs 1 through 114 as though set forth herein.

115.    This count arises from the violation of the IDTLSA for Defendants Ideal's failure to provide Plaintiffs and similarly situated employees with Employment Notices as required by the IDTLSA.

116.    Defendants Ideal's employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

117.    In employing Plaintiffs and other similarly situated day or temporary laborers, Defendants Ideal's failed to provide such persons with Employment Notices as required by the IDTLSA. 820 ILCS 175/10.

118.    Defendants Ideal's failed to provide Plaintiffs and other similarly situated day or temporary laborers with Employment Notices at the time of dispatch to third party clients as required by the IDTLSA. 820 ILCS 175/10.

119.　Plaintiffs represent all current and former employees of Defendants Ideal's who have not received Employment Notices at the time of dispatch to third party clients since July 17, 2003, through and including the present.

120.　Defendants Ideal and Deastis violated the IDTLSA by failing to provide to Plaintiffs and Class Members with Employment Notices as required by the IDTLSA 820 ILCS 175/10.

WHEREFORE Plaintiffs and the class pray for a judgment against Defendants Ideal and Deastis, as follows:

A.　That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.　That the Court declare that Defendant Ideal have violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

C.　That the Court enjoin Defendant from violating the IDTLSA;

D.　That the Court award Plaintiffs and Class Members compensatory damages and an amount up to $500 for the violation of each subpart of each Section of the IDTLSA violated by Defendant;

E.　That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs in bringing this action; and

F.　That the Court award such other and further relief as this Court may deem appropriate.

## COUNT IX
### Violation of Illinois Day and Temporary Labor Services Act-Wage Payment and Notice
### (Plaintiffs on their own behalf and on behalf of class against Defendant Ideal Only)

Plaintiffs incorporate and reallege paragraphs 1 through 120 of this Complaint.

121.　This count arises from the violation of the IDTLSA for Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA.

122.    Defendant Ideal employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

123.    In employing Plaintiffs and other similarly situated day or temporary laborers, Defendant Ideal failed to provide such persons with proper Wage Payment and Notices as required by the IDTLSA. 820 ILCS 175/30.

124.    Specifically, Defendants Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with a detailed itemized statement showing the number of hours worked by the day or temporary laborer at each third party client company each day during the pay period.  For example, Plaintiff Ismael Andrade's pay stubs for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

125.    In addition, Defendant Ideal failed to provide the name, address and telephone number of each third party client at which the day or temporary laborer worked or, in the alternative, a code which corresponded to such required information and which was made available to Plaintiffs and other similarly situated day or temporary laborers.  See, for example, Plaintiff Ismael Andrade's pay stub for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

126.    Defendant Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with proper Wage Payment and Notices at the time of payment of wages as required by the IDTLSA. 820 ILCS 175/30.

127.    Plaintiffs represent all current and former employees of Defendant Ideal who have

not been provided proper Wage Payment and Notices at the time of payment of wages since

January 1, 2006, through and including the present.

128.    Defendant Ideal violated the IDTLSA by failing to provide to Plaintiffs and Class

Members proper Wage Payment and Notices as required by the IDTLSA, 820 ILCS 175/30.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant Ideal, as

follows:

    A.    That the Court determine that this action may be maintained as a class action
under 735 ILCS 5/2-801;

    B.    That the Court declare that Defendant Ideal violated the Wage Payment and
Notice provision of the IDTLSA. 820 ILCS 175/30;

    C.    That the Court enjoin Defendants Ideal from violating the IDTLSA;

    D.    That the Court award Plaintiffs and Class Members compensatory damages
and an amount up to $500 for the violation of each subpart of each Section of
the IDTLSA violated by Defendant Ideal;

    E.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs
in bringing this action; and

    F.    That the Court award such other and further relief as this Court may deem
appropriate.

## COUNT X
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiffs, individually, against all Defendants)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 128 of this Complaint.

129.    This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et*

*seq.*, for their failure to pay minimum wages to Plaintiffs and the class they represent the

minimum wages for all the time they worked.

130.    Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have

been Plaintiffs' employers as defined by the FLSA.

131.    During the course of their employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

132.    During the weeks ending November 3, 2007 and November 10, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the then federally mandated minimum wage.

133.    The specific dates and locations at which Plaintiffs were not compensated the then federally mandated minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

134.    Pursuant to 29 U.S.C. § 206, Plaintiffs are entitled to be paid at least the federally mandated minimum wage for all time worked.

135.    Defendants' failure to pay the minimum wage rate to Plaintiffs violated the minimum wage hour provisions of the FLSA, 29 U.S.C. § 206.

136.    Defendants willfully violated the FLSA by refusing to pay Plaintiffs wages for all time worked.

137.    Pursuant to 29 U.S.C. § 255, Plaintiffs are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because Defendants' failure to pay minimum wages  was a willful violation of the FLSA, 29 U.S.C. § 206.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    A judgment in the amount of unpaid minimum wages for all hours worked by Plaintiff other similarly situated employees;

B.    Liquidated damages in an amount equal to the amount of unpaid wages found to be due and owing;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just

## COUNT XI
### Violation of the Fair Labor Standards Act – Overtime Wages
**(Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez individually only against Defendants Ideal, Menzies, Alitalia, and Gate Gourmet only)**

Plaintiffs incorporate and reallege paragraphs 1 through 137 as though set forth herein.

138.    This count arises from Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez at a rate of one and one half times their regular hourly rate of pay.

139.    Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have been Plaintiffs' employers as defined by the FLSA.

140.    During the course of their employment by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet, Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

141.    Since July 17, 2005, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were required and/or permitted by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work in excess of forty (40) hours in individual workweeks, and Plaintiffs did worked in excess of forty (40) hours in individual workweeks. See paragraph 58, *supra*.

142.    Pursuant to 29 U.S.C. §207, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

143.    Defendants did not compensate Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in that individual work weeks. See paragraph 58, *supra*.

144.    Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

145.    Defendants Ideal, Menzies, Alitalia, and Gate Gourmet willfully violated the FLSA by refusing to pay Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto overtime wages for all time worked in excess of forty (40) hours per week.

146.    Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto pray for a judgment against Defendants Ideal, Menzies, Alitalia, and Gate Gourmet as follows:

A.    A judgment in the amount of one and one-half times Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto's regular rate for all time they worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  July 17, 2008

JOHN E. UNTEREKER
CHRISTOPHER J. WILLIAMS
Working Hands Legal Clinic (#44534)
77 W. Washington, Suite 1402
Chicago, Il 60602
(312) 795-9115

Attorneys for Plaintiffs

# EXHIBIT A

A36



IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

# Earnings Statement

Pay Period:   6/18/2007   to   6/24/2007

Pay Date:     6/29/2007

Check #:      24444

Employee Number:        0780
Department Number:
Social Security Number: XXX-XX-3766
Marital Status:         SINGLE
Number Of Allowances:   05
Rate:                   9.0000

ISMAEL ANDRADE
460 W. IRVING PK RD
BENSENVILLE, IL 60106

## Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGULAR | 40.00 | 360.00 | 3260.50 |

## Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 27.54 | 249.43 |
| IL ST | 5.03 | 25.63 |
| E I C | - 26.77 | - 283.50 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,260.50 | $360.00 | $5.80 | $354.20 |

©2001 Automatic Data Processing, Inc.

▲ TEAR HERE

A36

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

# Earnings Statement

Pay Period:   6/18/2007   to   6/24/2007
Pay Date:     6/29/2007
Check #:      24445

Employee Number:        0780
Department Number:
Social Security Number: XXX-XX-3766
Marital Status:         SINGLE
Number Of Allowances:   05
Rate:                   7.0000

ISMAEL ANDRADE
460 W. IRVING PK RD
BENSENVILLE, IL 60106

### Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGULAR | 7.00 | 49.00 | 3260.50 |

### Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 3.75 | 249.43 |
| IL ST | - | 25.63 |
| E I C | - 10.00 | - 283.50 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,260.50 | $49.00 | $6.25- | $55.25 |

# EXHIBIT B

A36

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

# Earnings Statement

Pay Period:    3/26/2007   to   4/01/2007
Pay Date:      4/06/2007
Check #:       23162

Employee Number:        0703
Department Number:
Social Security Number: XXX-XX-9087
Marital Status:         MARRIED
Number Of Allowances:   07
Rate:                   9.0000

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

## Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGLAR | 40.00 | 360.00 | 4022.10 |
| O/TIME | | | 108.00 |

## Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 27.54 | 315.95 |
| IL ST | 2.72 | 30.87 |
| E I C | 31.32 | 399.65 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $4,130.10 | $360.00 | $1.06- | $361.06 |

©2001 Automatic Data Processing, Inc.

▲ TEAR HERE



A36

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

## Earnings Statement

Pay Period:  3/26/2007  to  4/01/2007
Pay Date:    4/06/2007
Check #:     23163

Employee Number:        0703
Department Number:
Social Security Number: XXX-XX-9087
Marital Status:         MARRIED
Number Of Allowances:   07
Rate:                   9.0000

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

### Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGLAR | 17.15 | 154.35 | 4022.10 |
| O/TIME | | | 108.00 |

### Taxes and Deductions

| Description | This Period | | Year-To-Date |
|---|---|---|---|
| FICA | 11.81 | | 315.95 |
| IL ST | | | 30.87 |
| E I C | 31.49 | - | 399.65 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $4,130.10 | $154.35 | $19.68- | $174.03 |

©2001 Automatic Data Processing, Inc.

TEAR HERE

# EXHIBIT C

| EMPLOYEE | SOCIAL SEC. NO. | FILING STATUS | CHECK DATE | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|
| 51-0000444 - Andrade, I | ▮▮▮ | S - 5 | 09/07/2007 | 09/02/2007 | 006246 |

| Earnings Type | Current Hours | Current Amount | YTD Hours | YTD Amount | | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|---|---|
| Straight Time | 16.00 | 136.00 | 402.00 | 3,092.00 | | Federal W/H | 0.00 | 6.21 |
| Overtime | 0.00 | 0.00 | 7.50 | 84.38 | | FICA | 8.43 | 196.94 |
| | | | | | | E.I.C. | -27.74 | -329.89 |
| | | | | | | Medicare | 1.97 | 46.05 |
| | | | | | | IL State W/H | 1.20 | 58.90 |

GROSS EARNINGS: 136.00
NET EARNINGS: 152.14

TOTAL DEDUCTIONS: -16.14

3,176.38                    21.79

MEMO   Verify name, address, social security #

| EMPLOYEE | SOCIAL SEC. NO. | PERIOD END | CHECK NO. |
|---|---|---|---|
| 51-0000444 Andrade, I | ▮▮▮ | 09/02/2007 | 006246 |

| W.E. Date | Customer Name | Hrs Type | Hours | Pay Rate | Gross Pay |
|---|---|---|---|---|---|
| 9/2/2007 | Menzies Aviation | Straight Time | 16.00 | 8.50 | 136.00 |
| 9/2/2007 | Swissport Cargo -7015 | Straight Time | 8.00 | 7.50 | 60.00 |
| | | Straight Time | 40.00 | 7.50 | 300.00 |
| | | | 64.00 | | 496.00 |

# EXHIBIT D

| EMPLOYEE | SOCIAL SEC. NO. | FILING STATUS | CHECK DATE | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|
| 51-0000612   Hernandez, J | ▮▮▮ | M - 1 | 11/02/2007 | 10/28/2007 | 007434 |

| Earning Type | Current Hours | Current Amount | YTD Hours | YTD Amount |
|---|---|---|---|---|
| Straight Time | 6.00 | 51.00 | 803.00 | 6,478.25 |
| Overtime | 0.00 | 0.00 | 20.00 | 240.00 |

| DEDUCTION | AMOUNT | YTD |
|---|---|---|
| Federal W/H | 0.00 | 186.46 |
| FICA | 3.16 | 416.57 |
| Medicare | 0.74 | 97.42 |
| IL State W/H | 0.95 | 183.61 |

GROSS EARNINGS: 51.00
NET EARNINGS: 46.15

TOTAL DEDUCTIONS  4.85   884.06

MEMO  Verify name, address, social security #

| EMPLOYEE | | PERIOD END | CHECK NO. |
|---|---|---|---|
| 51-0000612   Hernandez, J | | 10/28/2007 | 007434 |

| W.E. Date | Customer Name | Hrs Type | Hours | Pay Rate | Gross Pay |
|---|---|---|---|---|---|
| 10/28/2007 | Menzies Aviation | Straight Time | 6.00 | 8.50 | 51.00 |
| 10/28/2007 | Swissport Cargo - 7015 | Straight Time | 40.00 | 8.00 | 320.00 |
| | | | 46.00 | | 371.00 |

# EXHIBIT B



CORPORATION SERVICE COMPANY

# Notice of Service of Process

VR1 / ALL
Transmittal Number: 5948609
Date Processed: 08/04/2008

| Primary Contact: | Kim Niebuhr |
| | UAL Corporation (United Airlines) |
| | 77 W Wacker |
| | Floor 16th |
| | Chicago, IL 60601 |

| Copy of transmittal only provided to: | Sarah Voss |

| Entity: | UAL Corporation |
| | Entity ID Number 0220042 |
| Entity Served: | UAL Corporation |
| Title of Action: | Marcelino Andrade vs. Ideal Staffing Solutions, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Circuit Court Cook County, Illinois |
| Case Number: | 08CH25610 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 08/04/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | John E. Untereker |
| | 312-795-9115 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (            ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, __Chancery__ _____ DIVISION

(Name all parties)

Marcelino Andrade et al.

v.

Ideal Staffing Solutions, Inc. et al.

No. 08 CH 25610

UAL Corporation
c/o Reg. Agent Prentice Hall Corp
33 N. LaSalle St.
Chicago, IL 60602

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802_____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JUL 2 2 2008

Atty. No.: __44534__

Name: __John E. Untereker/Working Hands Legal Clinic__

Atty. for: __Plaintiffs__

Address: __77 W. Washington St., Suite 1402__

City/State/Zip: __Chicago, IL 60602__

Telephone: __(312)-795-9115__

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____,

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

_____   _____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | CCG N001-10M-1-07-05 (                    ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)

Marcelino Andrade et al.

v.

Ideal Staffing Solutions, Inc. et al.

No. 08 CH 25610

UAL Corporation
c/o Reg. Agent Prentice Hall Corp
33 N. LaSalle St.
Chicago, IL 60602

### SUMMONS

To each Defendant:

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

   ☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 44534

Name: John E. Untereker/Working Hands Legal Clinic

Atty. for: Plaintiffs

Address: 77 W. Washington St., Suite 1402

City/State/Zip: Chicago, IL 60602

Telephone: (312)-795-9115

Service by Facsimile Transmission will be accepted at: _____

WITNESS, JUL 22 2008 _____, _____

DOROTHY BROWN
CLERK OF COURT   Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED - 2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

CIRCUIT COURT OF COOK

MARCELINO ANDRADE, BERENICE JACINTO, 2013 )
AMERICA GARCIA, ORALIA PALACIOS, MIGUEL )
RUBIO, ISMAEL ANDRADE, JOSE HERNANDEZ, CLERK )
LUCIA PORTILLO, RENE CORDOBA, and )
FRANCISCO MEDINA, on behalf of themselves and )
all other persons similarly situated, known and unknown, )
                                   )
          Plaintiffs, )
                                    )     Case No.
    v.                                 )
                                     )
IDEAL STAFFING SOLUTIONS, INC., UAL, INC., )
ALITALIA AIRLINES, SINGAPORE AIRLINES, GATE )
GOURMET, INC., AIR MENZIES INTERNATIONAL )
(USA), INC., SWISSPORT CARGO SERVICES, INC., )
APEX PLASTIC FINISHING COMPANY, JD )
NORMAN INDUSTRIES, INC. and DIEGO DEASTIS, )
individually, )
          Defendants. )

08CH25610

## COMPLAINT

Plaintiffs Marcelino Andrade, America Garcia, Berenice Jacinto, Oralia Palacios, Miguel

Rubio, Ismael Andrade, Jose Hernandez, Lucia Portillo, Rene Cordoba, and Francisco Medina,

on behalf of themselves and other similarly situated employees, known and unknown, through

their attorneys, for their Complaint against Defendants Ideal Staffing Solutions, Inc. ("Ideal"),

UAL, Inc. ("United"), Alitalia Airlines ("Alitalia"), Singapore Airlines ("Singapore"), Gate

Gourmet, Inc. ("Gate Gourmet"), Air Menzies International(USA), Inc. ("Menzies"), Swissport

Cargo Services, Inc. ("Swissport"), APEX Plastic Finishing Company ("APEX"), JD Norman

Industries, Inc. ("JD Norman"), and Diego Deastis ("Deastis"), individually, (collectively

"Defendants"), state as follows:

## I.    INTRODUCTION

1.    Plaintiffs are low-wage workers who were hired by a temporary staffing agency, Ideal, to work at eight different client companies located at or near O'Hare International Airport, including United, Alitalia, Singapore Airlines, Gate Gourmet, Menzies, and Swissport. Plaintiffs make a claim for unpaid overtime and other earned wages on behalf of themselves and a class of similarly situated employees. Plaintiffs and the class seek recovery of their owed wages from Ideal and Ideal's client companies jointly in that all benefited from the illegal schemes used to deny Plaintiffs and the class their earned wages thereby reducing labor costs. Plaintiffs also seek recovery for Defendants' violation of protections specifically guaranteed to day laborers by Illinois law.

## II.    NATURE OF PLAINTIFFS' CLAIMS

2.    This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Day and Temporary Labor Services Act, 820 ILCS 115/1 *et seq.* ("IDTLSA"), for: 1) Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees in violation of the IMWL and the IDTLSA; 2) all Defendants' failure to pay minimum wages to Plaintiffs and other similarly situated employees in violation of the IMWL and IDTLSA; 3) all Defendants' failure to pay all earned wages to Plaintiffs and other similarly situated employees in violation of the IWPCA and the IDTLSA; 4) Defendant Ideal's failure to compensate Plaintiffs Berenice Jacinto, Lucia Portillo and similarly situated employees for a minimum of four (4) hours on days when they were contracted to work, but were not utilized as required by the IDTLSA; 5) Defendant Ideal's failure to provide Plaintiffs and

similarly situated employees with Employment Notices as required by the IDTLSA; 6) Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA. Plaintiffs bring this lawsuit as a class action, under Illinois Code of Civil Procedure 735 ILCS 5/2-801 *et seq.*, seeking damages and other equitable relief under the IMWL, the IWPCA and the IDTLSA on behalf of Plaintiffs and all other similarly situated employees of Defendants. Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto also bring individual claims under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay federally mandated minimum wages and overtime wages.

3.      The "IMWL Class Period" for the IMWL overtime and minimum wage claims is designated as the period beginning July 17, 2005 based on the limitations period of the IMWL. The "IWPCA Class Period" for the IWPCA claim is designated as the period beginning July 17, 2003 based on the limitations period of the IWPCA. The "IDTLSA Class Period" for the IDTLSA claims is designated as the period beginning January 1, 2006, the effective date of the IDTLSA, to the present, based upon Plaintiffs' allegations that the violations of the IDTLSA, as described more fully below, have been ongoing since that time.

## III.    JURISDICTION

4.      Jurisdiction in this Court is proper pursuant to 735 ILCS 5/2-209(a)(1) because Defendants committed the violations of the IMWL, the IWPCA and the IDTLSA complained of herein in Illinois and, pursuant to 735 ILCS 5/2-209(b)(4), because Defendants conduct and transact business from and within the state of Illinois.

### IV.    VENUE

5.    Venue is proper in this judicial district pursuant to 735 ILCS 5/2-101 in that Plaintiffs and other members of the Class performed work for Defendants within Cook County, Illinois, a substantial number of the acts complained of herein occurred within Cook County, Illinois, and Defendants have maintained offices and transacted business during the Class Period within Cook County, Illinois.

### V.    PARTIES

#### A.    <u>Plaintiffs</u>

6.    At all relevant times, Plaintiff Marcelino Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

7.    At all relevant times, Plaintiff America Garcia has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman and APEX.

8.    At all relevant times, Plaintiff Berenice Jacinto has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX and Gate Gourmet.

9.    At all relevant times, Plaintiff Oralia Palacios has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman.

10.    At all relevant times, Plaintiff Miguel Rubio has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies.

11.    At all relevant times, Plaintiff Ismael Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

12.    At all relevant times, Plaintiff Jose Hernandez has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

13.    At all relevant times, Plaintiff Lucia Portillo has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the

IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX.

14.    At all relevant times, Plaintiff Rene Cordoba has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

15.    At all relevant times, Plaintiff Francisco Medina has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including United and Swissport.

**B.    Defendants**

16.    Defendant Ideal is an Illinois corporation doing business in Illinois. Defendant Ideal is day and temporary service agency located in Illinois.

17.    Defendant Ideal is or has been Plaintiffs' "employer" as that term is defined by the IDTLSA, the IMWL, the IWPCA, and the FLSA.

18.    Since January 1, 2006, Defendant Ideal has been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients pursuant to contracts between itself and third party clients.

19.    Since January 1, 2006, Defendant Ideal has been "a day and temporary labor service agency" as defined by the IDTLSA. 820 ILCS 175/5.

20.     Defendant Deastis is a principal officer of Ideal Staffing Solutions, Inc., and involved in the day-to-day business operations of Ideal. Among other things, Defendant Deastis has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

21.     Defendant Deastis is an "employer" as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

22.     Defendant Deastis resides in this judicial district.

23.     Defendant United is a foreign corporation and does business within the State of Illinois.

24.     Since July 17, 2003, Defendant United has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

25.     Since January 1, 2006. Defendant United has contracted with Ideal in order to obtain day or temporary laborers.

26.     Since January 1, 2006, Defendant United has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

27.     Defendant Alitalia is a foreign corporation and does business within the State of Illinois.

28.     Since July 17, 2003, Defendant Alitalia has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

29.     Since January 1, 2006, Defendant Alitalia has contracted with Ideal in order to obtain day or temporary laborers.

30.    Since January 1, 2006, Defendant Alitalia has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

31.    Defendant Singapore is a foreign corporation and does business within the State of Illinois.

32.    Since July 17, 2003, Defendant Singapore has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

33.    Since January 1, 2006, Defendant Singapore has contracted with Ideal in order to obtain day or temporary laborers.

34.    Since January 1, 2006, Defendant Singapore has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

35.    Defendant Gate Gourmet is a foreign corporation and does business within the State of Illinois.

36.    Since July 17, 2003, Defendant Gate Gourmet has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA,  820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

37.    Since January 1, 2006, Defendant Gate Gourmet has contracted with Ideal in order to obtain day or temporary laborers.

38.    Since January 1, 2006, Defendant Gate Gourmet has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

39.    Defendant Menzies is a foreign corporation and does business within the State of Illinois.

40.    Since July 17, 2003, Defendant Menzies has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA,  820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

41.     Since January 1, 2006, Defendant Menzies has contracted with Ideal in order to obtain day or temporary laborers.

42.     Since January 1, 2006, Defendant Menzies has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

43.     Defendant Swissport is a foreign corporation and does business within the State of Illinois.

44.     Since July 17, 2003, Defendant Swissport has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

45.     Since January 1, 2006, Defendant Swissport has contracted with Ideal in order to obtain day or temporary laborers.

46.     Since January 1, 2006, Defendant Swissport has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

47.     Defendant APEX is incorporated under the laws of Illinois and does business within the State of Illinois.

48.     Since July 17, 2003, Defendant APEX has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

49.     Since January 1, 2006, Defendant APEX has contracted with Ideal in order to obtain day or temporary laborers.

50.     Since January 1, 2006, Defendant APEX has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

51.     Defendant JD Norman is incorporated under the laws of Illinois and does business within the State of Illinois.

52.     Since July 17, 2003, Defendant JD Norman has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

53.     Since January 1, 2006, Defendant JD Norman has contracted with Ideal in order to obtain day or temporary laborers.

54.     Since January 1, 2006, Defendant JD Norman has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

## VI.    FACTUAL BACKGROUND

55.     Plaintiffs and other day and temporary laborers have worked for Defendant Ideal at one of its Illinois branch offices in one or more individual work weeks since July 17, 2003.

56.     Defendant Ideal operates, and at all times during the Class Periods, has done business in Cook County and elsewhere within Illinois.

57.     Defendants United, Alitalia, Singapore, Gate Gourmet, Menzies, Swissport, APEX, and JD Norman operate, and at all times during the Class Periods, have done business in Cook County and elsewhere within Illinois.

58.     Since July 17, 2005, Defendant Ideal has failed to pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto and other Class Members at the rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours in a single work week in violation of the IMWL. For example:

> a.  In one scheme, Defendant Ideal and Gate Gourmet denied Plaintiff Ismael Andrade, Berenice Jacinto and other class members their earned overtime pay by "splitting" their weekly compensation between multiple paychecks so that no individual paycheck identified employees as having worked more than forty (40) hours in an individual work week. For example, see Exhibit A, attached hereto, showing Defendant Ideal issued Plaintiff Ismael Andrade two paychecks for the work he performed in the work week ending June 24, 2007, one check (#24444) compensating him for 40 hours of work at his regular rate of pay and the other check (#24445) compensating him for an additional 7 hours of work at his regular rate of

pay, or a total of 47 hours all paid at Plaintiff Ismael Andrade's regular rate of pay.

b. For example, see Exhibit B, attached hereto, showing Defendant Ideal issued Plaintiff Berenice Jacinto two paychecks for the work she performed in the work week ending April 1, 2007 at Gate Gourmet, one check (#23162) compensating her for 40 hours of work at her regular rate of pay and the other check (#23163) compensating her for an additional 17.15 hours of work at her regular rate of pay, or a total of 57.15 hours all paid at Plaintiff Berenice Jacinto's regular rate of pay.

c. In another scheme, Defendant Ideal, Menzies, and Alitalia denied Plaintiffs Ismael Andrade, Jose Hernandez, and other class members their earned overtime pay by paying them for all hours worked, including time worked over forty (40) hours in individual work weeks, with one check, however at their "straight-time" hourly rate of pay. For example, see Exhibit C, attached hereto, showing Defendant Ideal compensated Plaintiff Ismael Andrade for sixty-four (64) hours for the work he performed in the work week ending September 2, 2007 at his regular rate of pay. Plaintiff Ismael Andrade was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

d. For example, see Exhibit D, attached hereto, showing Defendant Ideal compensated Plaintiff Jose Hernandez for forty-six (46) hours for the work he performed in the work week ending October 28, 2007 at his regular rate of pay. Plaintiff Jose Hernandez was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

59.   Since July 17, 2005, Defendants have failed to pay Plaintiffs and other Class Members for all time they worked, which caused their hourly wage rate to fall below the state-mandated minimum wage rate in violation of the IMWL and FLSA. For example:

a. Defendants Ideal, Swissport, and Alitalia also failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Alitalia's failure to compensate Plaintiff Marcelino Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

b. Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure

to compensate Plaintiff Marcelino Andrade for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

c.  Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Berenice Jacinto for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

d.  Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure to compensate Plaintiff Oralia Palacios for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

e.  Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and Menzies 's failure to compensate Plaintiff Miguel Rubio for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

f.  Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Lucia Portillo for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

g.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Ismael Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

h.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Jose Hernandez for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

i.  Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff Rene Cordoba for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Singapore's failure to compensate Plaintiff Rene Cordoba for all time he

worked resulted in payment of less than the state and federal mandated minimum wages.

j.   Defendants Ideal and United also failed to pay Plaintiff Francisco Medina for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and United's failure to compensate Plaintiff Francisco Medina for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

60.   Since July 17, 2003, all Defendants have failed to pay Plaintiffs and other class members for all time worked at the rate agreed to by the parties in violation of the IWPCA. For example:

a.   Defendants Ideal, Swissport, and Alitalia failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

b.   Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

c.   Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

d.   Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

e.   Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

f.   Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

g.   Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

h.   Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

    i.  Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff Rene Cordoba for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

    i.  Defendants Ideal and United also failed to pay Plaintiff Francisco Medina for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

61.    Since January 1, 2006, Defendant Ideal has failed to provide Plaintiffs and other Class Members an "Employment Notice" at the time of dispatch to third party clients in the form of a statement containing the following items on a form approved by the Illinois Department of Labor:

    a.  the name of the day or temporary laborer;

    b.  the name and nature of the work to be performed;

    c.  the wages offered;

    d.  the name and address of the destination of each day and temporary laborer;

    e.  terms of transportation; and

    f.  whether a meal or equipment, or both, are provided, either by the day and temporary labor service agency or the third party client, and the cost of the meal and equipment, if any.

62.    Since January 1, 2006, Defendant Ideal has likewise failed to provide Plaintiffs and other Class Members with a proper Wage Payment and Notice at the time of payment of wages in the form of an itemized statement, on the day or temporary laborers' pay stub or on a form approved by the Illinois Department of Labor, containing the total number of hours worked by the day or temporary laborer at each third party client each day during the pay period. As an example, see Exhibits B and C attached hereto.

63.    Since January 1, 2006, Defendant Ideal and APEX has likewise failed to compensate Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members and other Class Members for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g).  For example, Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were contracted by Defendant Ideal to work on December 7, 2007 at Defendant APEX, however they were not utilized.  Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were not paid their agreed upon rate of pay for the statutorily provided four (4) hours.

64.    Defendant Ideal's failure to provide Plaintiffs and other Class Members with the required Employment Notice (820 ILCS 175/10) and Wage Payment and Notice (820 ILCS 175/30), and Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members with four (4) hours of pay for contracted time not utilized (820 ILCS 175/30(g)) denied Plaintiffs and other Class Members certain information related to their employment which the Illinois legislature has determined is critical to protect the rights of day or temporary laborers. Such at-risk workers are particularly vulnerable to abuse of their labor rights, including unpaid wages, failure to pay for all hours worked, minimum wage and overtime violations, and unlawful deduction from pay for meals, transportation, equipment and other items. 820 ILCS 175/2.

## VII.   CLASS ACTION ALLEGATIONS

65.    Plaintiffs bring this action, on behalf of themselves and all other similarly situated persons, as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801.

66.    The Class that Plaintiffs seek to represent in regard to the IMWL overtime and minimum wage claims is composed of and defined as all persons who have been employed by Defendant Ideal as day or temporary laborers since July 17, 2005. The Class that Plaintiffs seek to represent in regard to the IWPCA claim is composed of and defined as all persons who have

been employed by Defendant Ideal as day or temporary laborers since July 17, 2003. The Class

that Plaintiffs seek to represent in regard to the IDTLSA claims is composed of and defined as all

persons who have been employed by Defendant Ideal as day or temporary laborers since January

1, 2006.

      67.    This action has been brought and may properly be maintained as a class action

under 735 ILCS 5/2-801 because:

    a.  The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant Ideal has employed thousands of persons as day or temporary laborers in Illinois during the IMWL and IWPCA Class Periods and thousands of persons as day or temporary laborers in Illinois during the IDTLSA Class period.

    b.  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

        i.  Whether Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet failed to pay day or temporary laborers overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

        ii.  Whether Defendants failed to pay day or temporary laborers the Illinois mandated-minimum wages for all time worked in individual work weeks during the IMWL Class Period;

        iii.  Whether Defendants failed to pay day or temporary laborers all earned wages at the rate agreed to by the parties for all time worked in individual work weeks during the IWPCA Class Period;

        iv.  Whether Defendant Ideal failed to provide day or temporary laborers with Employment Notice as required by 820 ILCS 175/10;

        v.  Whether Defendant Ideal failed to provide day or temporary laborers with Wage Payment and Notice as required by 820 ILCS 175/30;

        vi.  Whether Defendants Ideal and APEX failed to provide day or temporary laborers with the minimum four (4) hours of compensation when contracted to work and not utilized as required by 820 ILCS 175/30(g);

    c.   Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

    d.   The class action is an appropriate method for the fair and efficient adjudication of the controversy. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because Plaintiffs and the class seek injunctive relief that will affect all class members in a common way. Furthermore, those class members still employed by Defendant Ideal may be reluctant to raise individual claims for fear of retaliation.

## COUNT I
### Violation of the Illinois Minimum Wage Law-Overtime Wages
**(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 67 as though set forth herein.

68.    This count arises from the violation of the IMWL for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

69.    Since July 17, 2005, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks. See paragraph 58, *supra*.

70.    Since July 17, 2005, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks. The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of,

Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

71. Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

72. Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees overtime wages at the rate of one and one half time their regular rate for all time they worked in excess of forty (40) hours in individual work weeks. See paragraph 58, *supra.*

73. Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class violated the maximum hour provisions of the IMWL.

74. Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto represent all current and former employees of Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet who have not been paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks since July 17, 2005, through and including the present.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class pray for a judgment against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet as follows:

A. That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B. A judgment in the amount of all back wages due as provided by the IMWL;

C. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

E. A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Day and Temporary Labor Services Act-Overtime Wages
**(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 74 as though set forth herein.

75.     This count arises from the violation of the IDTLSA for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

76.     Since January 1, 2006, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks.  See paragraph 58, *supra.*

77.     Since January 1, 2006, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks.  The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of, Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

78.     Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

79.     Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated

employees overtime wages at the rate of one and one half time their regular rate for all time they worked in excess of forty (40) hours in individual work weeks. See paragraph 58, *supra*.

80.   Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class violated the IDTLSA.

81.   Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto represent all current and former employees of Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet who have not been paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks since January 1, 2006.

82.   Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an equal amount of their unpaid wages as liquidated damages since January 1, 2006.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class pray for a judgment against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet as follows:

A.   That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.   A judgment for liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

C.   Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

D.   A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.   Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages
#### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 82 as though set forth herein.

83.    This count arises from the violation of the IMWL for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

84.    During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

85.    Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

86.    Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

87.    Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the minimum wage provisions of the IMWL.

88.    Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages in the three (3) years prior to Plaintiffs filing their lawsuit, through and including the present.

89.    Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for the three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.     A judgment in the amount of all back wages due as provided by the IMWL;

C.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

E.     A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Day and Temporary Labor Services Act – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 89 as though set forth herein.

90.     This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

91.     During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

92.     Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

93.     Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

94.    Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the IDTLSA.

95.    Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages since January 1, 2006.

96.    Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an equal amount of their unpaid wages as liquidated damages since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment for liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

C.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

D.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act– Unpaid Wages, Non Issuance of Final Checks
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 96 as though set forth herein.

97.    This count arises from the violation of the IWPCA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

98.    During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during that individual work week as described in paragraph 60, *supra*.

99.    Since July 17, 2003, other class members were similarly not compensated for all time worked in certain work weeks. The specific dates and locations at which Plaintiffs and other similarly situated employees of Defendants were not compensated for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendants and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

100.    Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

101.    Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA.

102.    Plaintiffs represent all current and former employees of Defendants' who have not been paid for all time worked at the rate agreed to by the parties in the five (5) years prior to Plaintiffs filing their lawsuit, through and including the present.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due, as provided by the IWPCA;

C.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

D.    An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Illinois Day and Temporary Labor Services Act –
### Unpaid Wages-Non-Issuance of Final Checks
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 102 as though set forth herein.

103.    This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

104.    During the course of their employment with Defendants, Plaintiffs were not compensated for all time they worked in certain work weeks. See paragraph 60, *supra*.

105.    Other class members were similarly not compensated for all time worked in certain work weeks.

106.    Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

107.    Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA, a wage and hour violation as incorporated into the IDTLSA. 820 ILCS 175/95(a)(1). Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an amount equal to their earned wages as liquidated damages since January 1, 2006.

108.    Plaintiffs represent all current and former employees of Defendants who have not been paid for all time worked at the rate agreed to by the parties since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IDTLSA;

C.    That the Court award Plaintiffs and Class Members liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

D.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.    Such other and further relief as this Court deems appropriate and just.

## COUNT VII
### Violation of the Illinois Day and Temporary Labor Services Act-
### Unpaid Wages-Statutory Minimum Pay of four (4) hours for a contracted work day
### (Plaintiffs Berenice Jacinto and Lucia Portillo on their own behalf and on behalf of a class
### against Defendants Ideal Staffing and APEX Only)

Plaintiffs incorporate and reallege paragraphs 1 through 108 as though set forth herein.

109.   This count arises from the violation of the IDTLSA for Defendants Ideal's and APEX's failure to pay Plaintiffs Berenice Jacinto and Lucia Portillo and the class that they represent for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g).

110.   Plaintiffs Berenice Jacinto and Lucia Portillo and the class they represent were contracted by Defendants Ideal to work on December 7, 2007 at Defendant APEX, and were not utilized, or paid the statutorily provided four (4) hours of pay for a contracted day. See paragraph 64, *supra*.

111.   Pursuant to 820 ILCS 175/30(g), Plaintiffs Berenice Jacinto, Lucia Portillo and the class members are entitled to be paid for the statutory minimum of four (4) hours of pay when contracted to work, but not utilized.

112.   Defendants Ideal and APEX's failure to pay Plaintiffs Berenice Jacinto, Lucia Portillo and the class members for the statutorily provided four (4) hours of pay for a contracted day violated the IDTLSA, 820 ILCS 175/30(g).

113.   Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs Berenice Jacinto, Lucia Portillo and members of the class are entitled to recover their four (4) hours of pay and an equal amount in liquidated damages from January 1, 2006.

114.   Plaintiffs Berenice Jacinto and Lucia Portillo represent all current and former employees of Defendants Ideal and Defendant APEX who have not been paid the statutorily provided four (4) hours of pay for a day of contracted work without being utilized.

WHEREFORE, Plaintiffs Berenice Jacinto and Lucia Portillo and the class pray for a judgment against Defendant Ideal and Defendant APEX, as follows:

A.   That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.   A judgment in the amount of all back wages due as provided by the IDTLSA;

C.   That the Court award Plaintiffs Berenice Jacinto and Lucia Portillo and Class Members liquidated damages in an amount equal to the amount of unpaid wages found due for December 7, 2007 pursuant to 820 ILCS 175/95(a)(1);

D.   Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.   A determination of the rights of the parties and a direction to Defendants Ideal and APEX to account for all hours worked and wages paid to the class members during the temporality of the class;

F.   Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### Violation of the Illinois Day and Temporary Labor Services Act-Employment Notices
### (Plaintiffs on their own behalf and on behalf of a class against Defendant Ideal Only)

Plaintiffs incorporate and reallege paragraphs 1 through 114 as though set forth herein.

115.   This count arises from the violation of the IDTLSA for Defendants Ideal's failure to provide Plaintiffs and similarly situated employees with Employment Notices as required by the IDTLSA.

116.   Defendants Ideal's employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

117.   In employing Plaintiffs and other similarly situated day or temporary laborers, Defendants Ideal's failed to provide such persons with Employment Notices as required by the IDTLSA. 820 ILCS 175/10.

118.   Defendants Ideal's failed to provide Plaintiffs and other similarly situated day or temporary laborers with Employment Notices at the time of dispatch to third party clients as required by the IDTLSA. 820 ILCS 175/10.

119.    Plaintiffs represent all current and former employees of Defendants Ideal's who have not received Employment Notices at the time of dispatch to third party clients since July 17, 2003, through and including the present.

120.    Defendants Ideal and Deastis violated the IDTLSA by failing to provide to Plaintiffs and Class Members with Employment Notices as required by the IDTLSA 820 ILCS 175/10.

WHEREFORE Plaintiffs and the class pray for a judgment against Defendants Ideal and Deastis, as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    That the Court declare that Defendant Ideal have violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

C.    That the Court enjoin Defendant from violating the IDTLSA;

D.    That the Court award Plaintiffs and Class Members compensatory damages and an amount up to $500 for the violation of each subpart of each Section of the IDTLSA violated by Defendant;

E.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs in bringing this action; and

F.    That the Court award such other and further relief as this Court may deem appropriate.

## COUNT IX
### Violation of Illinois Day and Temporary Labor Services Act-Wage Payment and Notice
### (Plaintiffs on their own behalf and on behalf of class against Defendant Ideal Only)

Plaintiffs incorporate and reallege paragraphs 1 through 120 of this Complaint.

121.    This count arises from the violation of the IDTLSA for Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA.

122.    Defendant Ideal employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

123.    In employing Plaintiffs and other similarly situated day or temporary laborers, Defendant Ideal failed to provide such persons with proper Wage Payment and Notices as required by the IDTLSA. 820 ILCS 175/30.

124.    Specifically, Defendants Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with a detailed itemized statement showing the number of hours worked by the day or temporary laborer at each third party client company each day during the pay period. For example, Plaintiff Ismael Andrade's pay stubs for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

125.    In addition, Defendant Ideal failed to provide the name, address and telephone number of each third party client at which the day or temporary laborer worked or, in the alternative, a code which corresponded to such required information and which was made available to Plaintiffs and other similarly situated day or temporary laborers. See, for example, Plaintiff Ismael Andrade's pay stub for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

126.    Defendant Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with proper Wage Payment and Notices at the time of payment of wages as required by the IDTLSA. 820 ILCS 175/30.

127.   Plaintiffs represent all current and former employees of Defendant Ideal who have not been provided proper Wage Payment and Notices at the time of payment of wages since January 1, 2006, through and including the present.

128.   Defendant Ideal violated the IDTLSA by failing to provide to Plaintiffs and Class Members proper Wage Payment and Notices as required by the IDTLSA, 820 ILCS 175/30.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant Ideal, as follows:

    A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

    B.    That the Court declare that Defendant Ideal violated the Wage Payment and Notice provision of the IDTLSA. 820 ILCS 175/30;

    C.    That the Court enjoin Defendants Ideal from violating the IDTLSA;

    D.    That the Court award Plaintiffs and Class Members compensatory damages and an amount up to $500 for the violation of each subpart of each Section of the IDTLSA violated by Defendant Ideal;

    E.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs in bringing this action; and

    F.    That the Court award such other and further relief as this Court may deem appropriate.

## COUNT X
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiffs, individually, against all Defendants)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 128 of this Complaint.

129.   This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay minimum wages to Plaintiffs and the class they represent the minimum wages for all the time they worked.

130.   Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have been Plaintiffs' employers as defined by the FLSA.

131.   During the course of their employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

132.   During the weeks ending November 3, 2007 and November 10, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the then federally mandated minimum wage.

133.   The specific dates and locations at which Plaintiffs were not compensated the then federally mandated minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

134.   Pursuant to 29 U.S.C. § 206, Plaintiffs are entitled to be paid at least the federally mandated minimum wage for all time worked.

135.   Defendants' failure to pay the minimum wage rate to Plaintiffs violated the minimum wage hour provisions of the FLSA, 29 U.S.C. § 206.

136.   Defendants willfully violated the FLSA by refusing to pay Plaintiffs wages for all time worked.

137.   Pursuant to 29 U.S.C. § 255, Plaintiffs are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because Defendants' failure to pay minimum wages was a willful violation of the FLSA, 29 U.S.C. § 206.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.   A judgment in the amount of unpaid minimum wages for all hours worked by Plaintiff other similarly situated employees;

B.   Liquidated damages in an amount equal to the amount of unpaid wages found to be due and owing;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just

## COUNT XI
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez individually only against Defendants Ideal, Menzies, Alitalia, and Gate Gourmet only)

Plaintiffs incorporate and reallege paragraphs 1 through 137 as though set forth herein.

138.    This count arises from Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez at a rate of one and one half times their regular hourly rate of pay.

139.    Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have been Plaintiffs' employers as defined by the FLSA.

140.    During the course of their employment by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet, Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

141.    Since July 17, 2005, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were required and/or permitted by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work in excess of forty (40) hours in individual workweeks, and Plaintiffs did worked in excess of forty (40) hours in individual workweeks. See paragraph 58, *supra.*

142.    Pursuant to 29 U.S.C. §207, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

143.    Defendants did not compensate Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in that individual work weeks. See paragraph 58, *supra*.

144.    Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

145.    Defendants Ideal, Menzies, Alitalia, and Gate Gourmet willfully violated the FLSA by refusing to pay Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto overtime wages for all time worked in excess of forty (40) hours per week.

146.    Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto pray for a judgment against Defendants Ideal, Menzies, Alitalia, and Gate Gourmet as follows:

A.    A judgment in the amount of one and one-half times Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto's regular rate for all time they worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  July 17, 2008

JOHN E. UNTEREKER
CHRISTOPHER J. WILLIAMS
Working Hands Legal Clinic (#44534)
77 W. Washington, Suite 1402
Chicago, Il 60602
(312) 795-9115

Attorneys for Plaintiffs

# EXHIBIT A

A36

# Earnings Statement

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Pay Period:  6/18/2007  to  6/24/2007
Pay Date:  6/29/2007
Check #:  24444

Employee Number:  0780
Department Number:
Social Security Number:  XXX-XX-3766
Marital Status:  SINGLE
Number Of Allowances:  05
Rate:  9.0000

ISMAEL ANDRADE
460 W. IRVING PK RD
BENSENVILLE, IL 60106

## Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGULAR | -40.00 | 360.00 | 3260.50 |

## Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 27.54 | 249.43 |
| IL ST | 5.03 | 25.63 |
| E I C | - 26.77 | - 283.50 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,260.50 | $360.00 | $5.80 | $354.20 |

©2001 Automatic Data Processing, Inc.

▶ TEAR HERE

A36

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

**Earnings Statement**

Pay Period: 6/18/2007 to 6/24/2007
Pay Date: 6/29/2007
Check #: 24445

ISMAEL ANDRADE
460 W. IRVING PK RD
BENSENVILLE, IL 60106

Employee Number: 0780
Department Number:
Social Security Number: XXX-XX-3766
Marital Status: SINGLE
Number Of Allowances: 05
Rate: 7.0000

**Hours and Earnings**

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGULAR | 7.00 | 49.00 | 3260.50 |

**Taxes and Deductions**

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 3.75 | 249.43 |
| IL ST | - | 25.63 |
| E I C | 10.00 - | 283.50 - |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,260.50 | $49.00 | $6.25 - | $55.25 |

EASYPAY

©2001 Automatic Data Processing, Inc.

◄ TEAR HERE

# EXHIBIT B

A36

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

# Earnings Statement

Pay Period:    3/26/2007   to   4/01/2007
Pay Date:      4/06/2007
Check #:       23162

Employee Number:           0703
Department Number:
Social Security Number:    XXX-XX-9087
Marital Status:            MARRIED
Number Of Allowances:      07
Rate:                      9.0000

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

### Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGULAR | 40.00 | 360.00 | 4022.10 |
| O/TIME | | | 108.00 |

### Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 27.54 | 315.95 |
| IL ST | 2.72 | 30.87 |
| E I C | - 31.32 - | 399.65 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $4,130.10 | $360.00 | $1.06- | $361.06 |

©2001 Automatic Data Processing, Inc.

◀ TEAR HERE

A36

# Earnings Statement

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Pay Period:    3/26/2007   to   4/01/2007
Pay Date:      4/06/2007
Check #:       23163

Employee Number:        0703
Department Number:
Social Security Number: XXX-XX-9087
Marital Status:         MARRIED
Number Of Allowances:   07
Rate:                   9.0000

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

### Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGLAR | 17.15 | 154.35 | 4022.10 |
| O/TIME |  |  | 108.00 |

### Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 11.81 | 315.95 |
| IL ST |  | 50.87 |
| E I C | - 31.49 | - 399.65 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $4,130.10 | $154.35 | $19.68- | $174.03 |

©2001 Automatic Data Processing, Inc.

◄ TEAR HERE

# EXHIBIT C

| EMPLOYEE | | | SOCIAL SEC. NO. | FILING STATUS | | CHECK DATE | | PERIOD END | | CHECK NO. |
|---|---|---|---|---|---|---|---|---|---|---|
| 51-0000444  Andrade, I | | | | S - 5 | | 09/07/2007 | | 09/02/2007 | | 006246 |

| Earnings | Current | | YTD | | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|---|
| Type | Hours | Amount | Hours | Amount | Federal W/H | 0.00 | 6.21 |
| Straight Time | 16.00 | 136.00 | 402.00 | 3,092.00 | FICA | 8.43 | 196.94 |
| Overtime | 0.00 | 0.00 | 7.50 | 84.33 | E.I.C. | -27.74 | -329.89 |
| | | | | | Medicare | 1.97 | 46.05 |
| | | | | | IL State W/H | 1.20 | 58.90 |

GROSS EARNINGS:    136.00

NET EARNINGS:    152.14

TOTAL DEDUCTIONS:    -16.14    YTD  -21.79

MEMO   Verify name, address, social security #

GROSS EARNINGS YTD: 3,176.38

SOCIAL SEC. NO.
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

| EMPLOYEE | | | | PERIOD END | | CHECK NO. |
|---|---|---|---|---|---|---|
| 51-0000444  Andrade, I | | | | 09/02/2007 | | 006246 |

| W.E. Date | Customer Name | Hrs Type | Hours | Pay Rate | Gross Pay |
|---|---|---|---|---|---|
| 9/2/2007 | Menzies Aviation | Straight Time | 16.00 | 8.50 | 136.00 |
| 9/2/2007 | Swissport Cargo -7015 | Straight Time | 8.00 | 7.50 | 60.00 |
| | | Straight Time | 40.00 | 7.50 | 300.00 |
| | | | 64.00 | | 496.00 |

# EXHIBIT D

| EMPLOYEE | | SOCIAL SEC. NO. | | FILING STATUS | | CHECK DATE | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|---|---|---|
| 51-0000612  Hernandez, J | | | | M- 1 | | 11/02/2007 | 10/28/2007 | 007434 |

| Earnings Type | Current Hours | Current Amount | YTD Hours | YTD Amount |
|---|---|---|---|---|
| Straight Time | 6.00 | 51.00 | 803.00 | 6,478.75 |
| Overtime | 0.00 | 0.00 | 20.00 | 240.00 |

| DEDUCTION | AMOUNT | YTD |
|---|---|---|
| Federal W/H | 0.00 | 186.46 |
| FICA | 3.16 | 416.57 |
| Medicare | 0.74 | 97.42 |
| IL State W/H | 0.95 | 183.61 |

GROSS EARNINGS: 51.00
NET EARNINGS: 46.15

TOTAL DEDUCTIONS: 4.85

6,718.75    884.06

Verify name, address, social security #

EMPLOYEE

CHECK NO.
007434

PERIOD END
10/28/2007

| W.E. Date | Customer Name | Hrs Type | Hours | Pay Rate | Gross Pay |
|---|---|---|---|---|---|
| 10/28/2007 | Menzies Aviation | Straight Time | 6.00 | 8.50 | 51.00 |
| 10/28/2007 | Swissport Cargo -7015 | Straight Time | 40.00 | 8.00 | 320.00 |
| | | | 46.00 | | 371.00 |

# EXHIBIT C

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

CCG N001-10M-1-07-05 (                )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)
Marcelino Andrade et al.

v.

Ideal Staffing Solutions, Inc. et al.

}

No. 08 CH 25610

Apex Plastic Finishing Company
c/o Reg. Agent William P. Elzer
1040 Industrial Drive
Bensonville, IL 60106

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 44534

Name: John E. Untereker/Working Hands Legal Clinic

Atty. for: Plaintiffs

Address: 77 W. Washington St., Suite 1402

City/State/Zip: Chicago, IL 60602

Telephone: (312)-795-9115

Service by Facsimile Transmission will be accepted at: _____

WITNESS, JUL 22 2008 , _____

DOROTHY BROWN
CLERK OF CIRCUIT         Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

MARCELINO ANDRADE, BERENICE JACINTO, )
AMERICA GARCIA, ORALIA PALACIOS, MIGUEL )
RUBIO, ISMAEL ANDRADE, JOSE HERNANDEZ, )
LUCIA PORTILLO, RENE CORDOBA, and )
FRANCISCO MEDINA, on behalf of themselves and )
all other persons similarly situated, known and unknown, )
                                                     )
                    Plaintiffs,                      )
                                                       )
          v.                                  )        Case No.
                                                           )
IDEAL STAFFING SOLUTIONS, INC., UAL, INC., )
ALITALIA AIRLINES, SINGAPORE AIRLINES, GATE )
GOURMET, INC., AIR MENZIES INTERNATIONAL )
(USA), INC., SWISSPORT CARGO SERVICES, INC., )
APEX PLASTIC FINISHING COMPANY, JD )
NORMAN INDUSTRIES, INC. and DIEGO DEASTIS, )
individually, )
                    Defendants.                 )
                                                           )

08CH25610

## COMPLAINT

Plaintiffs Marcelino Andrade, America Garcia, Berenice Jacinto, Oralia Palacios, Miguel Rubio, Ismael Andrade, Jose Hernandez, Lucia Portillo, Rene Cordoba, and Francisco Medina, on behalf of themselves and other similarly situated employees, known and unknown, through their attorneys, for their Complaint against Defendants Ideal Staffing Solutions, Inc. ("Ideal"), UAL, Inc. ("United"), Alitalia Airlines ("Alitalia"), Singapore Airlines ("Singapore"), Gate Gourmet, Inc. ("Gate Gourmet"), Air Menzies International(USA), Inc. ("Menzies"), Swissport Cargo Services, Inc. ("Swissport"), APEX Plastic Finishing Company ("APEX"), JD Norman Industries, Inc. ("JD Norman"), and Diego Deastis ("Deastis"), individually, (collectively "Defendants"), state as follows:

## I.    INTRODUCTION

1.    Plaintiffs are low-wage workers who were hired by a temporary staffing agency, Ideal, to work at eight different client companies located at or near O'Hare International Airport, including United, Alitalia, Singapore Airlines, Gate Gourmet, Menzies, and Swissport. Plaintiffs make a claim for unpaid overtime and other earned wages on behalf of themselves and a class of similarly situated employees. Plaintiffs and the class seek recovery of their owed wages from Ideal and Ideal's client companies jointly in that all benefited from the illegal schemes used to deny Plaintiffs and the class their earned wages thereby reducing labor costs. Plaintiffs also seek recovery for Defendants' violation of protections specifically guaranteed to day laborers by Illinois law.

## II.    NATURE OF PLAINTIFFS' CLAIMS

2.    This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Day and Temporary Labor Services Act, 820 ILCS 115/1 *et seq.* ("IDTLSA"), for: 1) Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees in violation of the IMWL and the IDTLSA; 2) all Defendants' failure to pay minimum wages to Plaintiffs and other similarly situated employees in violation of the IMWL and IDTLSA; 3) all Defendants' failure to pay all earned wages to Plaintiffs and other similarly situated employees in violation of the IWPCA and the IDTLSA; 4) Defendant Ideal's failure to compensate Plaintiffs Berenice Jacinto, Lucia Portillo and similarly situated employees for a minimum of four (4) hours on days when they were contracted to work, but were not utilized as required by the IDTLSA; 5) Defendant Ideal's failure to provide Plaintiffs and

similarly situated employees with Employment Notices as required by the IDTLSA; 6) Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA. Plaintiffs bring this lawsuit as a class action, under Illinois Code of Civil Procedure 735 ILCS 5/2-801 *et seq.*, seeking damages and other equitable relief under the IMWL, the IWPCA and the IDTLSA on behalf of Plaintiffs and all other similarly situated employees of Defendants. Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto also bring individual claims under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay federally mandated minimum wages and overtime wages.

3.    The "IMWL Class Period" for the IMWL overtime and minimum wage claims is designated as the period beginning July 17, 2005 based on the limitations period of the IMWL. The "IWPCA Class Period" for the IWPCA claim is designated as the period beginning July 17, 2003 based on the limitations period of the IWPCA. The "IDTLSA Class Period" for the IDTLSA claims is designated as the period beginning January 1, 2006, the effective date of the IDTLSA, to the present, based upon Plaintiffs' allegations that the violations of the IDTLSA, as described more fully below, have been ongoing since that time.

## III.    JURISDICTION

4.    Jurisdiction in this Court is proper pursuant to 735 ILCS 5/2-209(a)(1) because Defendants committed the violations of the IMWL, the IWPCA and the IDTLSA complained of herein in Illinois and, pursuant to 735 ILCS 5/2-209(b)(4), because Defendants conduct and transact business from and within the state of Illinois.

## IV.    VENUE

5.    Venue is proper in this judicial district pursuant to 735 ILCS 5/2-101 in that Plaintiffs and other members of the Class performed work for Defendants within Cook County, Illinois, a substantial number of the acts complained of herein occurred within Cook County, Illinois, and Defendants have maintained offices and transacted business during the Class Period within Cook County, Illinois.

## V.    PARTIES

### A.    Plaintiffs

6.    At all relevant times, Plaintiff Marcelino Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

7.    At all relevant times, Plaintiff America Garcia has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman and APEX.

8.    At all relevant times, Plaintiff Berenice Jacinto has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX and Gate Gourmet.

9.    At all relevant times, Plaintiff Oralia Palacios has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman.

10.    At all relevant times, Plaintiff Miguel Rubio has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies.

11.    At all relevant times, Plaintiff Ismael Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

12.    At all relevant times, Plaintiff Jose Hernandez has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

13.    At all relevant times, Plaintiff Lucia Portillo has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the

IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX.

14.    At all relevant times, Plaintiff Rene Cordoba has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

15.    At all relevant times, Plaintiff Francisco Medina has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including United and Swissport.

**B.    Defendants**

16.    Defendant Ideal is an Illinois corporation doing business in Illinois. Defendant Ideal is day and temporary service agency located in Illinois.

17.    Defendant Ideal is or has been Plaintiffs' "employer" as that term is defined by the IDTLSA, the IMWL, the IWPCA, and the FLSA.

18.    Since January 1, 2006, Defendant Ideal has been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients pursuant to contracts between itself and third party clients.

19.    Since January 1, 2006, Defendant Ideal has been "a day and temporary labor service agency" as defined by the IDTLSA. 820 ILCS 175/5.

52.    Since July 17, 2003, Defendant JD Norman has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

53.    Since January 1, 2006, Defendant JD Norman has contracted with Ideal in order to obtain day or temporary laborers.

54.    Since January 1, 2006, Defendant JD Norman has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

## VI.    FACTUAL BACKGROUND

55.    Plaintiffs and other day and temporary laborers have worked for Defendant Ideal at one of its Illinois branch offices in one or more individual work weeks since July 17, 2003.

56.    Defendant Ideal operates, and at all times during the Class Periods, has done business in Cook County and elsewhere within Illinois.

57.    Defendants United, Alitalia, Singapore, Gate Gourmet, Menzies, Swissport, APEX, and JD Norman operate, and at all times during the Class Periods, have done business in Cook County and elsewhere within Illinois.

58.    Since July 17, 2005, Defendant Ideal has failed to pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto and other Class Members at the rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours in a single work week in violation of the IMWL. For example:

   a.   In one scheme, Defendant Ideal and Gate Gourmet denied Plaintiff Ismael Andrade, Berenice Jacinto and other class members their earned overtime pay by "splitting" their weekly compensation between multiple paychecks so that no individual paycheck identified employees as having worked more than forty (40) hours in an individual work week. For example, see Exhibit A, attached hereto, showing Defendant Ideal issued Plaintiff Ismael Andrade two paychecks for the work he performed in the work week ending June 24, 2007, one check (#24444) compensating him for 40 hours of work at his regular rate of pay and the other check (#24445) compensating him for an additional 7 hours of work at his regular rate of

pay, or a total of 47 hours all paid at Plaintiff Ismael Andrade's regular rate of pay.

b. For example, see Exhibit B, attached hereto, showing Defendant Ideal issued Plaintiff Berenice Jacinto two paychecks for the work she performed in the work week ending April 1, 2007 at Gate Gourmet, one check (#23162) compensating her for 40 hours of work at her regular rate of pay and the other check (#23163) compensating her for an additional 17.15 hours of work at her regular rate of pay, or a total of 57.15 hours all paid at Plaintiff Berenice Jacinto's regular rate of pay.

c. In another scheme, Defendant Ideal, Menzies, and Alitalia denied Plaintiffs Ismael Andrade, Jose Hernandez, and other class members their earned overtime pay by paying them for all hours worked, including time worked over forty (40) hours in individual work weeks, with one check, however at their "straight-time" hourly rate of pay. For example, see Exhibit C, attached hereto, showing Defendant Ideal compensated Plaintiff Ismael Andrade for sixty-four (64) hours for the work he performed in the work week ending September 2, 2007 at his regular rate of pay. Plaintiff Ismael Andrade was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

d. For example, see Exhibit D, attached hereto, showing Defendant Ideal compensated Plaintiff Jose Hernandez for forty-six (46) hours for the work he performed in the work week ending October 28, 2007 at his regular rate of pay. Plaintiff Jose Hernandez was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

59.   Since July 17, 2005, Defendants have failed to pay Plaintiffs and other Class Members for all time they worked, which caused their hourly wage rate to fall below the state-mandated minimum wage rate in violation of the IMWL and FLSA. For example:

a. Defendants Ideal, Swissport, and Alitalia also failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Alitalia's failure to compensate Plaintiff Marcelino Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

b. Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure

to compensate Plaintiff Marcelino Andrade for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

c.  Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Berenice Jacinto for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

d.  Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure to compensate Plaintiff Oralia Palacios for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

e.  Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and Menzies 's failure to compensate Plaintiff Miguel Rubio for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

f.  Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Lucia Portillo for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

g.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Ismael Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

h.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Jose Hernandez for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

i.  Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff Rene Cordoba for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Singapore's failure to compensate Plaintiff Rene Cordoba for all time he

worked resulted in payment of less than the state and federal mandated minimum wages.

j.  Defendants Ideal and United also failed to pay Plaintiff Francisco Medina for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and United's failure to compensate Plaintiff Francisco Medina for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

60.  Since July 17, 2003, all Defendants have failed to pay Plaintiffs and other class members for all time worked at the rate agreed to by the parties in violation of the IWPCA. For example:

a.  Defendants Ideal, Swissport, and Alitalia failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

b.  Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

c.  Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

d.  Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

e.  Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

f.  Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

g.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

h.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

    i.  Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff Rene Cordoba for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

    j.  Defendants Ideal and United also failed to pay Plaintiff Francisco Medina for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

61.    Since January 1, 2006, Defendant Ideal has failed to provide Plaintiffs and other Class Members an "Employment Notice" at the time of dispatch to third party clients in the form of a statement containing the following items on a form approved by the Illinois Department of Labor:

    a.  the name of the day or temporary laborer;

    b.  the name and nature of the work to be performed;

    c.  the wages offered;

    d.  the name and address of the destination of each day and temporary laborer;

    e.  terms of transportation; and

    f.  whether a meal or equipment, or both, are provided, either by the day and temporary labor service agency or the third party client, and the cost of the meal and equipment, if any.

62.    Since January 1, 2006, Defendant Ideal has likewise failed to provide Plaintiffs and other Class Members with a proper Wage Payment and Notice at the time of payment of wages in the form of an itemized statement, on the day or temporary laborers' pay stub or on a form approved by the Illinois Department of Labor, containing the total number of hours worked by the day or temporary laborer at each third party client each day during the pay period.  As an example, see Exhibits B and C attached hereto.

63.    Since January 1, 2006, Defendant Ideal and APEX has likewise failed to compensate Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members and other Class Members for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g).  For example, Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were contracted by Defendant Ideal to work on December 7, 2007 at Defendant APEX, however they were not utilized.  Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were not paid their agreed upon rate of pay for the statutorily provided four (4) hours.

64.    Defendant Ideal's failure to provide Plaintiffs and other Class Members with the required Employment Notice (820 ILCS 175/10) and Wage Payment and Notice (820 ILCS 175/30), and Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members with four (4) hours of pay for contracted time not utilized (820 ILCS 175/30(g)) denied Plaintiffs and other Class Members certain information related to their employment which the Illinois legislature has determined is critical to protect the rights of day or temporary laborers. Such at-risk workers are particularly vulnerable to abuse of their labor rights, including unpaid wages, failure to pay for all hours worked, minimum wage and overtime violations, and unlawful deduction from pay for meals, transportation, equipment and other items. 820 ILCS 175/2.

## VII.    CLASS ACTION ALLEGATIONS

65.    Plaintiffs bring this action, on behalf of themselves and all other similarly situated persons, as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801.

66.    The Class that Plaintiffs seek to represent in regard to the IMWL overtime and minimum wage claims is composed of and defined as all persons who have been employed by Defendant Ideal as day or temporary laborers since July 17, 2005. The Class that Plaintiffs seek to represent in regard to the IWPCA claim is composed of and defined as all persons who have

been employed by Defendant Ideal as day or temporary laborers since July 17, 2003. The Class that Plaintiffs seek to represent in regard to the IDTLSA claims is composed of and defined as all persons who have been employed by Defendant Ideal as day or temporary laborers since January 1, 2006.

67.    This action has been brought and may properly be maintained as a class action under 735 ILCS 5/2-801 because:

a.    The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant Ideal has employed thousands of persons as day or temporary laborers in Illinois during the IMWL and IWPCA Class Periods and thousands of persons as day or temporary laborers in Illinois during the IDTLSA Class period.

b.    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

i.    Whether Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet failed to pay day or temporary laborers overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

ii.    Whether Defendants failed to pay day or temporary laborers the Illinois mandated-minimum wages for all time worked in individual work weeks during the IMWL Class Period;

iii.    Whether Defendants failed to pay day or temporary laborers all earned wages at the rate agreed to by the parties for all time worked in individual work weeks during the IWPCA Class Period;

iv.    Whether Defendant Ideal failed to provide day or temporary laborers with Employment Notice as required by 820 ILCS 175/10;

v.    Whether Defendant Ideal failed to provide day or temporary laborers with Wage Payment and Notice as required by 820 ILCS 175/30;

vi.    Whether Defendants Ideal and APEX failed to provide day or temporary laborers with the minimum four (4) hours of compensation when contracted to work and not utilized as required by 820 ILCS 175/30(g);

c. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

d. The class action is an appropriate method for the fair and efficient adjudication of the controversy. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because Plaintiffs and the class seek injunctive relief that will affect all class members in a common way. Furthermore, those class members still employed by Defendant Ideal may be reluctant to raise individual claims for fear of retaliation.

## COUNT I
### Violation of the Illinois Minimum Wage Law-Overtime Wages
**(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 67 as though set forth herein.

68. This count arises from the violation of the IMWL for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

69. Since July 17, 2005, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks. See paragraph 58, *supra*.

70. Since July 17, 2005, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks. The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of,

Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

71.    Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

72.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees overtime wages at the rate of one and one half time their regular rate for all time they worked in excess of forty (40) hours in individual work weeks. See paragraph 58, *supra.*

73.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class violated the maximum hour provisions of the IMWL.

74.    Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto represent all current and former employees of Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet who have not been paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks since July 17, 2005, through and including the present.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class pray for a judgment against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IMWL;

C.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.;*

E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Day and Temporary Labor Services Act-Overtime Wages
(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and
on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet
Only)

Plaintiffs incorporate and reallege paragraphs 1 through 74 as though set forth herein.

75.     This count arises from the violation of the IDTLSA for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

76.     Since January 1, 2006, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks.  See paragraph 58, *supra*.

77.     Since January 1, 2006, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks.  The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of, Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

78.     Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

79.     Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated

83.    This count arises from the violation of the IMWL for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

84.    During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

85.    Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

86.    Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

87.    Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the minimum wage provisions of the IMWL.

88.    Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages in the three (3) years prior to Plaintiffs filing their lawsuit, through and including the present.

89.    Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for the three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.     A judgment in the amount of all back wages due as provided by the IMWL;

C.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

E.     A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Day and Temporary Labor Services Act – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 89 as though set forth herein.

90.     This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

91.     During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

92.     Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

93.     Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

94.    Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the IDTLSA.

95.    Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages since January 1, 2006.

96.    Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an equal amount of their unpaid wages as liquidated damages since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment for liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

C.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

D.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act–
### Unpaid Wages, Non Issuance of Final Checks
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 96 as though set forth herein.

97.    This count arises from the violation of the IWPCA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

98.    During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during that individual work week as described in paragraph 60, *supra.*

99.    Since July 17, 2003, other class members were similarly not compensated for all time worked in certain work weeks. The specific dates and locations at which Plaintiffs and other similarly situated employees of Defendants were not compensated for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendants and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

100.    Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

101.    Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA.

102.    Plaintiffs represent all current and former employees of Defendants' who have not been paid for all time worked at the rate agreed to by the parties in the five (5) years prior to Plaintiffs filing their lawsuit, through and including the present.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due, as provided by the IWPCA;

C.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

D.    An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Illinois Day and Temporary Labor Services Act –
### Unpaid Wages-Non-Issuance of Final Checks
**(Plaintiffs on their own behalf and on behalf of a class against all Defendants)**

Plaintiffs incorporate and reallege paragraphs 1 through 102 as though set forth herein.

103.    This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

104.    During the course of their employment with Defendants, Plaintiffs were not compensated for all time they worked in certain work weeks. See paragraph 60, *supra.*

105.    Other class members were similarly not compensated for all time worked in certain work weeks.

106.    Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

107.    Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA, a wage and hour violation as incorporated into the IDTLSA. 820 ILCS 175/95(a)(1). Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an amount equal to their earned wages as liquidated damages since January 1, 2006.

108.    Plaintiffs represent all current and former employees of Defendants who have not been paid for all time worked at the rate agreed to by the parties since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IDTLSA;

C.    That the Court award Plaintiffs and Class Members liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

D.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT VII
### Violation of the Illinois Day and Temporary Labor Services Act-
### Unpaid Wages-Statutory Minimum Pay of four (4) hours for a contracted work day
### (Plaintiffs Berenice Jacinto and Lucia Portillo on their own behalf and on behalf of a class
### against Defendants Ideal Staffing and APEX Only)

Plaintiffs incorporate and reallege paragraphs 1 through 108 as though set forth herein.

109.     This count arises from the violation of the IDTLSA for Defendants Ideal's and APEX's failure to pay Plaintiffs Berenice Jacinto and Lucia Portillo and the class that they represent for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g).

110.     Plaintiffs Berenice Jacinto and Lucia Portillo and the class they represent were contracted by Defendants Ideal to work on December 7, 2007 at Defendant APEX, and were not utilized, or paid the statutorily provided four (4) hours of pay for a contracted day. See paragraph 64, *supra*.

111.     Pursuant to 820 ILCS 175/30(g), Plaintiffs Berenice Jacinto, Lucia Portillo and the class members are entitled to be paid for the statutory minimum of four (4) hours of pay when contracted to work, but not utilized.

112.     Defendants Ideal and APEX's failure to pay Plaintiffs Berenice Jacinto, Lucia Portillo and the class members for the statutorily provided four (4) hours of pay for a contracted day violated the IDTLSA, 820 ILCS 175/30(g).

113.     Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs Berenice Jacinto, Lucia Portillo and members of the class are entitled to recover their four (4) hours of pay and an equal amount in liquidated damages from January 1, 2006.

114.     Plaintiffs Berenice Jacinto and Lucia Portillo represent all current and former employees of Defendants Ideal and Defendant APEX who have not been paid the statutorily provided four (4) hours of pay for a day of contracted work without being utilized.

WHEREFORE, Plaintiffs Berenice Jacinto and Lucia Portillo and the class pray for a judgment against Defendant Ideal and Defendant APEX, as follows:

A.  That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.  A judgment in the amount of all back wages due as provided by the IDTLSA;

C.  That the Court award Plaintiffs Berenice Jacinto and Lucia Portillo and Class Members liquidated damages in an amount equal to the amount of unpaid wages found due for December 7, 2007 pursuant to 820 ILCS 175/95(a)(1);

D.  Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.  A determination of the rights of the parties and a direction to Defendants Ideal and APEX to account for all hours worked and wages paid to the class members during the temporality of the class;

F.  Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### Violation of the Illinois Day and Temporary Labor Services Act-Employment Notices
### (Plaintiffs on their own behalf and on behalf of a class against Defendant Ideal Only)

Plaintiffs incorporate and reallege paragraphs 1 through 114 as though set forth herein.

115.  This count arises from the violation of the IDTLSA for Defendants Ideal's failure to provide Plaintiffs and similarly situated employees with Employment Notices as required by the IDTLSA.

116.  Defendants Ideal's employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

117.  In employing Plaintiffs and other similarly situated day or temporary laborers, Defendants Ideal's failed to provide such persons with Employment Notices as required by the IDTLSA. 820 ILCS 175/10.

118.  Defendants Ideal's failed to provide Plaintiffs and other similarly situated day or temporary laborers with Employment Notices at the time of dispatch to third party clients as required by the IDTLSA. 820 ILCS 175/10.

119.    Plaintiffs represent all current and former employees of Defendants Ideal's who have not received Employment Notices at the time of dispatch to third party clients since July 17, 2003, through and including the present.

120.    Defendants Ideal and Deastis violated the IDTLSA by failing to provide to Plaintiffs and Class Members with Employment Notices as required by the IDTLSA 820 ILCS 175/10.

WHEREFORE Plaintiffs and the class pray for a judgment against Defendants Ideal and Deastis, as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    That the Court declare that Defendant Ideal have violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

C.    That the Court enjoin Defendant from violating the IDTLSA;

D.    That the Court award Plaintiffs and Class Members compensatory damages and an amount up to $500 for the violation of each subpart of each Section of the IDTLSA violated by Defendant;

E.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs in bringing this action; and

F.    That the Court award such other and further relief as this Court may deem appropriate.

## COUNT IX
**Violation of Illinois Day and Temporary Labor Services Act-Wage Payment and Notice**
**(Plaintiffs on their own behalf and on behalf of class against Defendant Ideal Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 120 of this Complaint.

121.    This count arises from the violation of the IDTLSA for Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA.

122.   Defendant Ideal employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

123.   In employing Plaintiffs and other similarly situated day or temporary laborers, Defendant Ideal failed to provide such persons with proper Wage Payment and Notices as required by the IDTLSA. 820 ILCS 175/30.

124.   Specifically, Defendants Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with a detailed itemized statement showing the number of hours worked by the day or temporary laborer at each third party client company each day during the pay period.  For example, Plaintiff Ismael Andrade's pay stubs for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

125.   In addition, Defendant Ideal failed to provide the name, address and telephone number of each third party client at which the day or temporary laborer worked or, in the alternative, a code which corresponded to such required information and which was made available to Plaintiffs and other similarly situated day or temporary laborers.  See, for example, Plaintiff Ismael Andrade's pay stub for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

126.   Defendant Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with proper Wage Payment and Notices at the time of payment of wages as required by the IDTLSA. 820 ILCS 175/30.

127.    Plaintiffs represent all current and former employees of Defendant Ideal who have not been provided proper Wage Payment and Notices at the time of payment of wages since January 1, 2006, through and including the present.

128.    Defendant Ideal violated the IDTLSA by failing to provide to Plaintiffs and Class Members proper Wage Payment and Notices as required by the IDTLSA, 820 ILCS 175/30.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant Ideal, as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    That the Court declare that Defendant Ideal violated the Wage Payment and Notice provision of the IDTLSA. 820 ILCS 175/30;

C.    That the Court enjoin Defendants Ideal from violating the IDTLSA;

D.    That the Court award Plaintiffs and Class Members compensatory damages and an amount up to $500 for the violation of each subpart of each Section of the IDTLSA violated by Defendant Ideal;

E.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs in bringing this action; and

F.    That the Court award such other and further relief as this Court may deem appropriate.

## COUNT X
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiffs, individually, against all Defendants)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 128 of this Complaint.

129.    This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay minimum wages to Plaintiffs and the class they represent the minimum wages for all the time they worked.

130.    Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have been Plaintiffs' employers as defined by the FLSA.

131.  During the course of their employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

132.  During the weeks ending November 3, 2007 and November 10, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra*, and as a result, their hourly wage fell below the then federally mandated minimum wage.

133.  The specific dates and locations at which Plaintiffs were not compensated the then federally mandated minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

134.  Pursuant to 29 U.S.C. § 206, Plaintiffs are entitled to be paid at least the federally mandated minimum wage for all time worked.

135.  Defendants' failure to pay the minimum wage rate to Plaintiffs violated the minimum wage hour provisions of the FLSA, 29 U.S.C. § 206.

136.  Defendants willfully violated the FLSA by refusing to pay Plaintiffs wages for all time worked.

137.  Pursuant to 29 U.S.C. § 255, Plaintiffs are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because Defendants' failure to pay minimum wages was a willful violation of the FLSA, 29 U.S.C. § 206.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    A judgment in the amount of unpaid minimum wages for all hours worked by Plaintiff other similarly situated employees;

B.    Liquidated damages in an amount equal to the amount of unpaid wages found to be due and owing;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just

## COUNT XI
### Violation of the Fair Labor Standards Act – Overtime Wages
**(Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez individually only against Defendants Ideal, Menzies, Alitalia, and Gate Gourmet only)**

Plaintiffs incorporate and reallege paragraphs 1 through 137 as though set forth herein.

138.     This count arises from Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez at a rate of one and one half times their regular hourly rate of pay.

139.     Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have been Plaintiffs' employers as defined by the FLSA.

140.     During the course of their employment by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet, Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

141.     Since July 17, 2005, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were required and/or permitted by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work in excess of forty (40) hours in individual workweeks, and Plaintiffs did worked in excess of forty (40) hours in individual workweeks. See paragraph 58, *supra*.

142.     Pursuant to 29 U.S.C. §207, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

143.    Defendants did not compensate Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in that individual work weeks. See paragraph 58, *supra.*

144.    Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

145.    Defendants Ideal, Menzies, Alitalia, and Gate Gourmet willfully violated the FLSA by refusing to pay Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto overtime wages for all time worked in excess of forty (40) hours per week.

146.    Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto pray for a judgment against Defendants Ideal, Menzies, Alitalia, and Gate Gourmet as follows:

A.    A judgment in the amount of one and one-half times Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto's regular rate for all time they worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 17, 2008

JOHN E. UNTEREKER
CHRISTOPHER J. WILLIAMS
Working Hands Legal Clinic (#44534)
77 W. Washington, Suite 1402
Chicago, Il 60602
(312) 795-9115

Attorneys for Plaintiffs

EXHIBIT A

A36

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Earnings Statement

Pay Period:    6/18/2007   to   6/24/2007
Pay Date:      6/29/2007
Check #:       24444

**ADP EASYPAY**

Employee Number:          0780
Department Number:
Social Security Number:   XXX-XX-3766
Marital Status:           SINGLE
Number Of Allowances:     05
Rate:                     9.0000

ISMAEL ANDRADE
460 W. IRVING PK RD
BENSENVILLE, IL 60106

### Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGULAR | 40.00 | 360.00 | 3260.50 |

### Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 27.54 | 249.43 |
| IL ST | 5.03 | 25.63 |
| E I C | - 26.77 | - 283.50 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,260.50 | $360.00 | $5.80 | $354.20 |

©2001 Automatic Data Processing, Inc.

◄ TEAR HERE

A36

# Earnings Statement

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Pay Period:  6/18/2007  to  6/24/2007
Pay Date:    6/29/2007
Check #:     24445

Employee Number:         0780
Department Number:
Social Security Number:  XXX-XX-3766
Marital Status:          SINGLE
Number Of Allowances:    05
Rate:                    7.0000

ISMAEL ANDRADE
460 W. IRVING PK RD
BENSENVILLE, IL 60106

## Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGLAR | 7.00 | 49.00 | 3260.50 |

## Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 3.75 | 249.43 |
| IL ST | - | 25.63 |
| E I C | 10.00 - | 283.50 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,260.50 | $49.00 | $6.25 - | $55.25 |

COPY

# EXHIBIT B

A36

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

# Earnings Statement

Pay Period:  3/26/2007  to  4/01/2007
Pay Date:    4/06/2007
Check #:     23162



©2001 Automatic Data Processing.

Employee Number:        0703
Department Number:
Social Security Number: XXX-XX-9087
Marital Status:         MARRIED
Number Of Allowances:   07
Rate:                   9.0000

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

### Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGLAR | 40.00 | 360.00 | 4022.10 |
| O/TIME | | | 108.00 |

### Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 27.54 | 315.95 |
| IL ST | 2.72 | 30.87 |
| E I C | 31.32 - | 399.65 |

| Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|
| $360.00 | $1.06 - | $361.06 |

| Gross Pay Year To Date |
|---|
| $4,130.10 |

A36



IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

**Earnings Statement**

Pay Period:   3/26/2007   to   4/01/2007
Pay Date:     4/06/2007
Check #:      . 23163

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

Employee Number:        0703
Department Number:
Social Security Number:  XXX-XX-9087
Marital Status:          MARRIED
Number Of Allowances:    07
Rate:                    9.0000

### Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGLAR | 17.15 | 154.35 | 4022.10 |
| O/TIME | | | 108.00 |

### Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 11.81 | 315.95 |
| IL ST | - | 30.87 |
| E I C | 31.49 - | 399.65 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $4,130.10 | $154.35 | $19.68- | $174.03 |

TEAR HERE

# EXHIBIT C



EMPLOYEE
51-0000444  Andrade, I

FILING STATUS
S - 5

CHECK DATE
09/07/2007

PERIOD END
09/02/2007

CHECK NO.
006246

| Earnings Type | Current Hours | Current Amount | YTD Hours | YTD Amount |
|---|---|---|---|---|
| Straight Time | 16.00 | 136.00 | 402.00 | 3,092.00 |
| Overtime | 0.00 | 0.00 | 7.50 | 84.38 |

| DEDUCTION | AMOUNT | YTD |
|---|---|---|
| Federal W/H | 0.00 | 6.21 |
| FICA | 8.43 | 196.94 |
| E.I.C. | -27.74 | -329.89 |
| Medicare | 1.97 | 46.05 |
| IL State W/H | 1.20 | 58.90 |

GROSS EARNINGS:   136.00

NET EARNINGS:   152.14

TOTAL DEDUCTIONS:   -16.14    -21.79

MEMO  Verify name, address, social security #   3,176.38

---

EMPLOYEE
51-0000444  Andrade, I

SOCIAL SEC. NO.
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

PERIOD END
09/02/2007

CHECK NO.
006246

| W.E. Date | Customer Name | Hrs Type | Hours | Pay Rate | Gross Pay |
|---|---|---|---|---|---|
| 9/2/2007 | Menzies Aviation | Straight Time | 16.00 | 8.50 | 136.00 |
| 9/2/2007 | Swissport Cargo - 7015 | Straight Time | 8.00 | 7.50 | 60.00 |
|  |  | Straight Time | 40.00 | 7.50 | 300.00 |
|  |  |  | 64.00 |  | 496.00 |

# EXHIBIT D

| EMPLOYEE | | | SOCIAL SEC. NO. | FILING STATUS | CHECK DATE | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|---|---|
| 51-0000612  Hernandez, J | | | ▮▮▮▮▮ | M - 1 | 11/02/2007 | 10/28/2007 | 007434 |

| Earnings Type | Current Hours | Current Amount | YTD Hours | YTD Amount | DEDUCTION | | AMOUNT | YTD |
|---|---|---|---|---|---|---|---|---|
| Straight Time | 6.00 | 51.00 | 803.00 | 6,478.75 | Federal W/H | | 0.00 | 186.46 |
| Overtime | 0.00 | 0.00 | 20.00 | 240.00 | FICA | | 3.16 | 416.57 |
| | | | | | Medicare | | 0.74 | 97.42 |
| | | | | | IL State W/H | | 0.95 | 183.61 |

**MEMO**  Verify name, address, social security #

| GROSS EARNINGS: | 51.00 | | | |
|---|---|---|---|---|
| NET EARNINGS: | 46.15 | 6,718.75 | TOTAL DEDUCTIONS: | 4.85 | 884.06 |

| EMPLOYEE | | SOCIAL SEC. NO. | | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|
| 51-0000612  Hernandez, J | | 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 | | 10/28/2007 | 007434 |

| W.E. Date | Customer Name | Hrs Type | Hours | Pay Rate | Gross Pay |
|---|---|---|---|---|---|
| 10/28/2007 | Menzies Aviation | Straight Time | 6.00 | 8.50 | 51.00 |
| 10/28/2007 | Swissport Cargo-7015 | Straight Time | 40.00 | 8.00 | 320.00 |
| | | | 46.00 | | 371.00 |

# EXHIBIT D



| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)
Marcelino Andrade et al.

v.

Ideal Staffing Solutions, Inc. et al.

No. 08 CH 25610

JD Norman Industries, Inc.
c/o Reg. Agent Justin D. Norman
787 Belden Avenue
Addison, IL 60101

### SUMMONS

To each Defendant:

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 44534

Name: John E. Untereker/Working Hands Legal Clinic

Atty. for: Plaintiffs

Address: 77 W. Washington St., Suite 1402

City/State/Zip: Chicago, IL 60602

Telephone: (312)-795-9115

Service by Facsimile Transmission will be accepted at: _____

WITNESS, JUL 22 2008 _____

DOROTHY BROWN
CLERK OF _____ Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

MARCELINO ANDRADE, BERENICE JACINTO, )
AMERICA GARCIA, ORALIA PALACIOS, MIGUEL )
RUBIO, ISMAEL ANDRADE, JOSE HERNANDEZ, )
LUCIA PORTILLO, RENE CORDOBA, and )
FRANCISCO MEDINA, on behalf of themselves and )
all other persons similarly situated, known and unknown, )
                                                        )
            Plaintiffs,                                 )
                                                        )        Case No.
                                                        )
        v.                                              )
                                                        )
IDEAL STAFFING SOLUTIONS, INC., UAL, INC., )
ALITALIA AIRLINES, SINGAPORE AIRLINES, GATE )
GOURMET, INC., AIR MENZIES INTERNATIONAL )        08CH25610
(USA), INC., SWISSPORT CARGO SERVICES, INC., )
APEX PLASTIC FINISHING COMPANY, JD )
NORMAN INDUSTRIES, INC. and DIEGO DEASTIS, )
individually,                                           )
            Defendants.                                 )

## COMPLAINT

Plaintiffs Marcelino Andrade, America Garcia, Berenice Jacinto, Oralia Palacios, Miguel

Rubio, Ismael Andrade, Jose Hernandez, Lucia Portillo, Rene Cordoba, and Francisco Medina,

on behalf of themselves and other similarly situated employees, known and unknown, through

their attorneys, for their Complaint against Defendants Ideal Staffing Solutions, Inc. ("Ideal"),

UAL, Inc. ("United"), Alitalia Airlines ("Alitalia"), Singapore Airlines ("Singapore"), Gate

Gourmet, Inc. ("Gate Gourmet"), Air Menzies International(USA), Inc. ("Menzies"), Swissport

Cargo Services, Inc. ("Swissport"), APEX Plastic Finishing Company ("APEX"), JD Norman

Industries, Inc. ("JD Norman"), and Diego Deastis ("Deastis"), individually, (collectively

"Defendants"), state as follows:

## I.    INTRODUCTION

1.    Plaintiffs are low-wage workers who were hired by a temporary staffing agency, Ideal, to work at eight different client companies located at or near O'Hare International Airport, including United, Alitalia, Singapore Airlines, Gate Gourmet, Menzies, and Swissport. Plaintiffs make a claim for unpaid overtime and other earned wages on behalf of themselves and a class of similarly situated employees. Plaintiffs and the class seek recovery of their owed wages from Ideal and Ideal's client companies jointly in that all benefited from the illegal schemes used to deny Plaintiffs and the class their earned wages thereby reducing labor costs. Plaintiffs also seek recovery for Defendants' violation of protections specifically guaranteed to day laborers by Illinois law.

## II.    NATURE OF PLAINTIFFS' CLAIMS

2.    This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Day and Temporary Labor Services Act, 820 ILCS 115/1 *et seq.* ("IDTLSA"), for: 1) Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees in violation of the IMWL and the IDTLSA; 2) all Defendants' failure to pay minimum wages to Plaintiffs and other similarly situated employees in violation of the IMWL and IDTLSA; 3) all Defendants' failure to pay all earned wages to Plaintiffs and other similarly situated employees in violation of the IWPCA and the IDTLSA; 4) Defendant Ideal's failure to compensate Plaintiffs Berenice Jacinto, Lucia Portillo and similarly situated employees for a minimum of four (4) hours on days when they were contracted to work, but were not utilized as required by the IDTLSA; 5) Defendant Ideal's failure to provide Plaintiffs and

similarly situated employees with Employment Notices as required by the IDTLSA; 6) Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA. Plaintiffs bring this lawsuit as a class action, under Illinois Code of Civil Procedure 735 ILCS 5/2-801 *et seq.*, seeking damages and other equitable relief under the IMWL, the IWPCA and the IDTLSA on behalf of Plaintiffs and all other similarly situated employees of Defendants. Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto also bring individual claims under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay federally mandated minimum wages and overtime wages.

3.      The "IMWL Class Period" for the IMWL overtime and minimum wage claims is designated as the period beginning July 17, 2005 based on the limitations period of the IMWL. The "IWPCA Class Period" for the IWPCA claim is designated as the period beginning July 17, 2003 based on the limitations period of the IWPCA. The "IDTLSA Class Period" for the IDTLSA claims is designated as the period beginning January 1, 2006, the effective date of the IDTLSA, to the present, based upon Plaintiffs' allegations that the violations of the IDTLSA, as described more fully below, have been ongoing since that time.

**III.    JURISDICTION**

4.      Jurisdiction in this Court is proper pursuant to 735 ILCS 5/2-209(a)(1) because Defendants committed the violations of the IMWL, the IWPCA and the IDTLSA complained of herein in Illinois and, pursuant to 735 ILCS 5/2-209(b)(4), because Defendants conduct and transact business from and within the state of Illinois.

## IV.   VENUE

5.     Venue is proper in this judicial district pursuant to 735 ILCS 5/2-101 in that Plaintiffs and other members of the Class performed work for Defendants within Cook County, Illinois, a substantial number of the acts complained of herein occurred within Cook County, Illinois, and Defendants have maintained offices and transacted business during the Class Period within Cook County, Illinois.

## V.   PARTIES

### A.   Plaintiffs

6.     At all relevant times, Plaintiff Marcelino Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

7.     At all relevant times, Plaintiff America Garcia has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman and APEX.

8.     At all relevant times, Plaintiff Berenice Jacinto has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX and Gate Gourmet.

9.     At all relevant times, Plaintiff Oralia Palacios has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman.

10.     At all relevant times, Plaintiff Miguel Rubio has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies.

11.     At all relevant times, Plaintiff Ismael Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

12.     At all relevant times, Plaintiff Jose Hernandez has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

13.     At all relevant times, Plaintiff Lucia Portillo has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the

IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX.

14.     At all relevant times, Plaintiff Rene Cordoba has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

15.     At all relevant times, Plaintiff Francisco Medina has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including United and Swissport.

**B.     Defendants**

16.     Defendant Ideal is an Illinois corporation doing business in Illinois. Defendant Ideal is day and temporary service agency located in Illinois.

17.     Defendant Ideal is or has been Plaintiffs' "employer" as that term is defined by the IDTLSA, the IMWL, the IWPCA, and the FLSA.

18.     Since January 1, 2006, Defendant Ideal has been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients pursuant to contracts between itself and third party clients.

19.     Since January 1, 2006, Defendant Ideal has been "a day and temporary labor service agency" as defined by the IDTLSA. 820 ILCS 175/5.

20.    Defendant Deastis is a principal officer of Ideal Staffing Solutions, Inc., and involved in the day-to-day business operations of Ideal. Among other things, Defendant Deastis has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

21.    Defendant Deastis is an "employer" as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

22.    Defendant Deastis resides in this judicial district.

23.    Defendant United is a foreign corporation and does business within the State of Illinois.

24.    Since July 17, 2003, Defendant United has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

25.    Since January 1, 2006, Defendant United has contracted with Ideal in order to obtain day or temporary laborers.

26.    Since January 1, 2006, Defendant United has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

27.    Defendant Alitalia is a foreign corporation and does business within the State of Illinois.

28.    Since July 17, 2003, Defendant Alitalia has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

29.    Since January 1, 2006, Defendant Alitalia has contracted with Ideal in order to obtain day or temporary laborers.

30. Since January 1, 2006, Defendant Alitalia has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

31. Defendant Singapore is a foreign corporation and does business within the State of Illinois.

32. Since July 17, 2003, Defendant Singapore has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

33. Since January 1, 2006, Defendant Singapore has contracted with Ideal in order to obtain day or temporary laborers.

34. Since January 1, 2006, Defendant Singapore has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

35. Defendant Gate Gourmet is a foreign corporation and does business within the State of Illinois.

36. Since July 17, 2003, Defendant Gate Gourmet has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

37. Since January 1, 2006, Defendant Gate Gourmet has contracted with Ideal in order to obtain day or temporary laborers.

38. Since January 1, 2006, Defendant Gate Gourmet has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

39. Defendant Menzies is a foreign corporation and does business within the State of Illinois.

40. Since July 17, 2003, Defendant Menzies has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

41.    Since January 1, 2006, Defendant Menzies has contracted with Ideal in order to obtain day or temporary laborers.

42.    Since January 1, 2006, Defendant Menzies has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

43.    Defendant Swissport is a foreign corporation and does business within the State of Illinois.

44.    Since July 17, 2003, Defendant Swissport has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

45.    Since January 1, 2006, Defendant Swissport has contracted with Ideal in order to obtain day or temporary laborers.

46.    Since January 1, 2006, Defendant Swissport has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

47.    Defendant APEX is incorporated under the laws of Illinois and does business within the State of Illinois.

48.    Since July 17, 2003, Defendant APEX has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

49.    Since January 1, 2006, Defendant APEX has contracted with Ideal in order to obtain day or temporary laborers.

50.    Since January 1, 2006, Defendant APEX has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

51.    Defendant JD Norman is incorporated under the laws of Illinois and does business within the State of Illinois.

52. Since July 17, 2003, Defendant JD Norman has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

53. Since January 1, 2006, Defendant JD Norman has contracted with Ideal in order to obtain day or temporary laborers.

54. Since January 1, 2006, Defendant JD Norman has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

## VI. FACTUAL BACKGROUND

55. Plaintiffs and other day and temporary laborers have worked for Defendant Ideal at one of its Illinois branch offices in one or more individual work weeks since July 17, 2003.

56. Defendant Ideal operates, and at all times during the Class Periods, has done business in Cook County and elsewhere within Illinois.

57. Defendants United, Alitalia, Singapore, Gate Gourmet, Menzies, Swissport, APEX, and JD Norman operate, and at all times during the Class Periods, have done business in Cook County and elsewhere within Illinois.

58. Since July 17, 2005, Defendant Ideal has failed to pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto and other Class Members at the rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours in a single work week in violation of the IMWL. For example:

      a. In one scheme, Defendant Ideal and Gate Gourmet denied Plaintiff Ismael Andrade, Berenice Jacinto and other class members their earned overtime pay by "splitting" their weekly compensation between multiple paychecks so that no individual paycheck identified employees as having worked more than forty (40) hours in an individual work week. For example, see Exhibit A, attached hereto, showing Defendant Ideal issued Plaintiff Ismael Andrade two paychecks for the work he performed in the work week ending June 24, 2007, one check (#24444) compensating him for 40 hours of work at his regular rate of pay and the other check (#24445) compensating him for an additional 7 hours of work at his regular rate of

pay, or a total of 47 hours all paid at Plaintiff Ismael Andrade's regular rate of pay.

b. For example, see Exhibit B, attached hereto, showing Defendant Ideal issued Plaintiff Berenice Jacinto two paychecks for the work she performed in the work week ending April 1, 2007 at Gate Gourmet, one check (#23162) compensating her for 40 hours of work at her regular rate of pay and the other check (#23163) compensating her for an additional 17.15 hours of work at her regular rate of pay, or a total of 57.15 hours all paid at Plaintiff Berenice Jacinto's regular rate of pay.

c. In another scheme, Defendant Ideal, Menzies, and Alitalia denied Plaintiffs Ismael Andrade, Jose Hernandez, and other class members their earned overtime pay by paying them for all hours worked, including time worked over forty (40) hours in individual work weeks, with one check, however at their "straight-time" hourly rate of pay. For example, see Exhibit C, attached hereto, showing Defendant Ideal compensated Plaintiff Ismael Andrade for sixty-four (64) hours for the work he performed in the work week ending September 2, 2007 at his regular rate of pay. Plaintiff Ismael Andrade was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

d. For example, see Exhibit D, attached hereto, showing Defendant Ideal compensated Plaintiff Jose Hernandez for forty-six (46) hours for the work he performed in the work week ending October 28, 2007 at his regular rate of pay. Plaintiff Jose Hernandez was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

59.   Since July 17, 2005, Defendants have failed to pay Plaintiffs and other Class Members for all time they worked, which caused their hourly wage rate to fall below the state-mandated minimum wage rate in violation of the IMWL and FLSA. For example:

a. Defendants Ideal, Swissport, and Alitalia also failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Alitalia's failure to compensate Plaintiff Marcelino Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

b. Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure

to compensate Plaintiff Marcelino Andrade for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

c.  Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Berenice Jacinto for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

d.  Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure to compensate Plaintiff Oralia Palacios for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

e.  Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and Menzies 's failure to compensate Plaintiff Miguel Rubio for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

f.  Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Lucia Portillo for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

g.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Ismael Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

h.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Jose Hernandez for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

i.  Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff Rene Cordoba for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Singapore's failure to compensate Plaintiff Rene Cordoba for all time he

worked resulted in payment of less than the state and federal mandated minimum wages.

j.  Defendants Ideal and United also failed to pay Plaintiff Francisco Medina for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and United's failure to compensate Plaintiff Francisco Medina for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

60.    Since July 17, 2003, all Defendants have failed to pay Plaintiffs and other class members for all time worked at the rate agreed to by the parties in violation of the IWPCA.  For example:

a.  Defendants Ideal, Swissport, and Alitalia failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

b.  Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

c.  Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

d.  Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

e.  Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

f.  Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

g.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

h.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

     i.  Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff Rene Cordoba for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

     j.  Defendants Ideal and United also failed to pay Plaintiff Francisco Medina for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

61.    Since January 1, 2006, Defendant Ideal has failed to provide Plaintiffs and other Class Members an "Employment Notice" at the time of dispatch to third party clients in the form of a statement containing the following items on a form approved by the Illinois Department of Labor:

     a.  the name of the day or temporary laborer;

     b.  the name and nature of the work to be performed;

     c.  the wages offered;

     d.  the name and address of the destination of each day and temporary laborer;

     e.  terms of transportation; and

     f.  whether a meal or equipment, or both, are provided, either by the day and temporary labor service agency or the third party client, and the cost of the meal and equipment, if any.

62.    Since January 1, 2006, Defendant Ideal has likewise failed to provide Plaintiffs and other Class Members with a proper Wage Payment and Notice at the time of payment of wages in the form of an itemized statement, on the day or temporary laborers' pay stub or on a form approved by the Illinois Department of Labor, containing the total number of hours worked by the day or temporary laborer at each third party client each day during the pay period. As an example, see Exhibits B and C attached hereto.

63.    Since January 1, 2006, Defendant Ideal and APEX has likewise failed to compensate Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members and other Class Members for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g).  For example, Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were contracted by Defendant Ideal to work on December 7, 2007 at Defendant APEX, however they were not utilized.  Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were not paid their agreed upon rate of pay for the statutorily provided four (4) hours.

64.    Defendant Ideal's failure to provide Plaintiffs and other Class Members with the required Employment Notice (820 ILCS 175/10) and Wage Payment and Notice (820 ILCS 175/30), and Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members with four (4) hours of pay for contracted time not utilized (820 ILCS 175/30(g)) denied Plaintiffs and other Class Members certain information related to their employment which the Illinois legislature has determined is critical to protect the rights of day or temporary laborers. Such at-risk workers are particularly vulnerable to abuse of their labor rights, including unpaid wages, failure to pay for all hours worked, minimum wage and overtime violations, and unlawful deduction from pay for meals, transportation, equipment and other items. 820 ILCS 175/2.

## VII.    CLASS ACTION ALLEGATIONS

65.    Plaintiffs bring this action, on behalf of themselves and all other similarly situated persons, as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801.

66.    The Class that Plaintiffs seek to represent in regard to the IMWL overtime and minimum wage claims is composed of and defined as all persons who have been employed by Defendant Ideal as day or temporary laborers since July 17, 2005. The Class that Plaintiffs seek to represent in regard to the IWPCA claim is composed of and defined as all persons who have

been employed by Defendant Ideal as day or temporary laborers since July 17, 2003. The Class

that Plaintiffs seek to represent in regard to the IDTLSA claims is composed of and defined as all

persons who have been employed by Defendant Ideal as day or temporary laborers since January

1, 2006.

      67.     This action has been brought and may properly be maintained as a class action

under 735 ILCS 5/2-801 because:

    a.   The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant Ideal has employed thousands of persons as day or temporary laborers in Illinois during the IMWL and IWPCA Class Periods and thousands of persons as day or temporary laborers in Illinois during the IDTLSA Class period.

    b.   There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

       i.   Whether Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet failed to pay day or temporary laborers overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

      ii.   Whether Defendants failed to pay day or temporary laborers the Illinois mandated-minimum wages for all time worked in individual work weeks during the IMWL Class Period;

     iii.   Whether Defendants failed to pay day or temporary laborers all earned wages at the rate agreed to by the parties for all time worked in individual work weeks during the IWPCA Class Period;

     iv.   Whether Defendant Ideal failed to provide day or temporary laborers with Employment Notice as required by 820 ILCS 175/10;

      v.   Whether Defendant Ideal failed to provide day or temporary laborers with Wage Payment and Notice as required by 820 ILCS 175/30;

     vi.   Whether Defendants Ideal and APEX failed to provide day or temporary laborers with the minimum four (4) hours of compensation when contracted to work and not utilized as required by 820 ILCS 175/30(g);

c. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

d. The class action is an appropriate method for the fair and efficient adjudication of the controversy. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because Plaintiffs and the class seek injunctive relief that will affect all class members in a common way. Furthermore, those class members still employed by Defendant Ideal may be reluctant to raise individual claims for fear of retaliation.

## COUNT I
### Violation of the Illinois Minimum Wage Law-Overtime Wages
**(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 67 as though set forth herein.

68.    This count arises from the violation of the IMWL for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

69.    Since July 17, 2005, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks.  See paragraph 58, *supra*.

70.    Since July 17, 2005, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks.  The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of,

Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

71.    Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

72.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees overtime wages at the rate of one and one half time their regular rate for all time they worked in excess of forty (40) hours in individual work weeks. See paragraph 58, *supra*.

73.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class violated the maximum hour provisions of the IMWL.

74.    Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto represent all current and former employees of Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet who have not been paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks since July 17, 2005, through and including the present.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class pray for a judgment against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet as follows:

    A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

    B.    A judgment in the amount of all back wages due as provided by the IMWL;

    C.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    D.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

    E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

    F.    Such other and further relief as this Court deems appropriate and just.

# COUNT II
## Violation of the Illinois Day and Temporary Labor Services Act-Overtime Wages
**(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 74 as though set forth herein.

75.    This count arises from the violation of the IDTLSA for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

76.    Since January 1, 2006, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks. See paragraph 58, *supra.*

77.    Since January 1, 2006, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks. The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of, Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

78.    Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

79.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated

employees overtime wages at the rate of one and one half time their regular rate for all time they worked in excess of forty (40) hours in individual work weeks. See paragraph 58, *supra*.

80.     Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class violated the IDTLSA.

81.     Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto represent all current and former employees of Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet who have not been paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks since January 1, 2006.

82.     Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an equal amount of their unpaid wages as liquidated damages since January 1, 2006.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class pray for a judgment against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet as follows:

A.     That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.     A judgment for liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

C.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

D.     A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 82 as though set forth herein.

83.     This count arises from the violation of the IMWL for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

84.     During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

85.     Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

86.     Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

87.     Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the minimum wage provisions of the IMWL.

88.     Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages in the three (3) years prior to Plaintiffs filing their lawsuit, through and including the present.

89.     Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for the three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.      A judgment in the amount of all back wages due as provided by the IMWL;

C.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.      Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

E.      A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.      Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Day and Temporary Labor Services Act – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 89 as though set forth herein.

90.     This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

91.     During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

92.     Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

93.     Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

94.    Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the IDTLSA.

95.    Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages since January 1, 2006.

96.    Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an equal amount of their unpaid wages as liquidated damages since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment for liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

C.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

D.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act–
### Unpaid Wages, Non Issuance of Final Checks
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 96 as though set forth herein.

97.    This count arises from the violation of the IWPCA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

98.     During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during that individual work week as described in paragraph 60, *supra*.

99.     Since July 17, 2003, other class members were similarly not compensated for all time worked in certain work weeks. The specific dates and locations at which Plaintiffs and other similarly situated employees of Defendants were not compensated for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendants and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

100.    Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

101.    Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA.

102.    Plaintiffs represent all current and former employees of Defendants' who have not been paid for all time worked at the rate agreed to by the parties in the five (5) years prior to Plaintiffs filing their lawsuit, through and including the present.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due, as provided by the IWPCA;

C.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

D.    An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Illinois Day and Temporary Labor Services Act –
### Unpaid Wages-Non-Issuance of Final Checks
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 102 as though set forth herein.

103.    This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

104.    During the course of their employment with Defendants, Plaintiffs were not compensated for all time they worked in certain work weeks. See paragraph 60, *supra.*

105.    Other class members were similarly not compensated for all time worked in certain work weeks.

106.    Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

107.    Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA, a wage and hour violation as incorporated into the IDTLSA. 820 ILCS 175/95(a)(1). Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an amount equal to their earned wages as liquidated damages since January 1, 2006.

108.    Plaintiffs represent all current and former employees of Defendants who have not been paid for all time worked at the rate agreed to by the parties since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IDTLSA;

C.    That the Court award Plaintiffs and Class Members liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

D.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.    Such other and further relief as this Court deems appropriate and just.

## COUNT VII
### Violation of the Illinois Day and Temporary Labor Services Act-
### Unpaid Wages-Statutory Minimum Pay of four (4) hours for a contracted work day
### (Plaintiffs Berenice Jacinto and Lucia Portillo on their own behalf and on behalf of a class
### against Defendants Ideal Staffing and APEX Only)

Plaintiffs incorporate and reallege paragraphs 1 through 108 as though set forth herein.

109.    This count arises from the violation of the IDTLSA for Defendants Ideal's and APEX's failure to pay Plaintiffs Berenice Jacinto and Lucia Portillo and the class that they represent for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g).

110.    Plaintiffs Berenice Jacinto and Lucia Portillo and the class they represent were contracted by Defendants Ideal to work on December 7, 2007 at Defendant APEX, and were not utilized, or paid the statutorily provided four (4) hours of pay for a contracted day. See paragraph 64, *supra*.

111.    Pursuant to 820 ILCS 175/30(g), Plaintiffs Berenice Jacinto, Lucia Portillo and the class members are entitled to be paid for the statutory minimum of four (4) hours of pay when contracted to work, but not utilized.

112.    Defendants Ideal and APEX's failure to pay Plaintiffs Berenice Jacinto, Lucia Portillo and the class members for the statutorily provided four (4) hours of pay for a contracted day violated the IDTLSA, 820 ILCS 175/30(g).

113.    Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs Berenice Jacinto, Lucia Portillo and members of the class are entitled to recover their four (4) hours of pay and an equal amount in liquidated damages from January 1, 2006.

114.    Plaintiffs Berenice Jacinto and Lucia Portillo represent all current and former employees of Defendants Ideal and Defendant APEX who have not been paid the statutorily provided four (4) hours of pay for a day of contracted work without being utilized.

WHEREFORE, Plaintiffs Berenice Jacinto and Lucia Portillo and the class pray for a judgment against Defendant Ideal and Defendant APEX, as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IDTLSA;

C.    That the Court award Plaintiffs Berenice Jacinto and Lucia Portillo and Class Members liquidated damages in an amount equal to the amount of unpaid wages found due for December 7, 2007 pursuant to 820 ILCS 175/95(a)(1);

D.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.    A determination of the rights of the parties and a direction to Defendants Ideal and APEX to account for all hours worked and wages paid to the class members during the temporality of the class;

F.    Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### Violation of the Illinois Day and Temporary Labor Services Act-Employment Notices
### (Plaintiffs on their own behalf and on behalf of a class against Defendant Ideal Only)

Plaintiffs incorporate and reallege paragraphs 1 through 114 as though set forth herein.

115.    This count arises from the violation of the IDTLSA for Defendants Ideal's failure to provide Plaintiffs and similarly situated employees with Employment Notices as required by the IDTLSA.

116.    Defendants Ideal's employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

117.    In employing Plaintiffs and other similarly situated day or temporary laborers, Defendants Ideal's failed to provide such persons with Employment Notices as required by the IDTLSA. 820 ILCS 175/10.

118.    Defendants Ideal's failed to provide Plaintiffs and other similarly situated day or temporary laborers with Employment Notices at the time of dispatch to third party clients as required by the IDTLSA. 820 ILCS 175/10.

119.    Plaintiffs represent all current and former employees of Defendants Ideal's who have not received Employment Notices at the time of dispatch to third party clients since July 17, 2003, through and including the present.

120.    Defendants Ideal and Deastis violated the IDTLSA by failing to provide to Plaintiffs and Class Members with Employment Notices as required by the IDTLSA 820 ILCS 175/10.

WHEREFORE Plaintiffs and the class pray for a judgment against Defendants Ideal and Deastis, as follows:

    A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

    B.    That the Court declare that Defendant Ideal have violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

    C.    That the Court enjoin Defendant from violating the IDTLSA;

    D.    That the Court award Plaintiffs and Class Members compensatory damages and an amount up to $500 for the violation of each subpart of each Section of the IDTLSA violated by Defendant;

    E.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs in bringing this action; and

    F.    That the Court award such other and further relief as this Court may deem appropriate.

## COUNT IX
### Violation of Illinois Day and Temporary Labor Services Act-Wage Payment and Notice
### (Plaintiffs on their own behalf and on behalf of class against Defendant Ideal Only)

Plaintiffs incorporate and reallege paragraphs 1 through 120 of this Complaint.

121.    This count arises from the violation of the IDTLSA for Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA.

122.   Defendant Ideal employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

123.   In employing Plaintiffs and other similarly situated day or temporary laborers, Defendant Ideal failed to provide such persons with proper Wage Payment and Notices as required by the IDTLSA. 820 ILCS 175/30.

124.   Specifically, Defendants Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with a detailed itemized statement showing the number of hours worked by the day or temporary laborer at each third party client company each day during the pay period.  For example, Plaintiff Ismael Andrade's pay stubs for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

125.   In addition, Defendant Ideal failed to provide the name, address and telephone number of each third party client at which the day or temporary laborer worked or, in the alternative, a code which corresponded to such required information and which was made available to Plaintiffs and other similarly situated day or temporary laborers. See, for example, Plaintiff Ismael Andrade's pay stub for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

126.   Defendant Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with proper Wage Payment and Notices at the time of payment of wages as required by the IDTLSA. 820 ILCS 175/30.

127.    Plaintiffs represent all current and former employees of Defendant Ideal who have not been provided proper Wage Payment and Notices at the time of payment of wages since January 1, 2006, through and including the present.

128.    Defendant Ideal violated the IDTLSA by failing to provide to Plaintiffs and Class Members proper Wage Payment and Notices as required by the IDTLSA, 820 ILCS 175/30.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant Ideal, as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    That the Court declare that Defendant Ideal violated the Wage Payment and Notice provision of the IDTLSA. 820 ILCS 175/30;

C.    That the Court enjoin Defendants Ideal from violating the IDTLSA;

D.    That the Court award Plaintiffs and Class Members compensatory damages and an amount up to $500 for the violation of each subpart of each Section of the IDTLSA violated by Defendant Ideal;

E.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs in bringing this action; and

F.    That the Court award such other and further relief as this Court may deem appropriate.

## COUNT X
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiffs, individually, against all Defendants)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 128 of this Complaint.

129.    This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay minimum wages to Plaintiffs and the class they represent the minimum wages for all the time they worked.

130.    Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have been Plaintiffs' employers as defined by the FLSA.

131.   During the course of their employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

132.   During the weeks ending November 3, 2007 and November 10, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra*, and as a result, their hourly wage fell below the then federally mandated minimum wage.

133.   The specific dates and locations at which Plaintiffs were not compensated the then federally mandated minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

134.   Pursuant to 29 U.S.C. § 206, Plaintiffs are entitled to be paid at least the federally mandated minimum wage for all time worked.

135.   Defendants' failure to pay the minimum wage rate to Plaintiffs violated the minimum wage hour provisions of the FLSA, 29 U.S.C. § 206.

136.   Defendants willfully violated the FLSA by refusing to pay Plaintiffs wages for all time worked.

137.   Pursuant to 29 U.S.C. § 255, Plaintiffs are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because Defendants' failure to pay minimum wages  was a willful violation of the FLSA, 29 U.S.C. § 206.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A.   A judgment in the amount of unpaid minimum wages for all hours worked by Plaintiff other similarly situated employees;

    B.   Liquidated damages in an amount equal to the amount of unpaid wages found to be due and owing;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just

## COUNT XI
### Violation of the Fair Labor Standards Act – Overtime Wages
(Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez individually only against
Defendants Ideal, Menzies, Alitalia, and Gate Gourmet only)

Plaintiffs incorporate and reallege paragraphs 1 through 137 as though set forth herein.

138.    This count arises from Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez at a rate of one and one half times their regular hourly rate of pay.

139.    Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have been Plaintiffs' employers as defined by the FLSA.

140.    During the course of their employment by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet, Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

141.    Since July 17, 2005, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were required and/or permitted by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work in excess of forty (40) hours in individual workweeks, and Plaintiffs did worked in excess of forty (40) hours in individual workweeks. See paragraph 58, *supra*.

142.    Pursuant to 29 U.S.C. §207, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

143.    Defendants did not compensate Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in that individual work weeks.  See paragraph 58, *supra*.

144.    Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

145.    Defendants Ideal, Menzies, Alitalia, and Gate Gourmet willfully violated the FLSA by refusing to pay Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto overtime wages for all time worked in excess of forty (40) hours per week.

146.    Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto pray for a judgment against Defendants Ideal, Menzies, Alitalia, and Gate Gourmet as follows:

A.    A judgment in the amount of one and one-half times Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto's regular rate for all time they worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 17, 2008

JOHN E. UNTEREKER
CHRISTOPHER J. WILLIAMS
Working Hands Legal Clinic (#44534)
77 W. Washington, Suite 1402
Chicago, Il 60602
(312) 795-9115

Attorneys for Plaintiffs

# EXHIBIT A

A36

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Earnings Statement

Pay Period:    6/18/2007  to  6/24/2007
Pay Date:      6/29/2007
Check #:       24444

Employee Number:        0780
Department Number:
Social Security Number: XXX-XX-3766
Marital Status:         SINGLE
Number Of Allowances:   05
Rate:                   9.0000

ISMAEL ANDRADE
460 W. IRVING PK RD
BENSENVILLE, IL 60106

| Hours and Earnings | | | | Taxes and Deductions | | |
|---|---|---|---|---|---|---|
| Description | Hours | This Period | Year-To-Date | Description | This Period | Year-To-Date |
| REGULAR | 40.00 | 360.00 | 3260.50 | F I C A | 27.54 | 265.63 |
| | | | | I C S T | 5.03 | 25.63 |
| | | | | E I C I | 26.77 | 283.50 |

| Gross Pay Year To Date: | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,260.50 | $360.00 | $5.80 | $354.20 |

EASYPAY

©2001 Automatic Data Processing, Inc.

◄ TEAR HERE

A36



## Earnings Statement

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Pay Period:   6/18/2007   to   6/24/2007
Pay Date:     6/29/2007
Check #:      24445

Employee Number:        0780
Department Number:
Social Security Number: XXX-XX-3766
Marital Status:         SINGLE
Number Of Allowances:   05
Rate:                   7.0000

ISMAEL ANDRADE
460 W. IRVING PK RD
BENSENVILLE, IL 60106

### Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGULAR | 7.00 | 49.00 | 3260.50 |

### Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| Fica | 3.95 | 249.43 |
| Fica SS | | 25.63 |
| F I C | 10.00 | 283.50 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,260.50 | $49.00 | $6.25 | $55.25 |

©2001 Automatic Data Processing, Inc.

▲ TEAR HERE

# EXHIBIT B

A36

# Earnings Statement

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Pay Period:    3/26/2007  to  4/01/2007
Pay Date:      4/06/2007
Check #:       23162

Employee Number:         0703
Department Number:
Social Security Number:  XXX-XX-9987
Marital Status:          MARRIED
Number Of Allowances:    07
Rate:                    9.0000

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

## Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGULAR | 40.00 | 360.00 | 4022.10 |
| O/TIME | | | 108.90 |

## Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 27.54 | 315.95 |
| IL ST | 2.72 | 30.87 |
| E I C | 31.32 | 399.65 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $4,130.10 | $360.00 | $1.06 | $361.06 |

©2001 Automatic Data Processing, Inc.

TEAR HERE



A36

EASYPAY

# Earnings Statement

Pay Period:  3/26/2007  to  4/01/2007
Pay Date:    4/06/2007
Check #:     23163

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Employee Number:         0703
Department Number:
Social Security Number:  XXX-XX-9087
Marital Status:          MARRIED
Number Of Allowances:    07
Rate:                    9.0000

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

| Hours and Earnings | | | |
|---|---|---|---|
| Description | Hours | This Period | Year-To-Date |
| REGULAR | 17.15 | 154.35 | 4022.10 |
| O/TIME | | | 108.00 |

| Taxes and Deductions | | |
|---|---|---|
| Description | This Period | Year-To-Date |
| FICA | 11.81 | 315.95 |
| IL ST | | 30.87 |
| E I C | 31.49 - | 399.65 - |

| Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|
| $154.35 | $19.68- | $174.03 |

| Gross Pay Year To Date |
|---|
| $4,130.10 |

# EXHIBIT C



# EXHIBIT D



**JD Norman Industries**

787 Belden Avenue
Addison, Illinois 60101-4498

08CV4912
JUDGE MANNING
MAGISTRATE JUDGE DENLOW

# EXHIBIT E

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| **SUMMONS** | **ALIAS – SUMMONS** | CCG N001-10M-1-07-05 (               ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Chancery                                    DIVISION

(Name all parties)
Marcelino Andrade et al.

v.

Ideal Staffing Solutions, Inc. et al.

No. 08 CH 25610

Air Menzies International
c/o Reg. Agent XL Corporate Services, Inc.
2501 Chatham Road, Suite 110
Springfield, IL 62701-1000

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room 802**                 , Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 44534

Name: John E. Untereker/Working Hands Legal Clinic

Atty. for: Plaintiffs

Address: 77 W. Washington St., Suite 1402

City/State/Zip: Chicago, IL 60602

Telephone: (312)-795-9115

Service by Facsimile Transmission will be accepted at: _____

WITNESS, JUL 22 2008            , _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT    Clerk of Court

Date of service: _____ , _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED - 2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| MARCELINO ANDRADE, BERENICE JACINTO, AMERICA GARCIA, ORALIA PALACIOS, MIGUEL RUBIO, ISMAEL ANDRADE, JOSE HERNÁNDEZ, LUCIA PORTILLO, RENE CORDOBA, and FRANCISCO MEDINA, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. |
| v. | ) ) | |
| IDEAL STAFFING SOLUTIONS, INC., UAL, INC., ALITALIA AIRLINES, SINGAPORE AIRLINES, GATE GOURMET, INC., AIR MENZIES INTERNATIONAL (USA), INC., SWISSPORT CARGO SERVICES, INC., APEX PLASTIC FINISHING COMPANY, JD NORMAN INDUSTRIES, INC. and DIEGO DEASTIS, individually, | ) ) ) ) ) ) ) ) ) | 08CH25610 |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Marcelino Andrade, America Garcia, Berenice Jacinto, Oralia Palacios, Miguel

Rubio, Ismael Andrade, Jose Hernandez, Lucia Portillo, Rene Cordoba, and Francisco Medina,

on behalf of themselves and other similarly situated employees, known and unknown, through

their attorneys, for their Complaint against Defendants Ideal Staffing Solutions, Inc. ("Ideal"),

UAL, Inc. ("United"), Alitalia Airlines ("Alitalia"), Singapore Airlines ("Singapore"), Gate

Gourmet, Inc. ("Gate Gourmet"), Air Menzies International(USA), Inc. ("Menzies"), Swissport

Cargo Services, Inc. ("Swissport"), APEX Plastic Finishing Company ("APEX"), JD Norman

Industries, Inc. ("JD Norman"), and Diego Deastis ("Deastis"), individually, (collectively

"Defendants"), state as follows:

## I.     INTRODUCTION

1.     Plaintiffs are low-wage workers who were hired by a temporary staffing agency, Ideal, to work at eight different client companies located at or near O'Hare International Airport, including United, Alitalia, Singapore Airlines, Gate Gourmet, Menzies, and Swissport. Plaintiffs make a claim for unpaid overtime and other earned wages on behalf of themselves and a class of similarly situated employees. Plaintiffs and the class seek recovery of their owed wages from Ideal and Ideal's client companies jointly in that all benefited from the illegal schemes used to deny Plaintiffs and the class their earned wages thereby reducing labor costs. Plaintiffs also seek recovery for Defendants' violation of protections specifically guaranteed to day laborers by Illinois law.

## II.     NATURE OF PLAINTIFFS' CLAIMS

2.     This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Day and Temporary Labor Services Act, 820 ILCS 115/1 *et seq.* ("IDTLSA"), for: 1) Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees in violation of the IMWL and the IDTLSA; 2) all Defendants' failure to pay minimum wages to Plaintiffs and other similarly situated employees in violation of the IMWL and IDTLSA; 3) all Defendants' failure to pay all earned wages to Plaintiffs and other similarly situated employees in violation of the IWPCA and the IDTLSA; 4) Defendant Ideal's failure to compensate Plaintiffs Berenice Jacinto, Lucia Portillo and similarly situated employees for a minimum of four (4) hours on days when they were contracted to work, but were not utilized as required by the IDTLSA; 5) Defendant Ideal's failure to provide Plaintiffs and

similarly situated employees with Employment Notices as required by the IDTLSA; 6) Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA. Plaintiffs bring this lawsuit as a class action, under Illinois Code of Civil Procedure 735 ILCS 5/2-801 *et seq.*, seeking damages and other equitable relief under the IMWL, the IWPCA and the IDTLSA on behalf of Plaintiffs and all other similarly situated employees of Defendants. Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto also bring individual claims under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay federally mandated minimum wages and overtime wages.

3.      The "IMWL Class Period" for the IMWL overtime and minimum wage claims is designated as the period beginning July 17, 2005 based on the limitations period of the IMWL. The "IWPCA Class Period" for the IWPCA claim is designated as the period beginning July 17, 2003 based on the limitations period of the IWPCA. The "IDTLSA Class Period" for the IDTLSA claims is designated as the period beginning January 1, 2006, the effective date of the IDTLSA, to the present, based upon Plaintiffs' allegations that the violations of the IDTLSA, as described more fully below, have been ongoing since that time.

## III.     JURISDICTION

4.      Jurisdiction in this Court is proper pursuant to 735 ILCS 5/2-209(a)(1) because Defendants committed the violations of the IMWL, the IWPCA and the IDTLSA complained of herein in Illinois and, pursuant to 735 ILCS 5/2-209(b)(4), because Defendants conduct and transact business from and within the state of Illinois.

## IV.    VENUE

5.    Venue is proper in this judicial district pursuant to 735 ILCS 5/2-101 in that Plaintiffs and other members of the Class performed work for Defendants within Cook County, Illinois, a substantial number of the acts complained of herein occurred within Cook County, Illinois, and Defendants have maintained offices and transacted business during the Class Period within Cook County, Illinois.

## V.    PARTIES

### A.    <u>Plaintiffs</u>

6.    At all relevant times, Plaintiff Marcelino Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

7.    At all relevant times, Plaintiff America Garcia has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman and APEX.

8.    At all relevant times, Plaintiff Berenice Jacinto has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX and Gate Gourmet.

9.    At all relevant times, Plaintiff Oralia Palacios has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman.

10.    At all relevant times, Plaintiff Miguel Rubio has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies.

11.    At all relevant times, Plaintiff Ismael Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

12.    At all relevant times, Plaintiff Jose Hernandez has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

13.    At all relevant times, Plaintiff Lucia Portillo has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the

IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX.

14.    At all relevant times, Plaintiff Rene Cordoba has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

15.    At all relevant times, Plaintiff Francisco Medina has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including United and Swissport.

**B.    Defendants**

16.    Defendant Ideal is an Illinois corporation doing business in Illinois. Defendant Ideal is day and temporary service agency located in Illinois.

17.    Defendant Ideal is or has been Plaintiffs' "employer" as that term is defined by the IDTLSA, the IMWL, the IWPCA, and the FLSA.

18.    Since January 1, 2006, Defendant Ideal has been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients pursuant to contracts between itself and third party clients.

19.    Since January 1, 2006, Defendant Ideal has been "a day and temporary labor service agency" as defined by the IDTLSA. 820 ILCS 175/5.

20.    Defendant Deastis is a principal officer of Ideal Staffing Solutions, Inc., and involved in the day-to-day business operations of Ideal. Among other things, Defendant Deastis has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

21.    Defendant Deastis is an "employer" as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

22.    Defendant Deastis resides in this judicial district.

23.    Defendant United is a foreign corporation and does business within the State of Illinois.

24.    Since July 17, 2003, Defendant United has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

25.    Since January 1, 2006, Defendant United has contracted with Ideal in order to obtain day or temporary laborers.

26.    Since January 1, 2006, Defendant United has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

27.    Defendant Alitalia is a foreign corporation and does business within the State of Illinois.

28.    Since July 17, 2003, Defendant Alitalia has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

29.    Since January 1, 2006, Defendant Alitalia has contracted with Ideal in order to obtain day or temporary laborers.

30.    Since January 1, 2006, Defendant Alitalia has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

31.    Defendant Singapore is a foreign corporation and does business within the State of Illinois.

32.    Since July 17, 2003, Defendant Singapore has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

33.    Since January 1, 2006, Defendant Singapore has contracted with Ideal in order to obtain day or temporary laborers.

34.    Since January 1, 2006, Defendant Singapore has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

35.    Defendant Gate Gourmet is a foreign corporation and does business within the State of Illinois.

36.    Since July 17, 2003, Defendant Gate Gourmet has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

37.    Since January 1, 2006, Defendant Gate Gourmet has contracted with Ideal in order to obtain day or temporary laborers.

38.    Since January 1, 2006, Defendant Gate Gourmet has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

39.    Defendant Menzies is a foreign corporation and does business within the State of Illinois.

40.    Since July 17, 2003, Defendant Menzies has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

41.    Since January 1, 2006, Defendant Menzies has contracted with Ideal in order to obtain day or temporary laborers.

42.    Since January 1, 2006, Defendant Menzies has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

43.    Defendant Swissport is a foreign corporation and does business within the State of Illinois.

44.    Since July 17, 2003, Defendant Swissport has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

45.    Since January 1, 2006, Defendant Swissport has contracted with Ideal in order to obtain day or temporary laborers.

46.    Since January 1, 2006, Defendant Swissport has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

47.    Defendant APEX is incorporated under the laws of Illinois and does business within the State of Illinois.

48.    Since July 17, 2003, Defendant APEX has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

49.    Since January 1, 2006, Defendant APEX has contracted with Ideal in order to obtain day or temporary laborers.

50.    Since January 1, 2006, Defendant APEX has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

51.    Defendant JD Norman is incorporated under the laws of Illinois and does business within the State of Illinois.

52.    Since July 17, 2003, Defendant JD Norman has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

53.    Since January 1, 2006, Defendant JD Norman has contracted with Ideal in order to obtain day or temporary laborers.

54.    Since January 1, 2006, Defendant JD Norman has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

## VI.    FACTUAL BACKGROUND

55.    Plaintiffs and other day and temporary laborers have worked for Defendant Ideal at one of its Illinois branch offices in one or more individual work weeks since July 17, 2003.

56.    Defendant Ideal operates, and at all times during the Class Periods, has done business in Cook County and elsewhere within Illinois.

57.    Defendants United, Alitalia, Singapore, Gate Gourmet, Menzies, Swissport, APEX, and JD Norman operate, and at all times during the Class Periods, have done business in Cook County and elsewhere within Illinois.

58.    Since July 17, 2005, Defendant Ideal has failed to pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto and other Class Members at the rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours in a single work week in violation of the IMWL. For example:

a.    In one scheme, Defendant Ideal and Gate Gourmet denied Plaintiff Ismael Andrade, Berenice Jacinto and other class members their earned overtime pay by "splitting" their weekly compensation between multiple paychecks so that no individual paycheck identified employees as having worked more than forty (40) hours in an individual work week. For example, see Exhibit A, attached hereto, showing Defendant Ideal issued Plaintiff Ismael Andrade two paychecks for the work he performed in the work week ending June 24, 2007, one check (#24444) compensating him for 40 hours of work at his regular rate of pay and the other check (#24445) compensating him for an additional 7 hours of work at his regular rate of

pay, or a total of 47 hours all paid at Plaintiff Ismael Andrade's regular rate of pay.

b. For example, see Exhibit B, attached hereto, showing Defendant Ideal issued Plaintiff Berenice Jacinto two paychecks for the work she performed in the work week ending April 1, 2007 at Gate Gourmet, one check (#23162) compensating her for 40 hours of work at her regular rate of pay and the other check (#23163) compensating her for an additional 17.15 hours of work at her regular rate of pay, or a total of 57.15 hours all paid at Plaintiff Berenice Jacinto's regular rate of pay.

c. In another scheme, Defendant Ideal, Menzies, and Alitalia denied Plaintiffs Ismael Andrade, Jose Hernandez, and other class members their earned overtime pay by paying them for all hours worked, including time worked over forty (40) hours in individual work weeks, with one check, however at their "straight-time" hourly rate of pay. For example, see Exhibit C, attached hereto, showing Defendant Ideal compensated Plaintiff Ismael Andrade for sixty-four (64) hours for the work he performed in the work week ending September 2, 2007 at his regular rate of pay. Plaintiff Ismael Andrade was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

d. For example, see Exhibit D, attached hereto, showing Defendant Ideal compensated Plaintiff Jose Hernandez for forty-six (46) hours for the work he performed in the work week ending October 28, 2007 at his regular rate of pay. Plaintiff Jose Hernandez was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

59.    Since July 17, 2005, Defendants have failed to pay Plaintiffs and other Class Members for all time they worked, which caused their hourly wage rate to fall below the state-mandated minimum wage rate in violation of the IMWL and FLSA. For example:

a. Defendants Ideal, Swissport, and Alitalia also failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Alitalia's failure to compensate Plaintiff Marcelino Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

b. Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure

to compensate Plaintiff Marcelino Andrade for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

c. Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Berenice Jacinto for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

d. Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure to compensate Plaintiff Oralia Palacios for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

e. Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and Menzies 's failure to compensate Plaintiff Miguel Rubio for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

f. Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Lucia Portillo for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

g. Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Ismael Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

h. Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Jose Hernandez for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

i. Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff Rene Cordoba for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Singapore's failure to compensate Plaintiff Rene Cordoba for all time he

worked resulted in payment of less than the state and federal mandated minimum wages.

j.  Defendants Ideal and United also failed to pay Plaintiff Francisco Medina for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and United's failure to compensate Plaintiff Francisco Medina for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

60.  Since July 17, 2003, all Defendants have failed to pay Plaintiffs and other class members for all time worked at the rate agreed to by the parties in violation of the IWPCA. For example:

a.  Defendants Ideal, Swissport, and Alitalia failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

b.  Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

c.  Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

d.  Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

e.  Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

f.  Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

g.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

h.  Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

       i.   Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff Rene Cordoba for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

       j.   Defendants Ideal and United also failed to pay Plaintiff Francisco Medina for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

61.    Since January 1, 2006, Defendant Ideal has failed to provide Plaintiffs and other Class Members an "Employment Notice" at the time of dispatch to third party clients in the form of a statement containing the following items on a form approved by the Illinois Department of Labor:

    a.   the name of the day or temporary laborer;

    b.   the name and nature of the work to be performed;

    c.   the wages offered;

    d.   the name and address of the destination of each day and temporary laborer;

    e.   terms of transportation; and

    f.   whether a meal or equipment, or both, are provided, either by the day and temporary labor service agency or the third party client, and the cost of the meal and equipment, if any.

62.    Since January 1, 2006, Defendant Ideal has likewise failed to provide Plaintiffs and other Class Members with a proper Wage Payment and Notice at the time of payment of wages in the form of an itemized statement, on the day or temporary laborers' pay stub or on a form approved by the Illinois Department of Labor, containing the total number of hours worked by the day or temporary laborer at each third party client each day during the pay period. As an example, see Exhibits B and C attached hereto.

63.    Since January 1, 2006, Defendant Ideal and APEX has likewise failed to compensate Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members and other Class Members for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g).  For example, Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were contracted by Defendant Ideal to work on December 7, 2007 at Defendant APEX, however they were not utilized.  Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were not paid their agreed upon rate of pay for the statutorily provided four (4) hours.

64.    Defendant Ideal's failure to provide Plaintiffs and other Class Members with the required Employment Notice (820 ILCS 175/10) and Wage Payment and Notice (820 ILCS 175/30), and Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members with four (4) hours of pay for contracted time not utilized (820 ILCS 175/30(g)) denied Plaintiffs and other Class Members certain information related to their employment which the Illinois legislature has determined is critical to protect the rights of day or temporary laborers. Such at-risk workers are particularly vulnerable to abuse of their labor rights, including unpaid wages, failure to pay for all hours worked, minimum wage and overtime violations, and unlawful deduction from pay for meals, transportation, equipment and other items. 820 ILCS 175/2.

## VII.    CLASS ACTION ALLEGATIONS

65.    Plaintiffs bring this action, on behalf of themselves and all other similarly situated persons, as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801.

66.    The Class that Plaintiffs seek to represent in regard to the IMWL overtime and minimum wage claims is composed of and defined as all persons who have been employed by Defendant Ideal as day or temporary laborers since July 17, 2005. The Class that Plaintiffs seek to represent in regard to the IWPCA claim is composed of and defined as all persons who have

been employed by Defendant Ideal as day or temporary laborers since July 17, 2003. The Class

that Plaintiffs seek to represent in regard to the IDTLSA claims is composed of and defined as all

persons who have been employed by Defendant Ideal as day or temporary laborers since January

1, 2006.

      67.    This action has been brought and may properly be maintained as a class action

under 735 ILCS 5/2-801 because:

a.  The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant Ideal has employed thousands of persons as day or temporary laborers in Illinois during the IMWL and IWPCA Class Periods and thousands of persons as day or temporary laborers in Illinois during the IDTLSA Class period.

b.  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

    i.  Whether Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet failed to pay day or temporary laborers overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

    ii.  Whether Defendants failed to pay day or temporary laborers the Illinois mandated-minimum wages for all time worked in individual work weeks during the IMWL Class Period;

    iii.  Whether Defendants failed to pay day or temporary laborers all earned wages at the rate agreed to by the parties for all time worked in individual work weeks during the IWPCA Class Period;

    iv.  Whether Defendant Ideal failed to provide day or temporary laborers with Employment Notice as required by 820 ILCS 175/10;

    v.  Whether Defendant Ideal failed to provide day or temporary laborers with Wage Payment and Notice as required by 820 ILCS 175/30;

    vi.  Whether Defendants Ideal and APEX failed to provide day or temporary laborers with the minimum four (4) hours of compensation when contracted to work and not utilized as required by 820 ILCS 175/30(g);

c. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

d. The class action is an appropriate method for the fair and efficient adjudication of the controversy. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because Plaintiffs and the class seek injunctive relief that will affect all class members in a common way. Furthermore, those class members still employed by Defendant Ideal may be reluctant to raise individual claims for fear of retaliation.

<u>COUNT I</u>
**Violation of the Illinois Minimum Wage Law-Overtime Wages**
**(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 67 as though set forth herein.

68.     This count arises from the violation of the IMWL for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

69.     Since July 17, 2005, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks.  See paragraph 58, *supra*.

70.     Since July 17, 2005, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks.  The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of,

Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

71.     Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

72.     Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees overtime wages at the rate of one and one half time their regular rate for all time they worked in excess of forty (40) hours in individual work weeks. See paragraph 58, *supra.*

73.     Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class violated the maximum hour provisions of the IMWL.

74.     Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto represent all current and former employees of Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet who have not been paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks since July 17, 2005, through and including the present.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class pray for a judgment against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet as follows:

A.     That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.     A judgment in the amount of all back wages due as provided by the IMWL;

C.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

E.     A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Day and Temporary Labor Services Act-Overtime Wages
**(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 74 as though set forth herein.

75.    This count arises from the violation of the IDTLSA for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

76.    Since January 1, 2006, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks. See paragraph 58, *supra*.

77.    Since January 1, 2006, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks.  The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of, Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

78.    Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

79.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated

employees overtime wages at the rate of one and one half time their regular rate for all time they worked in excess of forty (40) hours in individual work weeks. See paragraph 58, *supra*.

80.     Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class violated the IDTLSA.

81.     Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto represent all current and former employees of Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet who have not been paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks since January 1, 2006.

82.     Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an equal amount of their unpaid wages as liquidated damages since January 1, 2006.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class pray for a judgment against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet as follows:

A.     That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.     A judgment for liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

C.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

D.     A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 82 as though set forth herein.

83.    This count arises from the violation of the IMWL for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

84.    During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

85.    Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

86.    Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

87.    Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the minimum wage provisions of the IMWL.

88.    Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages in the three (3) years prior to Plaintiffs filing their lawsuit, through and including the present.

89.    Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for the three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IMWL;

C.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.    Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Day and Temporary Labor Services Act – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 89 as though set forth herein.

90.    This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

91.    During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

92.    Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

93.    Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

94.    Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the IDTLSA.

95.    Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages since January 1, 2006.

96.    Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an equal amount of their unpaid wages as liquidated damages since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment for liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

C.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

D.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
**Violation of the Illinois Wage Payment and Collection Act–**
**Unpaid Wages, Non Issuance of Final Checks**
**(Plaintiffs on their own behalf and on behalf of a class against all Defendants)**

Plaintiffs incorporate and reallege paragraphs 1 through 96 as though set forth herein.

97.    This count arises from the violation of the IWPCA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

98.     During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during that individual work week as described in paragraph 60, *supra*.

99.     Since July 17, 2003, other class members were similarly not compensated for all time worked in certain work weeks. The specific dates and locations at which Plaintiffs and other similarly situated employees of Defendants were not compensated for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendants and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

100.     Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

101.     Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA.

102.     Plaintiffs represent all current and former employees of Defendants' who have not been paid for all time worked at the rate agreed to by the parties in the five (5) years prior to Plaintiffs filing their lawsuit, through and including the present.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.     A judgment in the amount of all back wages due, as provided by the IWPCA;

C.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

D.     An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

E.     Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Illinois Day and Temporary Labor Services Act –
### Unpaid Wages-Non-Issuance of Final Checks
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 102 as though set forth herein.

103.    This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

104.    During the course of their employment with Defendants, Plaintiffs were not compensated for all time they worked in certain work weeks. See paragraph 60, *supra*.

105.    Other class members were similarly not compensated for all time worked in certain work weeks.

106.    Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

107.    Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA, a wage and hour violation as incorporated into the IDTLSA. 820 ILCS 175/95(a)(1). Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an amount equal to their earned wages as liquidated damages since January 1, 2006.

108.    Plaintiffs represent all current and former employees of Defendants who have not been paid for all time worked at the rate agreed to by the parties since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IDTLSA;

C.    That the Court award Plaintiffs and Class Members liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

D.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.     Such other and further relief as this Court deems appropriate and just.

### COUNT VII
**Violation of the Illinois Day and Temporary Labor Services Act-
Unpaid Wages-Statutory Minimum Pay of four (4) hours for a contracted work day
(Plaintiffs Berenice Jacinto and Lucia Portillo on their own behalf and on behalf of a class
against Defendants Ideal Staffing and APEX Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 108 as though set forth herein.

109.    This count arises from the violation of the IDTLSA for Defendants Ideal's and APEX's failure to pay Plaintiffs Berenice Jacinto and Lucia Portillo and the class that they represent for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g).

110.    Plaintiffs Berenice Jacinto and Lucia Portillo and the class they represent were contracted by Defendants Ideal to work on December 7, 2007 at Defendant APEX, and were not utilized, or paid the statutorily provided four (4) hours of pay for a contracted day. See paragraph 64, *supra.*

111.    Pursuant to 820 ILCS 175/30(g), Plaintiffs Berenice Jacinto, Lucia Portillo and the class members are entitled to be paid for the statutory minimum of four (4) hours of pay when contracted to work, but not utilized.

112.    Defendants Ideal and APEX's failure to pay Plaintiffs Berenice Jacinto, Lucia Portillo and the class members for the statutorily provided four (4) hours of pay for a contracted day violated the IDTLSA, 820 ILCS 175/30(g).

113.    Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs Berenice Jacinto, Lucia Portillo and members of the class are entitled to recover their four (4) hours of pay and an equal amount in liquidated damages from January 1, 2006.

114.    Plaintiffs Berenice Jacinto and Lucia Portillo represent all current and former employees of Defendants Ideal and Defendant APEX who have not been paid the statutorily provided four (4) hours of pay for a day of contracted work without being utilized.

WHEREFORE, Plaintiffs Berenice Jacinto and Lucia Portillo and the class pray for a judgment against Defendant Ideal and Defendant APEX, as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IDTLSA;

C.    That the Court award Plaintiffs Berenice Jacinto and Lucia Portillo and Class Members liquidated damages in an amount equal to the amount of unpaid wages found due for December 7, 2007 pursuant to 820 ILCS 175/95(a)(1);

D.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.    A determination of the rights of the parties and a direction to Defendants Ideal and APEX to account for all hours worked and wages paid to the class members during the temporality of the class;

F.    Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### Violation of the Illinois Day and Temporary Labor Services Act-Employment Notices
### (Plaintiffs on their own behalf and on behalf of a class against Defendant Ideal Only)

Plaintiffs incorporate and reallege paragraphs 1 through 114 as though set forth herein.

115.    This count arises from the violation of the IDTLSA for Defendants Ideal's failure to provide Plaintiffs and similarly situated employees with Employment Notices as required by the IDTLSA.

116.    Defendants Ideal's employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

117.    In employing Plaintiffs and other similarly situated day or temporary laborers, Defendants Ideal's failed to provide such persons with Employment Notices as required by the IDTLSA. 820 ILCS 175/10.

118.    Defendants Ideal's failed to provide Plaintiffs and other similarly situated day or temporary laborers with Employment Notices at the time of dispatch to third party clients as required by the IDTLSA. 820 ILCS 175/10.

119.    Plaintiffs represent all current and former employees of Defendants Ideal's who have not received Employment Notices at the time of dispatch to third party clients since July 17, 2003, through and including the present.

120.    Defendants Ideal and Deastis violated the IDTLSA by failing to provide to Plaintiffs and Class Members with Employment Notices as required by the IDTLSA 820 ILCS 175/10.

WHEREFORE Plaintiffs and the class pray for a judgment against Defendants Ideal and Deastis, as follows:

     A.     That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

     B.     That the Court declare that Defendant Ideal have violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

     C.     That the Court enjoin Defendant from violating the IDTLSA;

     D.     That the Court award Plaintiffs and Class Members compensatory damages and an amount up to $500 for the violation of each subpart of each Section of the IDTLSA violated by Defendant;

     E.     That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs in bringing this action; and

     F.     That the Court award such other and further relief as this Court may deem appropriate.

## COUNT IX
### Violation of Illinois Day and Temporary Labor Services Act-Wage Payment and Notice
#### (Plaintiffs on their own behalf and on behalf of class against Defendant Ideal Only)

Plaintiffs incorporate and reallege paragraphs 1 through 120 of this Complaint.

121.    This count arises from the violation of the IDTLSA for Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA.

122.    Defendant Ideal employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

123.    In employing Plaintiffs and other similarly situated day or temporary laborers, Defendant Ideal failed to provide such persons with proper Wage Payment and Notices as required by the IDTLSA. 820 ILCS 175/30.

124.    Specifically, Defendants Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with a detailed itemized statement showing the number of hours worked by the day or temporary laborer at each third party client company each day during the pay period. For example, Plaintiff Ismael Andrade's pay stubs for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

125.    In addition, Defendant Ideal failed to provide the name, address and telephone number of each third party client at which the day or temporary laborer worked or, in the alternative, a code which corresponded to such required information and which was made available to Plaintiffs and other similarly situated day or temporary laborers. See, for example, Plaintiff Ismael Andrade's pay stub for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

126.    Defendant Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with proper Wage Payment and Notices at the time of payment of wages as required by the IDTLSA. 820 ILCS 175/30.

127.    Plaintiffs represent all current and former employees of Defendant Ideal who have not been provided proper Wage Payment and Notices at the time of payment of wages since January 1, 2006, through and including the present.

128.    Defendant Ideal violated the IDTLSA by failing to provide to Plaintiffs and Class Members proper Wage Payment and Notices as required by the IDTLSA, 820 ILCS 175/30.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant Ideal, as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    That the Court declare that Defendant Ideal violated the Wage Payment and Notice provision of the IDTLSA. 820 ILCS 175/30;

C.    That the Court enjoin Defendants Ideal from violating the IDTLSA;

D.    That the Court award Plaintiffs and Class Members compensatory damages and an amount up to $500 for the violation of each subpart of each Section of the IDTLSA violated by Defendant Ideal;

E.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs in bringing this action; and

F.    That the Court award such other and further relief as this Court may deem appropriate.

## COUNT X
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiffs, individually, against all Defendants)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 128 of this Complaint.

129.    This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay minimum wages to Plaintiffs and the class they represent the minimum wages for all the time they worked.

130.    Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have been Plaintiffs' employers as defined by the FLSA.

131.    During the course of their employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

132.    During the weeks ending November 3, 2007 and November 10, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the then federally mandated minimum wage.

133.    The specific dates and locations at which Plaintiffs were not compensated the then federally mandated minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

134.    Pursuant to 29 U.S.C. § 206, Plaintiffs are entitled to be paid at least the federally mandated minimum wage for all time worked.

135.    Defendants' failure to pay the minimum wage rate to Plaintiffs violated the minimum wage hour provisions of the FLSA, 29 U.S.C. § 206.

136.    Defendants willfully violated the FLSA by refusing to pay Plaintiffs wages for all time worked.

137.    Pursuant to 29 U.S.C. § 255, Plaintiffs are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because Defendants' failure to pay minimum wages was a willful violation of the FLSA, 29 U.S.C. § 206.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    A judgment in the amount of unpaid minimum wages for all hours worked by Plaintiff other similarly situated employees;

B.    Liquidated damages in an amount equal to the amount of unpaid wages found to be due and owing;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just

## COUNT XI
### Violation of the Fair Labor Standards Act – Overtime Wages
**(Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez individually only against Defendants Ideal, Menzies, Alitalia, and Gate Gourmet only)**

Plaintiffs incorporate and reallege paragraphs 1 through 137 as though set forth herein.

138.     This count arises from Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez at a rate of one and one half times their regular hourly rate of pay.

139.     Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have been Plaintiffs' employers as defined by the FLSA.

140.     During the course of their employment by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet, Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

141.     Since July 17, 2005, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were required and/or permitted by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work in excess of forty (40) hours in individual workweeks, and Plaintiffs did worked in excess of forty (40) hours in individual workweeks. See paragraph 58, *supra*.

142.     Pursuant to 29 U.S.C. §207, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

143.    Defendants did not compensate Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in that individual work weeks.  See paragraph 58, *supra*.

144.    Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

145.    Defendants Ideal, Menzies, Alitalia, and Gate Gourmet willfully violated the FLSA by refusing to pay Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto overtime wages for all time worked in excess of forty (40) hours per week.

146.    Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto pray for a judgment against Defendants Ideal, Menzies, Alitalia, and Gate Gourmet as follows:

A.    A judgment in the amount of one and one-half times Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto's regular rate for all time they worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  July 17, 2008

JOHN E. UNTEREKER
CHRISTOPHER J. WILLIAMS
Working Hands Legal Clinic (#44534)
77 W. Washington, Suite 1402
Chicago, Il 60602
(312) 795-9115

Attorneys for Plaintiffs

# EXHIBIT A

A36



## Earnings Statement

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Pay Period:  6/18/2007  to  6/24/2007
Pay Date:    6/29/2007
Check #:     24445

Employee Number:        0780
Department Number:
Social Security Number: XXX-XX-3766
Marital Status:         SINGLE
Number Of Allowances:   05
Rate:                   7.0000

ISMAEL ANDRADE
460 W. IRVING PK RD
BENSENVILLE, IL 60106

### Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGULAR | 7.00 | 49.00 | 3260.50 |

### Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 3.75 | 249.43 |
| IL ST | - | 25.63 |
| EIC | 10.00 - | 283.50 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,260.50 | $49.00 | $6.25- | $55.25 |

# EXHIBIT B

A36

©2001 Automatic Data Processing, Inc.

TEAR HERE

# Earnings Statement

EASYPAY

Pay Period:  3/26/2007  to  4/01/2007
Pay Date:    4/06/2007
Check #:     23162

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Employee Number:         0703
Department Number:
Social Security Number:  XXX-XX-9087
Marital Status:          MARRIED
Number Of Allowances:    07
Rate:                    9.0000

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

## Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|------------|-------|-------------|--------------|
| REGLAR | 40.00 | 360.00 | 4022.10 |
| O/TIME | | | 108.00 |

## Taxes and Deductions

| Description | This Period | Year-To-Date |
|------------|-------------|--------------|
| FICA | 27.54 | 315.95 |
| IL ST | 2.72 | 30.87 |
| E I C | 31.32 - | 399.65 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|------------------------|-----------------------|------------------------------|---------------------|
| $4,130.10 | $360.00 | $1.06 - | $361.06 |

A36



# Earnings Statement

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Pay Period:   3/26/2007   to   4/01/2007
Pay Date:     4/06/2007
Check #:      23163

Employee Number:         0703
Department Number:
Social Security Number:  XXX-XX-9087
Marital Status:          MARRIED
Number Of Allowances:    07
Rate:                    9.0000

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

## Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGLAR | 17.15 | 154.35 | 4022.10 |
| O/TIME | | | 108.00 |

## Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 11.81 | 315.95 |
| IL ST | | 30.87 |
| E I C | 31.49 - | 399.65 - |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $4,130.10 | $154.35 | $19.68- | $174.03 |



EMPLOYEE
51-0000444  Andrade, J

SOCIAL SEC. NO. 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   FILING STATUS S - 5   CHECK DATE 09/07/2007   PERIOD END. 09/02/2007   CHECK NO. 006246

| Earnings | Current Hours | Current Amount | YTD Hours | YTD Amount |
|---|---|---|---|---|
| Type | | | | |
| Straight Time | 16.00 | 136.00 | 402.00 | 3,092.00 |
| Overtime | 0.00 | 0.00 | 7.50 | 84.38 |

GROSS EARNINGS  136.00
NET EARNINGS  132.14

MEMO  Verify name, address, social security #

| DEDUCTION | AMOUNT | YTD |
|---|---|---|
| Federal W/H | 0.00 | .21 |
| FICA | 8.43 | 196.94 |
| E.I.C. | -27.74 | -329.89 |
| Medicare | 1.97 | 46.05 |
| IL State W/H | 1.20 | 58.90 |

TOTAL DEDUCTIONS:  -16.14

EMPLOYEE
51-0000444  Andrade, J

SOCIAL SEC. NO. 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   PERIOD END 09/02/2007   CHECK NO. 006246

| W/E. Date | Customer Name | Hrs Type | Hours | Pay Rate | Gross Pay |
|---|---|---|---|---|---|
| 9/2/2007 | Menzies Aviation | Straight Time | 16.00 | 8.50 | 136.00 |
| 9/2/2007 | Swissport Cargo - 7013 | Straight Time | 8.00 | 7.50 | 60.00 |
| | | Straight Time | 40.00 | 7.50 | 300.00 |
| | | | 64.00 | | 496.00 |

TOTAL DEDUCTIONS:  -16.14  -21.79

EXHIBIT D

| EMPLOYEE | | | SOCIAL SEC. NO. | FILING STATUS | CHECK DATE | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|---|---|
| 51-0000612  Hernandez, J | | | 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 | M - 1 | 11/02/2007 | 10/28/2007 | 007434 |

| Earnings | Current | Current | YTD | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|---|
| Type | Hours | Amount | Hours | Amount | Federal W/H | 0.00 | 186.46 |
| Straight Time | 6.00 | 51.00 | 803.00 | 6,478.75 | FICA | 3.16 | 416.57 |
| Overtime | 0.00 | 0.00 | 20.00 | 240.00 | Medicare | 0.74 | 97.42 |
| | | | | | IL State W/H | 0.95 | 183.61 |

GROSS EARNINGS:         51.00          6,718.75

NET EARNINGS:                                                TOTAL DEDUCTIONS:        4.85        884.06

MEMO    Verify name, address, social security #

| EMPLOYEE | | | SOCIAL SEC. NO. | | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|---|
| 51-0000612  Hernandez, J | | | 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 | | 10/28/2007 | 007434 |

| W.E. Date | Customer Name | Hrs Type | Hours | Pay Rate | Gross Pay |
|---|---|---|---|---|---|
| 10/28/2007 | Menzies Aviation | Straight Time | 6.00 | 8.50 | 51.00 |
| 10/28/2007 | Swissport Cargo -7015 | Straight Time | 40.00 | 8.00 | 320.00 |
| | | | 46.00 | | 371.00 |

From:    Origin ID: SPIA   (217) 698-8710
Dave Weber
FAXXON LGL INFO SVCS, INC
2501 Chatham Road
SUITE 110
SPRINGFIELD, IL 62704

**FedEx**
Express

**E**

JCL5080460/2023

Ship Date: 28JUL08
ActWgt: 1.0 LB
System#: 1102224/INET8061
Account#: S *********

Delivery Address Bar Code



Ref #
Invoice #
PO #
Dept #

SHIP TO:    (800) 221-2972          BILL RECIPIENT

Lauren DePass
Blumberg Excelsior
62 White Street

New Yorl, NY 10013



TRK# 7970 3662 7006
0201

TUE - 29JUL          A1
STANDARD OVERNIGHT

# NH AYZA

10013
NY-US

EWR



# EXHIBIT F

| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | CCG N001-10M-1-07-05 (                    ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, ___Chancery___ DIVISION

(Name all parties)

Marcelino Andrade et al.

v.

Ideal Staffing Solutions, Inc. et al.

No. 08 CH 25610

Swissport Cargo Services, Inc.
c/o Reg. Agent Illinois Corporation
Service C
801 Adlai Stevenson Drive
Springfield, IL 62703-4261

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** _802_____, Chicago, Illinois 60602

| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JUL 22 2008

Atty. No.: 44534

Name: John E. Untereker/Working Hands Legal Clinic

Atty. for: Plaintiffs

Address: 77 W. Washington St., Suite 1402

City/State/Zip: Chicago, IL 60602

Telephone: (312)-795-9115

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT
COURT

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED - 2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MARCELINO ANDRADE, BERENICE JACINTO, AMERICA GARCIA, ORALIA PALACIOS, MIGUEL RUBIO, ISMAEL ANDRADE, JOSE HERNANDEZ, LUCIA PORTILLO, RENE CORDOBA, and FRANCISCO MEDINA, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. ) |
| IDEAL STAFFING SOLUTIONS, INC., UAL, INC., ALITALIA AIRLINES, SINGAPORE AIRLINES, GATE GOURMET, INC., AIR MENZIES INTERNATIONAL (USA), INC., SWISSPORT CARGO SERVICES, INC., APEX PLASTIC FINISHING COMPANY, JD NORMAN INDUSTRIES, INC. and DIEGO DEASTIS, individually, | ) ) ) ) 08CH25610 ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiffs Marcelino Andrade, America Garcia, Berenice Jacinto, Oralia Palacios, Miguel Rubio, Ismael Andrade, Jose Hernandez, Lucia Portillo, Rene Cordoba, and Francisco Medina, on behalf of themselves and other similarly situated employees, known and unknown, through their attorneys, for their Complaint against Defendants Ideal Staffing Solutions, Inc. ("Ideal"), UAL, Inc. ("United"), Alitalia Airlines ("Alitalia"), Singapore Airlines ("Singapore"), Gate Gourmet, Inc. ("Gate Gourmet"), Air Menzies International(USA), Inc. ("Menzies"), Swissport Cargo Services, Inc. ("Swissport"), APEX Plastic Finishing Company ("APEX"), JD Norman Industries, Inc. ("JD Norman"), and Diego Deastis ("Deastis"), individually, (collectively "Defendants"), state as follows:

## I.    INTRODUCTION

1.    Plaintiffs are low-wage workers who were hired by a temporary staffing agency, Ideal, to work at eight different client companies located at or near O'Hare International Airport, including United, Alitalia, Singapore Airlines, Gate Gourmet, Menzies, and Swissport. Plaintiffs make a claim for unpaid overtime and other earned wages on behalf of themselves and a class of similarly situated employees. Plaintiffs and the class seek recovery of their owed wages from Ideal and Ideal's client companies jointly in that all benefited from the illegal schemes used to deny Plaintiffs and the class their earned wages thereby reducing labor costs. Plaintiffs also seek recovery for Defendants' violation of protections specifically guaranteed to day laborers by Illinois law.

## II.    NATURE OF PLAINTIFFS' CLAIMS

2.    This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Day and Temporary Labor Services Act, 820 ILCS 115/1 *et seq.* ("IDTLSA"), for: 1) Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees in violation of the IMWL and the IDTLSA; 2) all Defendants' failure to pay minimum wages to Plaintiffs and other similarly situated employees in violation of the IMWL and IDTLSA; 3) all Defendants' failure to pay all earned wages to Plaintiffs and other similarly situated employees in violation of the IWPCA and the IDTLSA; 4) Defendant Ideal's failure to compensate Plaintiffs Berenice Jacinto, Lucia Portillo and similarly situated employees for a minimum of four (4) hours on days when they were contracted to work, but were not utilized as required by the IDTLSA; 5) Defendant Ideal's failure to provide Plaintiffs and

similarly situated employees with Employment Notices as required by the IDTLSA; 6) Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA. Plaintiffs bring this lawsuit as a class action, under Illinois Code of Civil Procedure 735 ILCS 5/2-801 *et seq.*, seeking damages and other equitable relief under the IMWL, the IWPCA and the IDTLSA on behalf of Plaintiffs and all other similarly situated employees of Defendants. Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto also bring individual claims under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay federally mandated minimum wages and overtime wages.

3.    The "IMWL Class Period" for the IMWL overtime and minimum wage claims is designated as the period beginning July 17, 2005 based on the limitations period of the IMWL. The "IWPCA Class Period" for the IWPCA claim is designated as the period beginning July 17, 2003 based on the limitations period of the IWPCA. The "IDTLSA Class Period" for the IDTLSA claims is designated as the period beginning January 1, 2006, the effective date of the IDTLSA, to the present, based upon Plaintiffs' allegations that the violations of the IDTLSA, as described more fully below, have been ongoing since that time.

## III.    JURISDICTION

4.    Jurisdiction in this Court is proper pursuant to 735 ILCS 5/2-209(a)(1) because Defendants committed the violations of the IMWL, the IWPCA and the IDTLSA complained of herein in Illinois and, pursuant to 735 ILCS 5/2-209(b)(4), because Defendants conduct and transact business from and within the state of Illinois.

## IV.    VENUE

5.    Venue is proper in this judicial district pursuant to 735 ILCS 5/2-101 in that Plaintiffs and other members of the Class performed work for Defendants within Cook County, Illinois, a substantial number of the acts complained of herein occurred within Cook County, Illinois, and Defendants have maintained offices and transacted business during the Class Period within Cook County, Illinois.

## V.    PARTIES

### A.    <u>Plaintiffs</u>

6.    At all relevant times, Plaintiff Marcelino Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

7.    At all relevant times, Plaintiff America Garcia has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman and APEX.

8.    At all relevant times, Plaintiff Berenice Jacinto has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX and Gate Gourmet.

9.     At all relevant times, Plaintiff Oralia Palacios has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including JD Norman.

10.     At all relevant times, Plaintiff Miguel Rubio has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies.

11.     At all relevant times, Plaintiff Ismael Andrade has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

12.     At all relevant times, Plaintiff Jose Hernandez has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Menzies and Alitalia.

13.     At all relevant times, Plaintiff Lucia Portillo has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the

IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including APEX.

14.    At all relevant times, Plaintiff Rene Cordoba has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including Swissport and Alitalia.

15.    At all relevant times, Plaintiff Francisco Medina has been an "employee" of Defendant Ideal, as that term is defined by the IMWL, IWPCA, and the FLSA, and has been employed by Defendant Ideal as a "day or temporary laborer" as that term is defined by the IDTLSA, 820 ILCS 175/5, and has been leased by Defendant Ideal to work as a day or temporary laborer at various third party client companies, including United and Swissport.

**B.    Defendants**

16.    Defendant Ideal is an Illinois corporation doing business in Illinois. Defendant Ideal is day and temporary service agency located in Illinois.

17.    Defendant Ideal is or has been Plaintiffs' "employer" as that term is defined by the IDTLSA, the IMWL, the IWPCA, and the FLSA.

18.    Since January 1, 2006, Defendant Ideal has been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients pursuant to contracts between itself and third party clients.

19.    Since January 1, 2006, Defendant Ideal has been "a day and temporary labor service agency" as defined by the IDTLSA. 820 ILCS 175/5.

20.    Defendant Deastis is a principal officer of Ideal Staffing Solutions, Inc., and involved in the day-to-day business operations of Ideal. Among other things, Defendant Deastis has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

21.    Defendant Deastis is an "employer" as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

22.    Defendant Deastis resides in this judicial district.

23.    Defendant United is a foreign corporation and does business within the State of Illinois.

24.    Since July 17, 2003, Defendant United has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

25.    Since January 1, 2006, Defendant United has contracted with Ideal in order to obtain day or temporary laborers.

26.    Since January 1, 2006, Defendant United has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

27.    Defendant Alitalia is a foreign corporation and does business within the State of Illinois.

28.    Since July 17, 2003, Defendant Alitalia has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

29.    Since January 1, 2006, Defendant Alitalia has contracted with Ideal in order to obtain day or temporary laborers.

30.    Since January 1, 2006, Defendant Alitalia has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

31.    Defendant Singapore is a foreign corporation and does business within the State of Illinois.

32.    Since July 17, 2003, Defendant Singapore has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

33.    Since January 1, 2006, Defendant Singapore has contracted with Ideal in order to obtain day or temporary laborers.

34.    Since January 1, 2006, Defendant Singapore has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

35.    Defendant Gate Gourmet is a foreign corporation and does business within the State of Illinois.

36.    Since July 17, 2003, Defendant Gate Gourmet has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

37.    Since January 1, 2006, Defendant Gate Gourmet has contracted with Ideal in order to obtain day or temporary laborers.

38.    Since January 1, 2006, Defendant Gate Gourmet has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

39.    Defendant Menzies is a foreign corporation and does business within the State of Illinois.

40.    Since July 17, 2003, Defendant Menzies has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

41.    Since January 1, 2006, Defendant Menzies has contracted with Ideal in order to obtain day or temporary laborers.

42.    Since January 1, 2006, Defendant Menzies has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

43.    Defendant Swissport is a foreign corporation and does business within the State of Illinois.

44.    Since July 17, 2003, Defendant Swissport has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

45.    Since January 1, 2006, Defendant Swissport has contracted with Ideal in order to obtain day or temporary laborers.

46.    Since January 1, 2006, Defendant Swissport has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

47.    Defendant APEX is incorporated under the laws of Illinois and does business within the State of Illinois.

48.    Since July 17, 2003, Defendant APEX has been an employer as defined by the IMWL, 820 ILCS 105/3(c), IWPCA, 820 ILCS 115/1 *et seq.,* and FLSA, 29 U.S.C. §203(d).

49.    Since January 1, 2006, Defendant APEX has contracted with Ideal in order to obtain day or temporary laborers.

50.    Since January 1, 2006, Defendant APEX has been a "third party client" of Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

51.    Defendant JD Norman is incorporated under the laws of Illinois and does business within the State of Illinois.

52.     Since July 17, 2003, Defendant JD Norman has been an employer as defined by

the IMWL, 820 ILCS 105/3(c), IWPCA,  820 ILCS 115/1 *et seq.*, and FLSA, 29 U.S.C. §203(d).

53.     Since January 1, 2006, Defendant JD Norman has contracted with Ideal in order

to obtain day or temporary laborers.

54.     Since January 1, 2006, Defendant JD Norman has been a "third party client" of

Ideal as that term is defined by the IDTLSA. 820 ILCS 105/5.

## VI.   FACTUAL BACKGROUND

55.     Plaintiffs and other day and temporary laborers have worked for Defendant Ideal

at one of its Illinois branch offices in one or more individual work weeks since July 17, 2003.

56.     Defendant Ideal operates, and at all times during the Class Periods, has done

business in Cook County and elsewhere within Illinois.

57.     Defendants United, Alitalia, Singapore, Gate Gourmet, Menzies,  Swissport,

APEX, and JD Norman operate, and at all times during the Class Periods, have done business in

Cook County and elsewhere within Illinois.

58.     Since July 17, 2005, Defendant Ideal has failed to pay Plaintiffs Ismael Andrade,

Jose Hernandez, Berenice Jacinto and other Class Members at the rate of one and one-half times

their regular rate of pay for all time worked over forty (40) hours in a single work week in

violation of the IMWL. For example:

   a.  In one scheme, Defendant Ideal and Gate Gourmet denied Plaintiff Ismael
       Andrade, Berenice Jacinto and other class members their earned overtime
       pay by "splitting" their weekly compensation between multiple paychecks
       so that no individual paycheck identified employees as having worked
       more than forty (40) hours in an individual work week. For example, see
       Exhibit A, attached hereto, showing Defendant Ideal issued Plaintiff
       Ismael Andrade two paychecks for the work he performed in the work
       week ending June 24, 2007, one check (#24444) compensating him for 40
       hours of work at his regular rate of pay and the other check (#24445)
       compensating him for an additional 7 hours of work at his regular rate of

pay, or a total of 47 hours all paid at Plaintiff Ismael Andrade's regular rate of pay.

b.  For example, see Exhibit B, attached hereto, showing Defendant Ideal issued Plaintiff Berenice Jacinto two paychecks for the work she performed in the work week ending April 1, 2007 at Gate Gourmet, one check (#23162) compensating her for 40 hours of work at her regular rate of pay and the other check (#23163) compensating her for an additional 17.15 hours of work at her regular rate of pay, or a total of 57.15 hours all paid at Plaintiff Berenice Jacinto's regular rate of pay.

c.  In another scheme, Defendant Ideal, Menzies, and Alitalia denied Plaintiffs Ismael Andrade, Jose Hernandez, and other class members their earned overtime pay by paying them for all hours worked, including time worked over forty (40) hours in individual work weeks, with one check, however at their "straight-time" hourly rate of pay. For example, see Exhibit C, attached hereto, showing Defendant Ideal compensated Plaintiff Ismael Andrade for sixty-four (64) hours for the work he performed in the work week ending September 2, 2007 at his regular rate of pay. Plaintiff Ismael Andrade was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

d.  For example, see Exhibit D, attached hereto, showing Defendant Ideal compensated Plaintiff Jose Hernandez for forty-six (46) hours for the work he performed in the work week ending October 28, 2007 at his regular rate of pay. Plaintiff Jose Hernandez was not compensated at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours for that work week.

59.  Since July 17, 2005, Defendants have failed to pay Plaintiffs and other Class Members for all time they worked, which caused their hourly wage rate to fall below the state-mandated minimum wage rate in violation of the IMWL and FLSA. For example:

a.  Defendants Ideal, Swissport, and Alitalia also failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Alitalia's failure to compensate Plaintiff Marcelino Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

b.  Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure

to compensate Plaintiff Marcelino Andrade for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

c. Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Berenice Jacinto for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

d. Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and JD Norman's failure to compensate Plaintiff Oralia Palacios for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

e. Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and Menzies 's failure to compensate Plaintiff Miguel Rubio for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

f. Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and APEX's failure to compensate Plaintiff Lucia Portillo for all time she worked resulted in payment of less than the state and federal mandated minimum wages.

g. Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Ismael Andrade for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

h. Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Menzies, and Alitalia's failure to compensate Plaintiff Jose Hernandez for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

i. Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff Rene Cordoba for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal, Swissport, and Singapore's failure to compensate Plaintiff Rene Cordoba for all time he

worked resulted in payment of less than the state and federal mandated minimum wages.

j. Defendants Ideal and United also failed to pay Plaintiff Francisco Medina for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007. Defendants Ideal and United's failure to compensate Plaintiff Francisco Medina for all time he worked resulted in payment of less than the state and federal mandated minimum wages.

60.    Since July 17, 2003, all Defendants have failed to pay Plaintiffs and other class members for all time worked at the rate agreed to by the parties in violation of the IWPCA. For example:

a. Defendants Ideal, Swissport, and Alitalia failed to pay Plaintiff Marcelino Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

b. Defendants Ideal and JD Norman also failed to pay Plaintiff America Garcia for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

c. Defendants Ideal and APEX also failed to pay Plaintiff Berenice Jacinto for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

d. Defendants Ideal and JD Norman also failed to pay Plaintiff Oralia Palacios for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

e. Defendants Ideal and Menzies also failed to pay Plaintiff Miguel Rubio for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

f. Defendants Ideal and APEX also failed to pay Plaintiff Lucia Portillo for all time she worked in the work weeks ending November 4, 2007 and November 11, 2007.

g. Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Ismael Andrade for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

h. Defendants Ideal, Menzies, and Alitalia also failed to pay Plaintiff Jose Hernandez for all time he worked in the work weeks ending November 4, 2007 and November 11, 2007.

   i.  Defendants Ideal, Swissport, and Singapore also failed to pay Plaintiff
       Rene Cordoba for all time he worked in the work weeks ending November
       4, 2007 and November 11, 2007.

   j.  Defendants Ideal and United also failed to pay Plaintiff Francisco Medina
       for all time he worked in the work weeks ending November 4, 2007 and
       November 11, 2007.

61.    Since January 1, 2006, Defendant Ideal has failed to provide Plaintiffs and other

Class Members an "Employment Notice" at the time of dispatch to third party clients in the form

of a statement containing the following items on a form approved by the Illinois Department of

Labor:

   a.  the name of the day or temporary laborer;

   b.  the name and nature of the work to be performed;

   c.  the wages offered;

   d.  the name and address of the destination of each day and temporary
       laborer;

   e.  terms of transportation; and

   f.  whether a meal or equipment, or both, are provided, either by the day and
       temporary labor service agency or the third party client, and the cost of the
       meal and equipment, if any.

62.    Since January 1, 2006, Defendant Ideal has likewise failed to provide Plaintiffs

and other Class Members with a proper Wage Payment and Notice at the time of payment of

wages in the form of an itemized statement, on the day or temporary laborers' pay stub or on a

form approved by the Illinois Department of Labor, containing the total number of hours worked

by the day or temporary laborer at each third party client each day during the pay period.  As an

example, see Exhibits B and C attached hereto.

63.    Since January 1, 2006, Defendant Ideal and APEX has likewise failed to compensate Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members and other Class Members for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g). For example, Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were contracted by Defendant Ideal to work on December 7, 2007 at Defendant APEX, however they were not utilized. Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members were not paid their agreed upon rate of pay for the statutorily provided four (4) hours.

64.    Defendant Ideal's failure to provide Plaintiffs and other Class Members with the required Employment Notice (820 ILCS 175/10) and Wage Payment and Notice (820 ILCS 175/30), and Plaintiffs Berenice Jacinto, Lucia Portillo, and other class members with four (4) hours of pay for contracted time not utilized (820 ILCS 175/30(g)) denied Plaintiffs and other Class Members certain information related to their employment which the Illinois legislature has determined is critical to protect the rights of day or temporary laborers. Such at-risk workers are particularly vulnerable to abuse of their labor rights, including unpaid wages, failure to pay for all hours worked, minimum wage and overtime violations, and unlawful deduction from pay for meals, transportation, equipment and other items. 820 ILCS 175/2.

## VII.    CLASS ACTION ALLEGATIONS

65.    Plaintiffs bring this action, on behalf of themselves and all other similarly situated persons, as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801.

66.    The Class that Plaintiffs seek to represent in regard to the IMWL overtime and minimum wage claims is composed of and defined as all persons who have been employed by Defendant Ideal as day or temporary laborers since July 17, 2005. The Class that Plaintiffs seek to represent in regard to the IWPCA claim is composed of and defined as all persons who have

been employed by Defendant Ideal as day or temporary laborers since July 17, 2003. The Class

that Plaintiffs seek to represent in regard to the IDTLSA claims is composed of and defined as all

persons who have been employed by Defendant Ideal as day or temporary laborers since January

1, 2006.

    67.    This action has been brought and may properly be maintained as a class action

under 735 ILCS 5/2-801 because:

    a.  The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant Ideal has employed thousands of persons as day or temporary laborers in Illinois during the IMWL and IWPCA Class Periods and thousands of persons as day or temporary laborers in Illinois during the IDTLSA Class period.

    b.  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

        i.  Whether Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet failed to pay day or temporary laborers overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

        ii.  Whether Defendants failed to pay day or temporary laborers the Illinois mandated-minimum wages for all time worked in individual work weeks during the IMWL Class Period;

        iii.  Whether Defendants failed to pay day or temporary laborers all earned wages at the rate agreed to by the parties for all time worked in individual work weeks during the IWPCA Class Period;

        iv.  Whether Defendant Ideal failed to provide day or temporary laborers with Employment Notice as required by 820 ILCS 175/10;

        v.  Whether Defendant Ideal failed to provide day or temporary laborers with Wage Payment and Notice as required by 820 ILCS 175/30;

        vi.  Whether Defendants Ideal and APEX failed to provide day or temporary laborers with the minimum four (4) hours of compensation when contracted to work and not utilized as required by 820 ILCS 175/30(g);

c.  Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

d.  The class action is an appropriate method for the fair and efficient adjudication of the controversy. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because Plaintiffs and the class seek injunctive relief that will affect all class members in a common way. Furthermore, those class members still employed by Defendant Ideal may be reluctant to raise individual claims for fear of retaliation.

## COUNT I
### Violation of the Illinois Minimum Wage Law-Overtime Wages
**(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 67 as though set forth herein.

68.    This count arises from the violation of the IMWL for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

69.    Since July 17, 2005, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks. See paragraph 58, *supra*.

70.    Since July 17, 2005, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks. The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of,

Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

71.    Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

72.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated employees overtime wages at the rate of one and one half time their regular rate for all time they worked in excess of forty (40) hours in individual work weeks. See paragraph 58, *supra.*

73.    Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class violated the maximum hour provisions of the IMWL.

74.    Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto represent all current and former employees of Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet who have not been paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks since July 17, 2005, through and including the present.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class pray for a judgment against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IMWL;

C.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.    Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Day and Temporary Labor Services Act-Overtime Wages**
**(Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto on their own behalf and**
**on behalf of a class against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet**
**Only)**

Plaintiffs incorporate and reallege paragraphs 1 through 74 as though set forth herein.

75.     This count arises from the violation of the IDTLSA for Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez and the class that they represent all their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

76.     Since January 1, 2006, Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez were required and/or permitted by Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet and its third party clients to work in excess of forty (40) hours in individual workweeks, and Plaintiffs Ismael Andrade, Berenice Jacinto, Jose Hernandez did work in excess of (40) hours in individual work weeks. See paragraph 58, *supra.*

77.     Since January 1, 2006, other similarly situated employees were directed by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work and did work in excess of forty (40) hours in certain individual workweeks. The specific dates and locations at which Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similar situated employees of Defendants were not compensated for all time worked in excess of forty (40) hours are contained in documents which are in the possession of, or are required to be in the possession of, Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet pursuant to the IMWL, the FLSA and the IDTLSA.

78.     Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class members were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

79.     Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet did not pay Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and other similarly situated

employees overtime wages at the rate of one and one half time their regular rate for all time they worked in excess of forty (40) hours in individual work weeks. See paragraph 58, *supra.*

80.     Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class violated the IDTLSA.

81.     Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto represent all current and former employees of Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet who have not been paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks since January 1, 2006.

82.     Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an equal amount of their unpaid wages as liquidated damages since January 1, 2006.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, Berenice Jacinto, and the class pray for a judgment against Defendants Ideal, Deastis, Menzies, Alitalia, and Gate Gourmet as follows:

A.     That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.     A judgment for liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

C.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

D.     A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 82 as though set forth herein.

83.    This count arises from the violation of the IMWL for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

84.    During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

85.    Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

86.    Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

87.    Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the minimum wage provisions of the IMWL.

88.    Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages in the three (3) years prior to Plaintiffs filing their lawsuit, through and including the present.

89.    Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for the three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.     A judgment in the amount of all back wages due as provided by the IMWL;

C.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

E.     A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Day and Temporary Labor Services Act – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 89 as though set forth herein.

90.     This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent the state-mandated minimum wages for all time they worked.

91.     During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the Illinois minimum wage.

92.     Since July 17, 2005, other class members were similarly not compensated for all hours worked in certain work weeks and, as a result, their hourly wages likewise fell below the Illinois minimum wage. The specific dates and locations at which Plaintiffs and other similar situated employees of Defendants' were not compensated the Illinois minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

93.     Plaintiffs and the class members were entitled to be paid at least the Illinois minimum wage for all time worked.

94.   Defendants' failure to pay the Illinois minimum wage rate to Plaintiffs and the Class violated the IDTLSA.

95.   Plaintiffs represent all current and former employees of Defendants' who have not been paid minimum wages since January 1, 2006.

96.   Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an equal amount of their unpaid wages as liquidated damages since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.   That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.   A judgment for liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

C.   Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

D.   A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.   Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act–
### Unpaid Wages, Non Issuance of Final Checks
**(Plaintiffs on their own behalf and on behalf of a class against all Defendants)**

Plaintiffs incorporate and reallege paragraphs 1 through 96 as though set forth herein.

97.   This count arises from the violation of the IWPCA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

98.    During the weeks ending November 4, 2007 and November 11, 2007, Plaintiffs were not compensated for all time they worked during that individual work week as described in paragraph 60, *supra*.

99.    Since July 17, 2003, other class members were similarly not compensated for all time worked in certain work weeks. The specific dates and locations at which Plaintiffs and other similarly situated employees of Defendants were not compensated for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendants and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

100.    Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

101.    Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA.

102.    Plaintiffs represent all current and former employees of Defendants' who have not been paid for all time worked at the rate agreed to by the parties in the five (5) years prior to Plaintiffs filing their lawsuit, through and including the present.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due, as provided by the IWPCA;

C.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

D.    An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Illinois Day and Temporary Labor Services Act –
### Unpaid Wages-Non-Issuance of Final Checks
### (Plaintiffs on their own behalf and on behalf of a class against all Defendants)

Plaintiffs incorporate and reallege paragraphs 1 through 102 as though set forth herein.

103.    This count arises from the violation of the IDTLSA for Defendants' failure to pay Plaintiffs and the class they represent wages for all time worked at the rate agreed to by the parties.

104.    During the course of their employment with Defendants, Plaintiffs were not compensated for all time they worked in certain work weeks. See paragraph 60, *supra*.

105.    Other class members were similarly not compensated for all time worked in certain work weeks.

106.    Plaintiffs and the class members were entitled to be paid for all time worked at the rate agreed to by the parties.

107.    Defendants' failure to pay Plaintiffs and the class members for all time worked at the rate agreed to by the parties violated the IWPCA, a wage and hour violation as incorporated into the IDTLSA. 820 ILCS 175/95(a)(1). Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs and members of the class are entitled to recover an amount equal to their earned wages as liquidated damages since January 1, 2006.

108.    Plaintiffs represent all current and former employees of Defendants who have not been paid for all time worked at the rate agreed to by the parties since January 1, 2006.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IDTLSA;

C.    That the Court award Plaintiffs and Class Members liquidated damages in an amount equal to the amount of unpaid overtime compensation found due since January 1, 2006 pursuant to 820 ILCS 175/95(a)(1);

D.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.    A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT VII
### Violation of the Illinois Day and Temporary Labor Services Act-
### Unpaid Wages-Statutory Minimum Pay of four (4) hours for a contracted work day
### (Plaintiffs Berenice Jacinto and Lucia Portillo on their own behalf and on behalf of a class
### against Defendants Ideal Staffing and APEX Only)

Plaintiffs incorporate and reallege paragraphs 1 through 108 as though set forth herein.

109.    This count arises from the violation of the IDTLSA for Defendants Ideal's and APEX's failure to pay Plaintiffs Berenice Jacinto and Lucia Portillo and the class that they represent for a minimum of four (4) hours of pay in accordance with 820 ILCS 175/30(g).

110.    Plaintiffs Berenice Jacinto and Lucia Portillo and the class they represent were contracted by Defendants Ideal to work on December 7, 2007 at Defendant APEX, and were not utilized, or paid the statutorily provided four (4) hours of pay for a contracted day. See paragraph 64, *supra*.

111.    Pursuant to 820 ILCS 175/30(g), Plaintiffs Berenice Jacinto, Lucia Portillo and the class members are entitled to be paid for the statutory minimum of four (4) hours of pay when contracted to work, but not utilized.

112.    Defendants Ideal and APEX's failure to pay Plaintiffs Berenice Jacinto, Lucia Portillo and the class members for the statutorily provided four (4) hours of pay for a contracted day violated the IDTLSA, 820 ILCS 175/30(g).

113.    Pursuant to 820 ILCS 175/95(a)(1), Plaintiffs Berenice Jacinto, Lucia Portillo and members of the class are entitled to recover their four (4) hours of pay and an equal amount in liquidated damages from January 1, 2006.

114.    Plaintiffs Berenice Jacinto and Lucia Portillo represent all current and former employees of Defendants Ideal and Defendant APEX who have not been paid the statutorily provided four (4) hours of pay for a day of contracted work without being utilized.

WHEREFORE, Plaintiffs Berenice Jacinto and Lucia Portillo and the class pray for a judgment against Defendant Ideal and Defendant APEX, as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    A judgment in the amount of all back wages due as provided by the IDTLSA;

C.    That the Court award Plaintiffs Berenice Jacinto and Lucia Portillo and Class Members liquidated damages in an amount equal to the amount of unpaid wages found due for December 7, 2007 pursuant to 820 ILCS 175/95(a)(1);

D.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95;

E.    A determination of the rights of the parties and a direction to Defendants Ideal and APEX to account for all hours worked and wages paid to the class members during the temporality of the class;

F.    Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### Violation of the Illinois Day and Temporary Labor Services Act-Employment Notices
### (Plaintiffs on their own behalf and on behalf of a class against Defendant Ideal Only)

Plaintiffs incorporate and reallege paragraphs 1 through 114 as though set forth herein.

115.    This count arises from the violation of the IDTLSA for Defendants Ideal's failure to provide Plaintiffs and similarly situated employees with Employment Notices as required by the IDTLSA.

116.    Defendants Ideal's employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

117.    In employing Plaintiffs and other similarly situated day or temporary laborers, Defendants Ideal's failed to provide such persons with Employment Notices as required by the IDTLSA. 820 ILCS 175/10.

118.    Defendants Ideal's failed to provide Plaintiffs and other similarly situated day or temporary laborers with Employment Notices at the time of dispatch to third party clients as required by the IDTLSA. 820 ILCS 175/10.

119.    Plaintiffs represent all current and former employees of Defendants Ideal's who have not received Employment Notices at the time of dispatch to third party clients since July 17, 2003, through and including the present.

120.    Defendants Ideal and Deastis violated the IDTLSA by failing to provide to Plaintiffs and Class Members with Employment Notices as required by the IDTLSA 820 ILCS 175/10.

WHEREFORE Plaintiffs and the class pray for a judgment against Defendants Ideal and Deastis, as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    That the Court declare that Defendant Ideal have violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

C.    That the Court enjoin Defendant from violating the IDTLSA;

D.    That the Court award Plaintiffs and Class Members compensatory damages and an amount up to $500 for the violation of each subpart of each Section of the IDTLSA violated by Defendant;

E.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs in bringing this action; and

F.    That the Court award such other and further relief as this Court may deem appropriate.

## COUNT IX
### Violation of Illinois Day and Temporary Labor Services Act-Wage Payment and Notice
### (Plaintiffs on their own behalf and on behalf of class against Defendant Ideal Only)

Plaintiffs incorporate and reallege paragraphs 1 through 120 of this Complaint.

121.    This count arises from the violation of the IDTLSA for Defendant Ideal's failure to provide Plaintiffs and similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA.

122.   Defendant Ideal employed Plaintiffs and other similarly situated day or temporary laborers from before January 1, 2006.

123.   In employing Plaintiffs and other similarly situated day or temporary laborers, Defendant Ideal failed to provide such persons with proper Wage Payment and Notices as required by the IDTLSA. 820 ILCS 175/30.

124.   Specifically, Defendants Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with a detailed itemized statement showing the number of hours worked by the day or temporary laborer at each third party client company each day during the pay period.  For example, Plaintiff Ismael Andrade's pay stubs for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

125.   In addition, Defendant Ideal failed to provide the name, address and telephone number of each third party client at which the day or temporary laborer worked or, in the alternative, a code which corresponded to such required information and which was made available to Plaintiffs and other similarly situated day or temporary laborers.  See, for example, Plaintiff Ismael Andrade's pay stub for the pay period ending June 24, 2007, Exhibit A as attached hereto, and Plaintiff Berenice Jacinto's pay stub for the pay period ending April 1, 2007, Exhibit B, as attached hereto.

126.   Defendant Ideal failed to provide Plaintiffs and other similarly situated day or temporary laborers with proper Wage Payment and Notices at the time of payment of wages as required by the IDTLSA. 820 ILCS 175/30.

127.    Plaintiffs represent all current and former employees of Defendant Ideal who have not been provided proper Wage Payment and Notices at the time of payment of wages since January 1, 2006, through and including the present.

128.    Defendant Ideal violated the IDTLSA by failing to provide to Plaintiffs and Class Members proper Wage Payment and Notices as required by the IDTLSA, 820 ILCS 175/30.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant Ideal, as follows:

A.    That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.    That the Court declare that Defendant Ideal violated the Wage Payment and Notice provision of the IDTLSA. 820 ILCS 175/30;

C.    That the Court enjoin Defendants Ideal from violating the IDTLSA;

D.    That the Court award Plaintiffs and Class Members compensatory damages and an amount up to $500 for the violation of each subpart of each Section of the IDTLSA violated by Defendant Ideal;

E.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs in bringing this action; and

F.    That the Court award such other and further relief as this Court may deem appropriate.

## COUNT X
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiffs, individually, against all Defendants)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 128 of this Complaint.

129.    This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay minimum wages to Plaintiffs and the class they represent the minimum wages for all the time they worked.

130.    Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have been Plaintiffs' employers as defined by the FLSA.

131.   During the course of their employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

132.   During the weeks ending November 3, 2007 and November 10, 2007, Plaintiffs were not compensated for all time they worked during those individual work weeks as described in paragraph 59, *supra,* and as a result, their hourly wage fell below the then federally mandated minimum wage.

133.   The specific dates and locations at which Plaintiffs were not compensated the then federally mandated minimum wage for all time worked are contained in documents which are in the possession of, or are required to be in the possession of, Defendant Ideal and its third party clients pursuant to the IMWL, the FLSA and the IDTLSA.

134.   Pursuant to 29 U.S.C. § 206, Plaintiffs are entitled to be paid at least the federally mandated minimum wage for all time worked.

135.   Defendants' failure to pay the minimum wage rate to Plaintiffs violated the minimum wage hour provisions of the FLSA, 29 U.S.C. § 206.

136.   Defendants willfully violated the FLSA by refusing to pay Plaintiffs wages for all time worked.

137.   Pursuant to 29 U.S.C. § 255, Plaintiffs are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because Defendants' failure to pay minimum wages was a willful violation of the FLSA, 29 U.S.C. § 206.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.   A judgment in the amount of unpaid minimum wages for all hours worked by Plaintiff other similarly situated employees;

B.   Liquidated damages in an amount equal to the amount of unpaid wages found to be due and owing;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just

## COUNT XI
### Violation of the Fair Labor Standards Act – Overtime Wages
(Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez individually only against
Defendants Ideal, Menzies, Alitalia, and Gate Gourmet only)

Plaintiffs incorporate and reallege paragraphs 1 through 137 as though set forth herein.

138.     This count arises from Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez at a rate of one and one half times their regular hourly rate of pay.

139.     Since July 17, 2005, Defendants Ideal, Menzies, Alitalia, and Gate Gourmet have been Plaintiffs' employers as defined by the FLSA.

140.     During the course of their employment by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet, Plaintiffs Ismael Andrade, Berenice Jacinto, and Jose Hernandez were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

141.     Since July 17, 2005, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were required and/or permitted by Defendants Ideal, Menzies, Alitalia, and Gate Gourmet to work in excess of forty (40) hours in individual workweeks, and Plaintiffs did worked in excess of forty (40) hours in individual workweeks. See paragraph 58, *supra.*

142.     Pursuant to 29 U.S.C. §207, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto were entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

143.   Defendants did not compensate Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in that individual work weeks.  See paragraph 58, *supra*.

144.   Defendants Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages to Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

145.   Defendants Ideal, Menzies, Alitalia, and Gate Gourmet willfully violated the FLSA by refusing to pay Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto overtime wages for all time worked in excess of forty (40) hours per week.

146.   Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant Ideal, Menzies, Alitalia, and Gate Gourmet's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto pray for a judgment against Defendants Ideal, Menzies, Alitalia, and Gate Gourmet as follows:

A.   A judgment in the amount of one and one-half times Plaintiffs Ismael Andrade, Jose Hernandez, and Berenice Jacinto's regular rate for all time they worked in excess of forty (40) hours per week;

B.   Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.   Reasonable attorneys' fees and costs incurred in filing this action; and

D.   Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  July 17, 2008

JOHN E. UNTEREKER
CHRISTOPHER J. WILLIAMS
Working Hands Legal Clinic (#44534)
77 W. Washington, Suite 1402
Chicago, Il 60602
(312) 795-9115

Attorneys for Plaintiffs

# EXHIBIT A

A36

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

# Earnings Statement

Pay Period: 6/18/2007  to  6/24/2007
Pay Date:   6/29/2007
Check #:    24444

Employee Number:        0780
Department Number:
Social Security Number: XXX-XX-3766
Marital Status:         SINGLE
Number Of Allowances:   05
Rate:                   9.0000

**ISMAEL ANDRADE**
**460 W. IRVING PK RD**
**BENSENVILLE, IL 60106**

## Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGULAR | 40.00 | 360.00 | 3260.50 |

## Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 27.54 | 249.43 |
| IL ST | 5.03 | 25.63 |
| E I C | - 26.77 | - 283.50 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,260.50 | $360.00 | $5.80 | $354.20 |


EASYPAY

omatic Data Processing, Inc.
920/        ▶ TEAR HERE

A36



IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

# Earnings Statement

Pay Period:  6/18/2007  to  6/24/2007
Pay Date:    6/29/2007
Check #:     24445

ISMAEL ANDRADE
460 W. IRVING PK RD
BENSENVILLE, IL 60106

Employee Number:        0780
Department Number:
Social Security Number:  XXX-XX-3766
Marital Status:          SINGLE
Number Of Allowances:    05
Rate:                    7.0000

## Hours and Earnings

| Description | Hours | This Period | | Year-To-Date |
|---|---|---|---|---|
| REGULAR | 7.00 | 49.00 | | 3260.50 |

## Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 3.75 - | 249.43 |
| IL ST | - | 25.63 |
| EIC | 10.00 - | 283.50 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,260.50 | $49.00 | $6.25 - | $55.25 |

©2001 Automatic Data Processing, Inc.

TEAR HERE

# EXHIBIT B

A36

# Earnings Statement

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Pay Period:  3/26/2007  to  4/01/2007
Pay Date:    4/06/2007
Check #:     23162

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

Employee Number:        0703
Department Number:
Social Security Number:  XXX-XX-9087
Marital Status:         MARRIED
Number Of Allowances:   07
Rate:                   9.0000

## Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGLAR | 40.00 | 360.00 | 4022.10 |
| O/TIME | | | 108.00 |

## Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 27.54 | 315.95 |
| IL ST | 2.72 | 30.87 |
| E I C | 31.52 - | 599.65 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $4,130.10 | $360.00 | $1.06 - | $361.06 |

©2001 Automatic Data Processing, Inc.

▲ TEAR HERE

A36



# Earnings Statement

IDEAL STAFFING SOLUTIONS INC
170 NORTH PINE LANE
BENSENVILLE, IL 60106

Pay Period:  3/26/2007  to  4/01/2007
Pay Date:    4/06/2007
Check #:     23163

Employee Number:          0703
Department Number:
Social Security Number:   XXX-XX-9087
Marital Status:           MARRIED
Number Of Allowances:     07
Rate:                     9.0000

BERNICE JACINTO
1066 IRVING PARK RD
BENSENVILLE, IL 60106

## Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REG/LR | 17.15 | 154.35 | 4022.10 |
| O/TIME | | | 108.00 |

## Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 11.81 | 315.95 |
| IL ST | | 30.87 |
| E I C | 31.49 - | 399.65 - |

| Gross Pay Year To Date |
|---|
| $4,130.10 |

| Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|
| $154.35 | $19.68- | $174.03 |

# EXHIBIT C



**EMPLOYEE** 51-0000444 - Andrade, I

**SOCIAL SEC. NO.** 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

**FILING STATUS** S - 5

**CHECK DATE** 09/07/2007

**PERIOD END** 09/02/2007

**CHECK NO.** 006246

| Earnings Type | Current Hours | Current Amount | YTD Hours | YTD Amount |
|---|---|---|---|---|
| Straight Time | 16.00 | 136.00 | 402.00 | 3,092.00 |
| Overtime | 0.00 | 0.00 | 7.50 | 84.38 |

| DEDUCTION | AMOUNT | YTD |
|---|---|---|
| Federal W/H | 0.00 | 6.21 |
| FICA | 8.43 | 196.54 |
| E.I.C. | 27.74 | 329.89 |
| Medicare | 1.97 | 46.05 |
| IL State W/H | 1.20 | 58.90 |

GROSS EARNINGS: 136.00
NET EARNINGS: 157.14

TOTAL DEDUCTIONS: 16.14

3,176.38

-21.79

MEMO: Verify name, address, social security #

**EMPLOYEE** 51-0000444 - Andrade, I

**SOCIAL SEC. NO.** 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

**PERIOD END** 09/02/2007

**CHECK NO.** 006246

| W.E. Date | Customer Name | Hrs Type | Hours | Pay Rate | Gross Pay |
|---|---|---|---|---|---|
| 9/2/2007 | Menzies Aviation | Straight Time | 16.00 | 8.50 | 136.00 |
| 9/2/2007 | Swissport Cargo 7018 | Straight Time | 8.00 | 7.50 | 60.00 |
| | | Straight Time | 40.00 | 7.50 | 300.00 |
| | | | 64.00 | | 496.00 |

# EXHIBIT D

| EMPLOYEE | SOCIAL SEC. NO. | FILING STATUS | CHECK DATE | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|
| 51-4000612  Hernandez, J | 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 | M - 1 | 11/02/2007 | 10/28/2007 | 007434 |

| Earnings Type | Current Hours | Current Amount | YTD Hours | YTD Amount |
|---|---|---|---|---|
| Straight Time | 5.00 | 51.00 | 801.00 | 6,478.75 |
| Overtime | 0.00 | 0.00 | 20.00 | 240.00 |

| DEDUCTION | AMOUNT | YTD |
|---|---|---|
| Federal W/H | 0.00 | 18.46 |
| FICA | 3.16 | 413.57 |
| Medicare | 0.74 | 97.40 |
| IL State W/H | 0.95 | 183.61 |

GROSS EARNINGS     51.00
NET EARNINGS     46.13
TOTAL DEDUCTIONS     4.83     884.00
6,718.75

MEMO   Verify name, address, social security #

| EMPLOYEE | SOCIAL SEC. NO. | PERIOD END | CHECK NO. |
|---|---|---|---|
| 51-4000612  Hernandez, J | 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 | 10/28/2007 | 007434 |

| W.E. Date | Customer Name | Hrs Type | Hours | Pay Rate | Gross Pay |
|---|---|---|---|---|---|
| 10/28/2007 | Menzies Aviation | Straight Time | 6.00 | 8.50 | 51.00 |
| 10/28/2007 | Swissport Cargo 7015 | Straight Time | 40.00 | 8.00 | 320.00 |
|  |  |  | 46.00 |  | 371.00 |

SOP History Transmittal Detail

View PDF

|  |  |
|---|---|
| **Transmittal #:** | 5956282 |
| **Entity:** | SWISSPORT CARGO SERVICES, INC. |
| **Entity Id:** | 2167725 |
| **Entity Served:** | SWISSPORT CARGO SERVICES, INC. |
| **Title of Action:** | MARCELINO ANDRADE v. IDEAL STAFFING SOLUTIONS, INC. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court:** | Cook Circuit Court |
| **Case #:** | 08 CH 25610 |
| **Jurisdiction Served In:** | Illinois |
| **Date Served:** | 08/06/2008 |
| **Answer or Appearance Due:** | 30 |
| **Originally Served Upon:** | CSC |
| **How Served:** | PERSONALSERVICE |
| **Plaintiff's Attorney/Sender:** | John E. Untereker |
| **Plaintiff's Attorney/Sender Phone:** | 312-795-9115 |
| **Enclosures:** | N/A |
| **Client Requested Information:** | N/A |
| **Transmittal Notes:** | N/A |
| **Acknowledged By:** | MCELRATJ |

**Original Sent To:**

| Document | Papers sent via | Tracking Number | Contact Attn | Company Name | Address |
|---|---|---|---|---|---|
| SOP Original Transmittal | EDELIVERY | | Jacqueline Mcelrath | Swissport North America, Inc. | 45025 Aviation Dr Suite 350 Dulles VA 20166 USA |

**Copies Provided To:**

| Document | Papers sent via | Tracking Number | Contact Attn | Company Name | Address |
|---|---|---|---|---|---|
| SOP Transmittal Copy And Cover Letter | | | Phyllis Brown | Swissport North America, Inc. | 45025 Aviation Dr Suite 350 Dulles VA 20166 USA |
| SOP Transmittal Copy And Cover Letter | | | Jacqueline | Swissport North America, Inc. | 45025 Aviation Dr Suite 350 Dulles VA 20166 USA |

**Docket History:**

| Document | Papers sent via | Tracking Number | Contact Attn | Date Served | Transmittal |
|---|---|---|---|---|---|

Close